DMB:DD:all

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,           :
                               :
            Plaintiff          :     No. 1:CV-00-2143
                               :
       v.                      :     (Judge Rambo)
                               :
JAKE MENDEZ, Warden, et al.,   :
                               :
            Defendants         :

FILED
HARRISBURG
FEB 2 6 2001

## BRIEF IN SUPPORT OF DEFENDANTS'
## MOTION TO STAY THE CASE

### I.  Introduction

Plaintiff, John Charles Kenney, is an inmate who is currently being housed at the Medical Center for Federal Prisoners in Springfield, Missouri.[1]  On November 10, 1999, a criminal indictment was filed against Kenney, charging him with A violation of 18 U.S.C. § 111(a)(1) (assault on Jesus Gonzalez, Unit Manager, a correctional employee), a violation of 18 U.S.C. § 111 (resisting Senior Correctional Officer James Scarborough, a

---

[1]At the time of the events alleged in his civil complaint, Kenney was housed at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP Allenwood").

correctional employee) and a violation of 18 U.S.C. § 1791(a)(2) (possession of a contraband weapon). These violations were alleged to have occurred on September 29, 1999. On December 12, 2000, Kenney filed a <u>Bivens</u> action alleging that he was assaulted by Unit Manager Jesus Gonzalez and Senior Corrections Officer James Scarborough on September 29, 1999, at USP Allenwood. As relief, Kenney seeks four million dollars for physical injuries from Unit Manager Jesus Gonzalez and Senior Corrections Officer James Scarborough and an additional four million dollars for emotional injuries from Unit Manager Jesus Gonzalez, Senior Corrections Officer James Scarborough and Case Manager Kelly M. Keiser.

The Defendants presently seek a protective order to stay this civil case pending completion of Kenney's criminal trial in <u>United States v. Kenney</u>, No. 4:CR-99-0280 (M.D. Pa.)(J. McClure). This brief is filed in support of Defendants' Motion to Stay the Case.

## II.   <u>Question Presented</u>

Should the Court issue a protective order to stay the civil case until the completion of Kenney's criminal trial?

Suggested answer in the affirmative.

### III.   **Argument**

A court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions "when the interests of justice seem to require such action, sometimes at the request of the prosecution, . . . sometimes at the request of the defense."   <u>United States v. Kordel</u>, 397 U.S. 1, 12 n.27 (1970) (citations omitted).

"The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned.  The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act."  Milton, Pollack, <u>Parallel Civil and Criminal Proceedings</u>, 129 F.R.D. 201, 203 (1989).

The events alleged in the criminal indictment against Kenney and the events alleged in Kenney's civil claim refer to the same event.  Specifically, both events occurred on September 29, 1999, at USP Allenwood.  The criminal indictment alleges that Kenney assaulted Unit Manager Gonzalez and Senior Corrections Officer Scarborough and that Kenney was in possession of a contraband weapon.  Kenney alleges in his civil complaint that he was assaulted by Unit Manager Gonzalez and Senior Corrections

Officer Scarborough.   In support of his civil complaint, Kenney

provided an Inmate Injury Assessment and Followup which is marked

"Defendant's copy, portion of discovery material/Dist. Ct. No.

4:99-CR-280."

If this case proceeds to discovery, the Defendants

would ask Kenney questions about all prior and pending cases,

including the above-referenced criminal case.   Indeed, it appears

likely that discovery would take place at approximately the same

time as the commencement of Kenney's criminal trial.   Kenney

obviously would not wish to be deposed about such matters prior

to the criminal trial; nor do the Defendants desire to interfere

with Kenney's criminal defense, nor appear to do so.   In

addition, the disposition of Kenney's criminal trial may impact

on his ability to pursue his claims in the instant case.

Accordingly, to permit Kenney to defend himself in the

pending criminal trial and to avoid any interference with that

defense, the civil case should be stayed pending completion of

the criminal trial.   Defendants request this Court to stay the

civil case and to not require Defendants to answer the complaint

until sixty days following the disposition of Kenney's criminal

case.

## IV.   Conclusion

For the aforestated reasons, the Defendants request this Court to stay the civil case and to not require the Defendants to answer the complaint until sixty days following the disposition of Kenney's criminal case.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

DULCE DONOVAN
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA  17703

Dated: February 26, 2001

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,          :
                              :    No. 1:CV-00-2143
              Plaintiff       :
                              :    (Judge Rambo)
         v.                   :
                              :
JAKE MENDEZ, Warden, <u>et al.</u>,  :
                              :
              Defendants      :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 26th day of February, 2001, she served a copy of the attached

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY THE CASE

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

John Charles Kenney
Reg. No. 05238-041
MCFP Springfield
P.O. Box 4000
1900 West Sunshine
Springfield, MO 65801-4000

ANITA L. LIGHTNER
Paralegal Specialist