**ORIGINAL**

20
3-30-01
sc

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CHARLES KENNEY, Plaintiff, | Civil No. 1:CV-00-2143 |
| v. | Mag. J Blewitt |
| | (Hon. Judge Rambo, presiding) |
| JAKE MENDEZ, Warden, et al., Defendants. | FILED HARRISBURG, PA  MAR 29 2001  MARY E. D'ANDREA, CLERK  Per ___ Deputy Clerk |

## BRIEF IN SUPPORT OF PRO SE PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANS' STAY MOTION

COMES NOW PLAINTIFF, John Charles Kenney, acting pro se in the above captioned civil case. Kenney hereby files the instant Pro Se-Motion in opposition to stay the case. On February 26, 2001, Defendants took it upon themselves to file a motion to stay the case. Defendants filed their stay-motion while Kenney [1] was temporarily undergoing a psychological evaluation, per a Court Order deriving from an "entierly" separate pending criminal case. Hon. Judge McClure, Jr., had issued Kenney's Court Ordered Psych Eval, dated 1/4/01, at case no. 4:CR-99-0380 (M.D.Pa.).

---

[1] Defendants had filed to stay the case while Kenney was temporarily out of the jurisdiction attending his psychological evaluation in another state. Kenney had received a copy of Defendants' stay-motion while he was at Springfield, Missouri.

<u>Plaintiff-Kenney's,
Opposition Pro se Brief
Page-Two
Monday, March 26, 2001</u>

Defendants had maliciously and sadistically beat Kenney, with the intent to cause Kenney great harm. The resulting physical injuries Kenney sustained were "numerous." Kenney still suffers emotional trauma deriving from this vicious attack upon him by Defendants. As a result, Kenney on 11/28/00, initiated a Civil Rights Complaint, pursuant to 42 USC 1983, 28 USC 1331, 1343, and 42 USCA 1997E(E), as amended. Kenney is suing each of the four defendants in their official and individual capacities. Kenney is seeking four-million in monetary damages for the physical injuries defendants inflicted, and an additional four-million for the ongoing emotional trauma. (See Page 3 of Initial Complaint) (complaint, dated 11/28/00 reflects the monetary sums sought). Kenney's complaint was docketed by this Court on 12/12/00. Each of the named defendants were served via summons accordingly. (See Doc. 2 n.1, dated 12/22/00). Kenney also on 12/22/00 has been granted leave to proceed in <u>In Forma Pauperis</u>.

Kenney has met his initial burden by making out a prima facia case against defendants. Kenney satisfies (the "Act"), as amended by proof of a qualifying injury. (See PLRA of Institutionalized Persons Act, 7(E), 42 U.S.C.A. 1997e(E)). Kenney attached to his original complaint an <u>Injury Assessment Sheet</u>, dated 9/29/99 (reflects Kenney's numerous physical injuries). Here Kenney passes through the gateway provisions of the Act, thereby raising several genuine issues for trial.

<u>Plaintiff-Kenney's
Opposition Pro Se Brief
Page-Three
Monday, March 26, 2001</u>

<u>Liberal Pleading Rule In Effect</u>

This motion in opposition is governed by the U.S. Supreme Court's dictate of <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). Here Kenney must be given a "measure of tolerance." <u>United States ex rel. Montgomery v. Brierley</u>, 414 F.2d 552, 555 (3rd Cir. 1969).

<u>DEFENDANTS' MOTION FOR A STAY SHOULD BE DENIED FOR THE FOLLOWING REASONS SET FORTH-BELOW</u>

Chronologically, Kenney lists ten-reason why the Defendants should be denied a stay:

1) A stay in the instant case will only cause substantial and unnecessary delay in the civil proceedings;

2) Defendants reliance on excuses for a stay is frivolous and trivial, deeming such excuses as insubstantial;

3) Defendants' excuses for a stay are solely based on conclusory allegations, thus are insupportable;

4) Defendants filing for a stay are no doubt utilizing forestall tactics in the proceedings;

5) Defendants failed to advise the Court that Kenney is to be transferred out of state at the conclusion

Plaintiff-Kenney's
Opposition Pro se Brief
Page - Four
Monday, March 26, 2000

of his criminal case before the Hon. Judge McClure, Jr., at case no. 4:CR-99-0280 (M.D.Pa.); Therefore, a stay would result in irreparable harm to Kenney, thereby, placing him at a "substantial disadvantage of trying participate in the proceedings from across country;

6) Kenney's pending criminal case has absolutely no bearing whatsoever on the civil case at bar. There is nothing precluding the civil case from commencing on;

7) Defendants' stay-motion is a strategic deviation with anticipation that Kenney be transferred out of the state of PA, after conclusion of his criminal case.

8) Defendants scandolous move for a stay, is only a forestall tactic in hope to accumalate evidence from Kenney's criminal trial to aid Defendants' civil case;

9) Thus, Kenney's criminal case has recently been continued, until May 2001;

10) Defendants' motion for a stay is arbitrary, capricious, and vexatious. Defendants only reliance is prevarication.

## CONCLUSION

After viewing the ten factors thoroughly, it can easily be inferred that defendants are trying to lead Kenney down a tortuous path, a path away

#4

<u>Plaintiff-Kenney's</u>
<u>Opposition Pro se Brief</u>
<u>Page-Five</u>
<u>Monday, March 26, 2001</u>

from the case. Therefore, based upon these facts contained herein. That Defendants Motion for a stay should be <u>denied</u> with prejudice, because a stay will only prejudice plaintiff.

Respectfully submitted + requested,

Kenney # 05238-041

Mr. John Charles Kenney, pro se
Register No. 05238-041
Allenwood USP
P.O. Box 3000
White Deer PA 17887-3000

Phone: (570) 547-0963, ext. 6630

Dated: 3/26/01

5