# COPY



(25)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,    Civil No. 1:CV-00-2143

Plaintiff,    Hon. Judge Rambo, (presiding)

FILED
SCRANTON
APR 30 2001

PER ____ [M]
DEPUTY CLERK

V.    Magistrate Judge Blewitt

JAKE MENDEZ, Warden, et al.,
Defendants.

---

## PRO SE MOTION FOR THE APPOINTMENT OF COUNSEL TO CONDUCT CIVIL PROCEEDINGS PURSUANT TO 28 USC 1915(e)(1)

---

COMES NOW PLAINTIFF, John Charles Kenney, acting pro se in the above captioned civil proceeding. Kenney on 11/28/00 had filed a Civil Rights Complaint under the appropriate U.S. Codes against four defendants. Kenney's formal complaint was docketed by this Court on 12/22/00. (See Exhibit A-3)(A-3 reflects docketing of complaint). In light of Kenney's plight the Court granted him leave to proceed in In Forma Pauperis (See also Exh. A-3)(A-3 reflects the GRANT of in forma pauperis).

## INTRODUCTION

This is an amended Pro Se Motion For The Appointment OF Counsel pursuant to the provisions of 28 U.S.C. 1915(e)(1). (See Original Complaint page-three at section V)(where Kenney had sought out counsel to represent him, also at L.3). Kenney has met his

Pro se Motion / Appointment Of Counsel
Page Two
Monday, April 23, 2001                    Introduction Cont'd

initial burden by proving that he has sustained "numerous"
physical injuries inflicted upon him by defendants. Here
Kenney satisfies this threshhold requirement pursuant to
the provisions of the amended section of Institutional-
ized Persons Act, 7(E), 42 U.S.C.A. 1997E(E)(hereinafter
the "Act"). (See Ex. A-2)(Injury Assessment Sheet, dated
9/29/99 reflects Kenney's numerous injuries). Kenney easily
soars through the gateway provisions of the Act hereby
proving physical injuries.  Therefore, Kenney makes out
a colorable Eighth Amendment claim against the de-
fendants. (See Ex. A-1)(cognizable injuries similar to
those defendants inflicted upon Kenney is sufficient
enough to survive an Eighth Amendment claim).  As a
result, Kenney hereby files the instant motion seeking
the appointment of counsel to represent him on his
"substantial" Constitutional claims, as he eloquently
presents them.


          LIBERAL PLEADING RULE IS INEFFECT
     The instant pro se motion seeking the appointment of
counsel is governed by the Honorable U.S. Supreme Court's
dictate of Haines v. Kerner, 404 U.S. 519, 520 (1972). In
following this directive, Kenney must be afforded "a
measure of tolerance," [in the construction of his
pro se pleadings] U.S. ex rel Montgomery v. Brierley,

Pro se Motion / Appointment Of Counsel

Page-Three

Monday, April 23, 2001

414 F.2d 552, 555 (3rd Cir. 1969). As a result, Kenney here respectfully seeks the Court's indulgence in liberally construing the instant pro se motion.

## JURISDICTION FOR ADJUDICATION

This Honorable Court inherently possesses undivested jurisdiction to entertain the instant motion pursuant to the provisions of 28 U.S.C. 1331, 1343, and 42 U.S.C. 1983, and 1997E(E), as amended.

## PLAINTIFF'S UNDERLYING FACTS THAT WARRANT THE APPOINTMENT OF COUNSEL

Chronologically, Kenney lists below factors for the Court's consideration in appointing him counsel to represent him in the instant civil case. Please peruse the following factors in their entirety.

1) Kenney has satisfied the Act's requirement by proving he has sustained "numerous" physical injuries inflicted upon him by the Defendants. (See Prison's Medical Assessment Sheet hereto attached as Exhibit A-2, dated 9/29/99 (A-2 reflects Kenney's "numerous" injuries). As a result, Kenney satisfies the amended section of 42 U.S.C. 1997E(E), as required. Due to Kenney's satiation, he presents a colorable Eighth Amendment claim against the defendants;

2) Based upon the Exhibits A-1 and A-2 in support of this motion. Kenney presents a "NON"-frivolous claim that warrants judicial resolution. Meaning, Kenney's claims have "substantial" merit in fact and law, deeming his claims as meritorious. Thus, warranting further review;

Pro se Motion / Appointment Of Counsel

Page - Four

Monday, April 23, 2001                    Chronology Of Factors Cont'd

3) Absent reason Defendants are keeping Kenney in Admini-strative Detention, i.e., isolation-segregation. As a result, Kenney does not have access to a typewriter, nor a photocopier. See Parham v. Johnson, 126 F.3d 454, 459 (3rd Cir. 1997). In fact, the scribe materials available to Kenney is wholly in-sufficient. (See Ex. A-4) (A-4 reflects inadequacy of scribe materials); see also, Smith v. Erickson, 884 F.2d 1108, 1109-11 (8th Cir. 1989), and Gentry v. Duckworth, 65 F.3d 555, 559 (7th Cir. 1995) (relevant caselaw describing adequacies of scribe materials results in constitutional violation). Obviously, Kenney's ability to present this case on his own is significantly impaired. Thus, placing him at a "substantial" disadvan-tage deeming it impossible to counter response. See, Tabron v. Grace, 6 F.3d 147, 158 (3rd Cir. 1993), citing Parham, 126 F.3d at 459;

4) By virtue of Kenney's Administrative - Segregative con-finement substantially limits his access to Law Books, and other legal materials necessary to file appropriate responses to defendants and the Court. Again, this limits Kenney's access to the Courts. Green v. McKaskle, 788 F.2d 1116, 1126 (5th Cir. 1986) (claim started when prisoner in admin. segregation allowed only 2 or 3 law books per day);

5)    EXCEPTIONAL CIRCUMSTANCES WARRANTS THE
            APPOINTMENT OF COUNSEL

Kenney is uniquely faced with "exceptional circumstances" where he has been criminally indicted. See USA v. Kenney, Case No. 4: CR - 99 - 0280 M.D. Pa. (J. McClure, Jr.). And the instant civil case arising out of the criminal case. Moreover, Defendants are keeping Kenney in isolation segre-gative confinement. Thus, this creates exceptional circum-stances, a necessary element in considering appointment of counsel. Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986);

Pro se Motion / Appointment Of Counsel

Page - Five
Monday, April 23, 2001         Concluding Chronology Of Factors

Parham, supra, 126 F.3d at 457;

6) Based upon Kenney's summary evidence coupled with the supporting exhibits. See Exhibits A-1, A-2, A-3, ~ A-4. That, Kenney states a prima facie case against defendants Thereby, presenting a non-frivolous claim. Another required factor that warrants "serious consideration for appointment of counsel." Rayes v Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Parham. Id. at 457 (citation omitted).

### CONCLUSION

Due these unique set of circumstances outlined in the body of factors relied upon. That, Kenney's meaningful access to the Court is a requisite detriment, resulting in actual injury. That failure to consider the appointment of counsel would prejudice Kenney. As a result, Kenney hereby urges this Honorable Court to "strongly" consider appointing him counsel.

WHEREFORE, based on the foregoing, that this Court is respectfully urged to issue an Order granting the Appointment Of Counsel to represent Plaintiff-Kenney in all aspects of this civil proceeding.

Dated: 4/23/01                    Respectfully submitted and requested,

                        Kenney

                    By: _____

                    Mr. John Charles Kenney, acting pro se
                    Register No. 05238-041

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,                    : Civil No. 1: CV-00-2143
            Plaintiff,
                                        : Hon Judge Rambo, (presiding)
        V.
                                        : Magistrate Judge Blewitt
JAKE MENDEZ, Warden, et al.,
            Defendants.

CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, plaintiff acting pro se hereby
certifies that on Thursday, April 26, 2001. I mailed a
true copy of a (5) five-page Pro se hand written Motion For
The Appointment OF Counsel, along with (4) four exhibits
in support of this motion. That this motion was filed pursuant
to the provisions 28 USC 1915, as amended. Copies of this
material was placed in a postpaid sealed envelope, addressed
to the Defendants' representative. Addressed below:

            Honorable Donovan
            U.S. Attorney's Office
            Federal Building, Suite 316
            240 West Third Street
            Williamsport PA 17701-6465

    Further, I certify that this material was handed to
prison officials for forwarding pursuant to the dictates
of Houston v. Lack, 487 U.S. 266, 270-76 (1988).

Dated: 4/26/01

                        Kenney #05238-041
                        _____
                        Mr. John Charles Kenney, prose