MCC:MCF:mel:2001V00126

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
        Plaintiff

v.

JAKE MENDEZ;
JESUS "JESSE" GONZALEZ;
JAMES "JIMMY" SCARBOROUGH; and
KELLY M. KEISER,
        Defendants

Civil No. 1:CV-00-2143
(Rambo, J.)
(Blewitt, M.J.)

FILED
WILLIAMSPORT, PA
AUG 2 4 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER CASE TO JUDGE McCLURE**

Defendants have filed a motion to transfer this case to the Honorable James F. McClure, Jr., who presided over a jury trial in a criminal case against plaintiff John Charles Kenney. Presently, through undersigned counsel, defendants file the instant brief in support of their motion.

I. **Introduction and Procedural History**

Kenney is an inmate at USP Allenwood. He initiated this action on December 12, 2000, under <u>Bivens</u>, alleging he was assaulted at USP Allenwood by Unit Manager Jesus Gonzalez and Correctional Officer James Scarborough on September 29, 1999. Kenney seeks monetary relief.

On November 10, 1999, a three-count criminal indictment was returned against Kenney in the case of <u>United States of America</u>

v. John C. Kenney, Crim. No. 4:CR-99-280 (M.D.Pa.). Kenney was charged with assaulting a correctional employee (in violation of 18 U.S.C. § 111(a)(1)), resisting a correctional employee (in violation of 18 U.S.C. § 111), and possession of a contraband weapon (in violation of 18 U.S.C. § 1791(a)(2)). The victim of Kenney's assault was Jesus Gonzalez; the correctional officer Kenney resisted was James Scarborough--two of the four Defendants named in the present civil action.

The criminal offenses by Kenney were alleged to have occurred on September 29, 1999, the same date Kenney alleges in this action that he was assaulted by Defendants Gonzalez and Scarborough. The criminal case is assigned to the Honorable James F. McClure, Jr. Jury selection was completed on May 1, 2001, and the trial was conducted from May 22, 2001 until its conclusion on June 4, 2001.

On June 4, 2001, a jury found Kenney guilty of the weapons charge, not guilty of resisting staff, and not guilty by reason of insanity of the assault charge. Kenney is presently pending sentencing on the weapons charge. Defendants notified the Court of the trial's conclusion on that date.

By Order dated April 13, 2001, a motion by Defendants to stay this case pending completion of Kenney's criminal trial was granted until further order of court. Defendants now seek to have the present civil action transferred to the judge who is

presiding over the criminal matter. This brief is filed in support of defendants' Motion to Transfer Case to Judge McClure.

## II. Question Presented

Should the captioned action be transferred to Judge McClure as a common nexus exists between the criminal case and the civil matter?

Suggested answer in the affirmative.

## III. Argument

It is undeniable that there is a common nexus between the criminal proceedings and this case. First, it is noted that the issues of both events occurred at USP Allenwood and on the same day, September 29, 1999. Second, although the facts appear to be in dispute, the events alleged in the criminal indictment against Kenney and the events alleged in Kenney's civil claim appear to refer to the same incident. The criminal indictment alleges that Kenney assaulted Unit Manager Gonzalez and resisted Senior Corrections Officer Scarborough and that Kenney was in possession of a contraband weapon. In contrast, Kenney's civil complaint alleges he was the victim and that Gonzalez and Scarborough were the assailants. Third, as Kenney has already demonstrated by an attachment to his complaint, both actions will rely on common witnesses and evidence.

Judges may reassign cases for almost any reason, provided that the assignment is not for an impermissible reason. <u>United</u>

3

States v. Gray, 876 F.2d 1411, 1415 (9th Cir. 1989)(citing Cruz v. Abbate, 812 F.2d 571, 574 (9th Cir. 1987). In this case, there is good reason. Not only is there a common nexus between the two cases but judicial economy would also be best served if the case were reassigned to Judge McClure as it is likely that, in defending against the allegations of Kenney's civil action, defendants will rely upon the evidence and testimony presented during the criminal trial.

### IV. Conclusion

For the aforestated reasons, defendants request that this case be reassigned to the Honorable James F. McClure, Jr.

> Respectfully submitted,
>
> MARTIN C. CARLSON
> United States Attorney
>
> *[signature: Mary Catherine Frye]*
>
> MARY CATHERINE FRYE
> Assistant U.S. Attorney
> MICHELE E. LINCALIS
> Paralegal Specialist
> 316 Federal Building
> 240 West Third Street
> Williamsport, PA  17703

Date: August 24, 2001

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
      Plaintiff

      v.                            Civil No.  1:CV-00-2143
                                   (Rambo, J.)
JAKE MENDEZ;                    (Blewitt, M.J.)
JESUS "JESSE" GONZALEZ;
JAMES "JIMMY" SCARBOROUGH; and
KELLY M. KEISER,
      Defendants

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

    That this 24th day of August, 2001, she served a copy of the attached

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER CASE TO JUDGE McCLURE

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

ADDRESSEE:

John Charles Kenney
Reg. No. 05238-041
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

*Michele E Lincalis*
MICHELE E. LINCALIS
Paralegal Specialist