UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,  : Civil No. 1:CV-00-2143
          Plaintiff,  : (Honorable Judge Rambo)
                      : (Magistrate Blewitt)
       v.             :
                      :
JAKE MENDEZ, Warden, et al.,  :
          Defendants.  :

FILED
WILLIAMSPORT, PA
AUG 31 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

BRIEF IN SUPPORT OF PRO SE PLAINTIFF'S OPPO-
SITION MOTION FROM TRANSFERRING CASE TO
TO THE HONORABLE JUDGE McCLURE JR

Pro se Plaintiff, John Charles Kenney, in the above captioned civil case on Monday, August 27, 2001 had received documentation, i.e., Motions from Defendants, dated 8/24/01. The Motions indicate that Defendants above move for a change of venue, whereby they seek to transfer this case from Hon. Judge Rambo (Harrisburg, PA) to the Hon. Judge McClure, Jr. (Williamsport, PA). For the pertinent reasons below, Kenney opposes this venue/transfer case change.

### BRIEF INTRODUCTION

Upon September 29, 1999, Defendants had "violently" beat Kenney, where they repeatedly struck him with large "sharp" metal keys, which caused him "NU-MEROUS" injuries to his head and facial areas.

"As a result, Kenney initiated a civil rights complaint on December 12, 2000, under appropriate U.S. Civil Codes of 42 U.S.C. 1983, and 28 U.S.C. 1331. A <u>Bivens</u> suit. Where, Hon. Judge Rambo had invoked her jurisdiction.

Peculiarly, on Nov. 10, 1999, Kenney was criminally indicted in <u>USA v. John C. Kenney</u>, No. 4:-CA-99-280 (Hon. Judge McClure, Jr., presided). Out of a three count indictment, a jury on 6/4/01, had found Kenney guilty of possessing a disposable razor blade, which is considered to be contraband in a Federal penal institution. "Wow!" On counts 1 and 2, Kenney was found not guilty. On a more serious note, according to Court documents in Kenney's possession, he is scheduled for sentencing on 9/11/01, before the Honorable Senior District Court Judge McClure, Jr. Kenney files this brief in support of not transferring his civil case, respectfully.

## QUESTIONS PRESENTED

1) Should the captioned civil action be transferred to the "[s]ame" criminal court, whose about to impose sentencing upon Plaintiff-Kenney?;
2) Should Defendants be allowed to file their change of venue motion without seeking Kenney's consent?

Suggested answers: <u>absolutely not</u>.

2

## THE ARGUMENTS

For the sake of these arguments, Kenney relies on the plain language of statutory interpretation of <u>Fed. R. Civil P.</u> 28 U.S.C. 1404(b), governing this particular argument, providing in pertinent part that:

> Upon motion, consent or stipulation of "ALL" parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district...

28 U.S.C. 1404(b)(emphasis added).

Defendants "emphatically" failed to obtain Kenney's consent, which is a requirement. Therefore, Kenney's opposition-motion should be granted, simply because, he <u>did not</u> consent to have his civil case transferred from the Aambo Court. This would be unfair, because "a substantial part of the events giving rise to the claim occurred." See 28 U.S.C. 1391(b).

The two outer circuit authorities relied on by Defendants in their (Br., at p. 4) is inapposite, as it is non-controlling precedent in this Circuit. In addition, judicial economy would not be served here, because Harrisburg on (route 15) is only 90-miles down the road. Therefore, convenience is neither an issue. Williamsburg Court is about to penalize Kenney on September 11, 2001, deriving from his crim-case. As a result, Kenney genuinely feels this creates a conflict, for his civil case to go before the "SAME" Court, whose about to impose sentencing

3

## CONCLUSION

Juristically, it would be inappropriate to "switch" Courts in the middle of pending civil litigation already underway, or ongoing. The argument relied upon by Defendants are of red herring. For the reasons contained herein, the Plaintiff request that this civil case remain within the Harrisburg Court, where its already before the Honorable Judge Rambo, whose presiding over it. Based upon the aforementioned facts, Kenney wishes for his civil case, not to be transferred, and wishes for this Honorable Court to consider the same.

Respectfully submitted and requested,

*Kenney #05238-041*

Mr. John Charles Kenney, pro se
Register No. 05238-041
Allenwood USP
Post Office Box 3000
White Deer PA 17887-3000

Ph. (570) 547-0963, ext. 6630 isolation.

Dated: 8/29/01

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
Plaintiff,

v.

JAKE MENDEZ, Warden et al.,
Defendants.

Civil No. 1:CV-00-2143
(Honorable Judge Rambo)
(Magistrate Blewitt)

## CERTIFICATE OF SERVICE/PRO SE

I, John Charles Kenney, plaintiff, acting _pro se_ hereby certify that on Wednesday, August 29, 2001, I forwarded a true carbon-copy of a Brief in support of an "Opposition-Motion" from transferring my civil case. By placing said contents in a postpaid first class, addressed envelope mailed to the parties below:

Honorable Judge McClure, Jr.
Senior District Court Judge
U.S. District Courthouse
240 West Third Street, Ste. 218
Williamsport PA 17701-6460

The Honorable Frye
U.S. Attorney's Office
Federal Building Ste 316
240 West Third Street
Williamsport PA 17701-6465

Honorable Judge Rambo
U.S. District Court Judge
Federal Building
228 Walnut Street
P.O. Box 983
Harrisburg PA 17108-0983

Kenney #05238-041
Mr. John Charles Kenney