IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY, Civil No. 1:CV-00-2143
Plaintiff,
(Hon. Judge McClure, Jr.)
v.
(Magistrate Blewitt)
JAKE MENDEZ, Warden, et al.,
Defendants.

September 17, 2001

AMENDMENT RENEWAL SUPPORTING BRIEF FOR THE APPOINTMENT OF COUNSEL PURSUANT TO 28 USC 1915(E)(1)

Plaintiff - John Charles Kenney, pro se amends his previous Brief In Support of his Motion For The Appointment Of Counsel. In this renewed brief, Kenney adds the following:

1) Kenney's crim. trial concluded on June 4, 2001;

2) Kenney is currently awaiting sentencing on 10/26/01;

3) Kenney is currently on psychotropic medication. HYDROXYZINE 50 mg. This medication produces a soporific affect upon Kenney;

4) Defendants on 9/7/01 by ORDER, answered Kenney's Civil Rights Complaint. Kenney "strenuously" attempted to prepare a counter response, but was rudely interrupted, when Defendants intentionally withheld photocopies from him. (See Attachment Two)(dated 9/11/ and 13, 2001 reflecting);

5) Kenney does not have the financial ability, scribe materials, nor analytical ability to keep up with this case, especially where Defendants are engaging in a systematical pattern of dilatory and divagated tactics against him.

Absent Counsel, it would be intrinsically beyond Kenney's pro se ability to argue and/or present this case fairly. Coupled with the other factors in previous br. That Kenney hereby seeks the appointment of counsel. Kenney

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
Defendants.

Civil No. 1:CV-00-2143

Hon. Judge Rambo, (presiding)

Magistrate Judge Blewitt

## PRO SE MOTION FOR THE APPOINTMENT OF COUNSEL TO CONDUCT CIVIL PROCEEDINGS PURSUANT TO 28 USC 1915(e)(1)

COMES NOW PLAINTIFF, John Charles Kenney, acting pro se in the above captioned civil proceeding. Kenney on 11/28/00 had filed a Civil Rights Complaint under the appropriate U.S. Codes against four defendants. Kenney's formal complaint was docketed by this Court on 12/22/00. (See Exhibit A-3) (A-3 reflects docketing of complaint). In light of Kenney's plight the Court granted him leave to proceed in In Forma Pauperis (See also Exh. A-3) (A-3 reflects the GRANT of in forma pauperis).

### INTRODUCTION

This is an amended Pro Se Motion For The Appointment Of Counsel pursuant to the provisions of 28 U.S.C. 1915(e)(1). (See Original Complaint page-three at section V) (where Kenney had sought out counsel to represent him, also at L.3). Kenney has met his

<u>Pro se Motion / Appointment Of Counsel</u>
<u>Page-Two</u>
<u>Monday, April 23, 2001</u>                    <u>Introduction Cont'd</u>

initial burden by proving that he has sustained "numerous" physical injuries inflicted upon him by defendants. Here Kenney satisfies this threshhold requirement pursuant to the provisions of the amended section of Institutionalized Persons Act, 7(e), 42 U.S.C.A. 1997e(e)(hereinafter the "Act"). (See Ex. A-2)(Injury Assessment Sheet, dated 9/29/99 reflects Kenney's numerous injuries). Kenney easily soars through the gateway provisions of the Act hereby proving physical injuries. Therefore, Kenney makes out a colorable <u>Eighth Amendment</u> claim against the defendants. (See Ex. A-1)(cognizable injuries similar to those defendants inflicted upon Kenney is sufficient enough to survive an Eighth Amendment claim). As a result, Kenney hereby files the instant motion seeking the appointment of counsel to represent him on his "substantial" Constitutional claims, as he eloquently presents them.

<u>LIBERAL PLEADING RULE IS INEFFECT</u>

The instant <u>pro se</u> motion seeking the appointment of counsel is governed by the Honorable U.S. Supreme Court's dictate of <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). In following this directive, Kenney must be afforded "a measure of tolerance," [in the construction of his <u>pro se</u> pleadings] <u>U.S. ex rel. Montgomery v. Brierley</u>,

- 2 -

<u>Pro se Motion/Appointment Of Counsel</u>
<u>Page-Three</u>
<u>Monday, April 23, 2001</u>

414 F.2d 552, 555 (3rd Cir. 1969). As a result, Kenney here respectfully seeks the Court's indulgence in liberally construing the instant <u>pro se</u> motion.

JURISDICTION FOR ADJUDICATION

This Honorable Court inherently possesses undivested jurisdiction to entertain the instant motion pursuant to the provisions of 28 U.S.C. 1331, 1343, and 42 U.S.C. 1983, and 1997E(E), as amended.

PLAINTIFF'S UNDERLYING FACTS THAT WARRANT
THE APPOINTMENT OF COUNSEL

Chronologically, Kenney lists below factors for the Court's consideration in appointing him counsel to represent him in the instant civil case. Please peruse the following factors in their entirety.

1) Kenney has satisfied the Act's requirement by proving he has sustained "numerous" physical injuries inflicted upon him by the Defendants. (See Prison's Medical Assessment Sheet hereto attached as Exhibit A-2, dated 9/29/99 (A-2 reflects Kenney's "numerous" injuries). As a result, Kenney satisfies the amended section of 42 U.S.C. 1997E(E), as required. Due to Kenney's satiation, he presents a colorable <u>Eighth Amendment</u> claim against the defendants;

2) Based upon the Exhibits A-1 and A-2 in support of this motion, Kenney presents a "NON"-frivolous claim that warrants judicial resolution. Meaning, Kenney's claims have "substantial" merit in fact and law, deeming his claims as meritorious. Thus, warranting further review;

- 3 -

*Pro se Motion/Appointment Of Counsel*
*Page - Four*
*Monday, April 23, 2001*          *Chronology Of Factors Cont'd*

3) Absent reason Defendants are keeping Kenney in Administrative Detention, i.e., isolation-segregation. As a result, Kenney does not have access to a typewriter, nor a photocopier. See <u>Parham v. Johnson</u>, 126 F.3d 454, 459 (3rd Cir. 1997). In fact, the scribe materials available to Kenney is wholly insufficient. (See Ex. A-4)(A-4 reflects inadequacy of scribe materials); see also, <u>Smith v. Erickson</u>, 884 F.2d 1108, 1109-11 (8th Cir. 1989), and <u>Gentry v. Duckworth</u>, 65 F.3d 555, 559 (7th Cir. 1995)(relevant caselaw describing adequacies of scribe materials results in constitutional violation). Obviously, Kenney's ability to present this case on his own is significantly impaired. Thus, placing him at a "substantial" disadvantage deeming it impossible to counter response. See, <u>Tabron v. Grace</u>, 6 F.3d 147, 158 (3rd Cir. 1993), citing <u>Parham</u>, 126 F.3d at 459;

4) By virtue of Kenney's Administrative-Segregative confinement substantially limits his access to Law Books, and other legal materials necessary to file appropriate responses to defendants and the Court. Again, this limits Kenney's access to the Courts. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1126 (5th Cir. 1986)(claim stated when prisoner in admin. segregation allowed only 2 or 3 law books per day);

5) <u>EXCEPTIONAL CIRCUMSTANCES WARRANTS THE APPOINTMENT OF COUNSEL</u>

Kenney is uniquely faced with "exceptional circumstances," where he has been criminally indicted. See <u>USA v. Kenney</u>, Case No. 4:CR-99-0280 M.D.Pa.(J. McClure, Jr.). And the instant civil case arising out of the criminal case. Moreover, Defendants are keeping Kenney in isolation segregative confinement. Thus, this creates exceptional circumstances, a necessary element in considering appointment of counsel. <u>Cookish v. Cunningham</u>, 787 F.2d 1, 2 (1st Cir. 1986);

- 4 -

Pro se Motion/Appointment Of Counsel
Page-Five
Monday, April 23, 2001        Concluding Chronology Of Factors

Parham, supra, 126 F.3d at 457;

6) Based upon Kenney's summary evidence coupled with the supporting exhibits. See Exhibits A-1, A-2, A-3, & A-4. That, Kenney states a prima facie case against defendants. Thereby, presenting a non-frivolous claim. Another required factor that warrants "serious consideration for appointment of counsel." Rayes v Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Parham. Id. at 457 (citation omitted).

## CONCLUSION

Due these unique set of circumstances outlined in the body of factors relied upon. That, Kenney's meaningful access to the Court is a requisite detriment, resulting in actual injury. That failure to consider the appointment of counsel would prejudice Kenney. As a result, Kenney hereby urges this Honorable Court to "strongly" consider appointing him counsel.

WHEREFORE, based on the foregoing, that this Court is respectfully urged to issue an Order granting the Appointment Of Counsel to represent Plaintiff-Kenney in all aspects of this civil proceeding.

Dated: 4/23/01

Respectfully submitted and requested,

By: _____Kenney_____
Mr. John Charles Kenney, acting pro se
Register No. 05238-041

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
Defendants.

: Civil No. 1:CV-00-2143
: Hon. Judge Rambo, (presiding)
: Magistrate Judge Blewitt

## CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, plaintiff acting pro se hereby certifies that on Thursday, April 26, 2001. I mailed a true copy of a (5) five-page Pro se handwritten Motion for The Appointment Of Counsel, along with (4) four exhibits in support of this motion. That this motion was filed pursuant to the provisions 28 USC 1915, as amended. Copies of this material was placed in a postpaid sealed envelope, addressed to the Defendants' representative. Addressed below:

Honorable Donovan
U.S. Attorney's Office
Federal Building, Suite 316
240 West Third Street
Williamsport PA 17701-6465

Further, I certify that this material was handed to prison officials for forwarding pursuant to the dictate of Houston v. Lack, 487 U.S. 266, 270-76 (1988).

Dated: 4/26/01

Kenney #05238-041
Mr. John Charles Kenney, pro se

Allenwood USP's SHU

Original
Received 9/17/01

## "Cop Out" Request

Tuesday, September 11, 2001

Dear, Education Department:

RE: Inmate's Request For Photocopies / Legal

I'm requesting (4) four-copies of each page enclosed, please.

### ENCLOSURES

13 - Documents.

FILED
WILLIAMSPORT, PA
SEP 2 4 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

### Copies Requested

I'm requesting (4) four-copies of "each" page, please. Please do not staple copies.

Respectfully requested,

Kenney #05238-041

Administrative Detention 120

My Current Cell Location:

# A/D/20

"Thank you!"



U.S. Department of Justice

Federal Bureau of Prisons

*Northeast Regional Office*

---

*U.S. Custom House*
*2nd & Chestnut Streets - 7th Floor*
*Philadelphia, PA. 19106*

March 15, 2001

FILED
WILLIAMSPORT, PA

SEP 2 4 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

John Kenney
Reg. No. 05238-041
USMCFP Springfield
P. O. Box 4000
Springfield, MO 65801-4000

Re: Your Administrative Tort Claims Dated September 29, 1999
    Claim Nos. TRT-NER-2000-02866(Duplicate) and
               TRT-NER-2000-02788(Duplicate)

Dear Mr. Kenney:

This is to acknowledge receipt on September 21 and 27, 2000, respectively, of your administrative tort claims. It was determined that the above submissions are duplicates of Claim No. TRT-NER-2001-02891 in which compensation was sought for alleged personal injury suffered at the USP Allenwood on or about September 29, 1999.

On March 2, 2001, your Claim No. TRT-NER-2001-02891 was denied and you were notified you had six months to bring action against the United States if you were dissatisfied with the agency's decision.

Sincerely,

D. Rostyk

Henry J. Sadowski
Regional Counsel

cc: Warden Mendez, USP Allenwood

Allenwood USP
P.O. Box 3000
White Deer PA 17887-3000



(Original)

Monday, November 20, 2000

Dear, Mrs. Kathleen M. Hawk-Sawyer: ("The Central Director")
RE: Inmate Seeking Central Director's Assistance
In re: Inmate's BP-11 National Appeal

I'm sorry to burden you with this request, but I require your assistance in the following matter regarding a BP-11 that I recently filed to General Counsel on 11/7/00, dated 11/6/00. Due to some difficulties I'm experiencing here at Allenwood USP, I had filed Inmate grievances a BP-8, BP-9, BP-10, and a BP-11 pursuant to the provisions of 28 CFR SECTIONS 542.14(a), 542.15(a), and 542.18. I was dissatisfied with the responses on the BP-8, BP-9, and BP-10. As a result, I sought further review by filing a BP-11 for finality by appealing to General Counsel on 11/7/00. However, I never received a receipt acknowledging that my appeal was received, nor a response. On 11/14/00, I forwarded a written inquiry to Ms. Wendy J. Roal (Washington BOP's Office) of Inmate National Appeals. Again, I have not received any responses on my BP-11. As a result, I please seek your assistance in hope of an appropriate BP-11 response. Thank you in advance for any assistance that you may provide me in this matter.

I declare under penalty of perjury, pursuant to 28 USC 1746 that the above is true and correct to the best of my knowledge, and that this letter was mailed by certification/registered mail no. 7000 0600 0027 1122 0183 and placed in a prepaid addressed envelope on 11/20/00.

Respectfully requested,

Kenney # 05238-041

A112

**UNITED STATES GOVERNMENT**
**MEMORANDUM**
**FEDERAL BUREAU OF PRISONS**
320 First St. NW
Washington, DC 20534

DATE: December 5, 2000

REPLY TO
ATTN OF: Administrative Remedy Coordinator
National Inmate Appeals, Central Office

SUBJECT: Administrative Remedy Appeal: 224261 - A1

TO: John Kenney
05238-041
USP Allenwood
White Deer, PA  17887-3000

USP ALLENWOOD
DEC 1 2 2000
WARDEN'S OFFICE

___1.  Your appeal was answered on _____. If you have not received your copy by now, you may ask the institution Administrative Remedy Coordinator to provide you with a copy from the Warden's Administrative Remedy File.

___2.  Your appeal was filed on _____, and a response is pending. If more than 40 days have elapsed since the filing date, you are entitled to consider your appeal denied. However, some cases cannot be decided within this time period. In that event, the time for response may be extended for an additional 20 days. Staff will provide you with a computer-generated notice of extension to inform you of the extension. You will receive a written response to your appeal.

___3.  Our records indicate that the appeal you reference has not been filed with this office.

___4.  You have not provided sufficient information for us to respond to your inquiry. If your inquiry concerns an administrative remedy, please provide the case number, the date filed in this office or date mailed by you, your name and register number, and the subject of your administrative remedy. If you cannot provide all of this information, please provide as much as possible.

___5.  A review of your inquiry reveals it contains issues you should first bring to the attention of institution staff. If you are unable to resolve the issue(s) informally, you may present your complaint to the Warden via the Administrative Remedy Procedure. This procedure is available to inmates confined in federal facilities to complain about any aspect of their confinement.

___6.  Extensions are granted only if an inmate's submission is untimely by no fault of his own. Requests for extensions are only considered when submitted with the complete appeal packet.

___7.  Central Office Administrative Remedy Appeal responses are the final agency position. If you are dissatisfied with the response, you may pursue any legal recourse you deem appropriate.

___8.  We can only address issues within the jurisdiction of the Federal Bureau of Prisons. Your issue is one of _____ jurisdiction.

_X_9.  Your appeal was rejected and returned to you on 11-14-00.

___10. Other:

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 14, 2000

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : JOHN CHARLES KENNEY, 05238-041
      ALLENWOOD USP    UNT: I    QTR: Z01-111LAD
      P.O. BOX 3500
      WHITE DEER, PA 17887

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

```
REMEDY ID       : 224261-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : NOVEMBER 13, 2000
SUBJECT 1       : ASSAULT BY STAFF
SUBJECT 2       :
INCIDENT RPT NO :
```

REJECT REASON 1: YOUR APPEAL IS UNTIMELY. REGIONAL APPEALS
                (BP-10) MUST BE RECEIVED WITHIN 20 DAYS OF THE
                WARDEN'S AND CCM'S RESPONSE OR RECEIPT OF THE
                DHO'S DECISION. THIS TIME INCLUDES MAIL TIME.

REMARKS        : CONCUR WITH RATIONALE FOR REJECTING THIS APPEAL.