

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY, : Civil No. 1:CV-00-2143
Plaintiff, : Hon. Judge McClure, Jr.
: (Presiding)
v. :
:
JAKE MENDEZ, Warden, et al., : Magistrate Blewitt
Defendants. :

## BRIEF IN SUPPORT OF PRO SE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO FRCP RULE 65

COMES NOW PLAINTIFF, John Charles Kenney, acting pro se in the above captioned civil case. Kenney on Thursday, October 18, 2001, had filed a "Preliminary Injunction Motion" under the above Civil RULE 65. In accordance with Local Rule 7.5., and Civ. Rule 65(a)(4) requires Kenney to file this pro se brief, along with pertinent documents all supporting the Brief and Motion. As a result, Kenney files the instant brief in support of his preliminary-injunction-motion.

## INTRODUCTION AND PROCEDURAL HISTORY

While Kenney was a prisoner at Allenwood USP on Wednesday, September 29, 1999, Defendants without provocation "violently" beat Kenney by repeatedly, and gratuitously striking him about his head and facial areas, causing "numerous" physical and

emotional injuries to Kenney. (See Attachments One and Two)(reflecting defendants infliction of physical and emotional injuries upon Kenney). As a result on December 12, 2000, Kenney instituted a Civil Rights Action under <u>Bivens</u> against four defendants, whom were all served accordingly on 12/22/00. (See Dk) (docket item #1).

Although, Defendants committed this "aggravated" assault on Kenney, peculiarly Kenney was criminally indicted on 11/10/99. <u>USA v. Kenney</u>, No. 4:CR-99-260 (M.D. Pa.). Out of a three-count indictment, Kenney on ct. 3 was found guilty by a jury on June 4, 2001, for possessing a disposable razor blade, which is considered contraband in a Federal penal system. Kenney is currently pending sentencing on November 20, 2001.

Since, Wednesday, September 29, 1999, Kenney has "involuntarily" been placed and held in isolation-segregation by himself till the present date. On October 13, 2000, Mr. Jesus "Jesse" Gonzales, the aggressor of Kenney, whom is also one of the named defendants has transferred to another facility located in the state of California. Shortly afterwards, another named Defendant, James "Jimmy" Scarborough quit his employment with Allenwood and is currently employed at an "entirely" different location. Another named Defendant, Ms. Kelly M. Keiser is still currently employed at Allenwood USP. Although, Keiser did not actively participate in assaulting Kenney, she was present. Keiser is being sued for not protecting

Kenney, when Gonzales and Scarborough "violently" beat him.

### LIBERAL PLEADING RULE IS IN EFFECT

The present Rule 65 Motion, where Kenney is seeking injunctive relief is governed by relevant precedent and a U.S. Supreme Court directive, where Kenney "must be [given] afforded a measure of tolerance" [in the construction of his pro se pleadings]. U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3rd Cir. 1969). In the case of a pro se litigant, the [motion] will be held to a less stringent standard than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Fed. R. Civ. P. Rule 8(a)(2).

### NECESSITY OF A RULE 65 PRELIMINARY INJUNCTION PRO SE MOTION

It is imperative that injunctive relief be granted, because for the past (25) twenty-five months Kenney has been involuntarily held in isolation-segregation, since Wednesday, September 29, 1999, which is an awful long time. Despite Kenney's recent acquittals of counts 1 and 2 on June 4, 2001, regarding internal and external allegations of 9/29/99 Kenney is still being kept in an isolation-segregation "SHU" cell. Moreover, and more importantly, Kenney "suffers" some cognitive impairments, but none of which that would preclude him from entering a general [prison] population. (See Attachment-Three)(reflecting, dated 2/1/00). Surprisingly, Kenney has virtually maintained an exemplary record of good behavior for him to maintain such, coupled with

his cognitive impairments as recently diagnosed by this Court's expert, Board Certified Psychologist, Dr. S.A. Ragusea on December 5, 2000 is "extraordinary". Because, Kenney has an "extensive" mental health history past and current. Kenney is currently on a psychotropic prescription medication of "HYDROXYZINE" 50 mg. tablets. This medication was prescribed to Kenney by BOP's Psychiatrist, Dr. Grant on April 27, 2001, and renewed on August 8, 2001, expires. Below Kenney presents relevant caselaw that forbids him from being involuntarily held in an isolation-segregation SHU cell.

### PLAINTIFF'S PERSUASIVE SHOWING IN REMAINING FREE FROM AN ISOLATION SEGREGATION SHU CELL AUTHORITIES IN SUPPORT

It is already established in <u>USA v. John C. Kenney</u>, Case No. 4:CR-99-0250. That, Kenney has legitimate psychological/psychiatric problems past and current, however, these problems do not preclude Kenney from being released into an "open" general prison population. Contrarily, Kenney's psych-problems do prohibit him from being in an isolation-segregation SHU cell and/or setting. Kenney's attendance in public at trial for (9) consecutive-days, where he exhibit decorum, coupled with (25) twenty-five months of good or accepted behavior "clearly" represents that Kenney is not a disciplinary, nor management problem. Therefore, keeping Kenney in an isolation-segregation SHU-cell is unjustifiable and illegal. As a result, such confinement is causing Kenney "severe" emotional and psychological difficulties, where it is seemingly becoming unbearable and intolerable for him to mentally sustain.

4

## KENNEY'S PERSUASIVE SHOWING AND SUPPORTING AUTHORITIES CONT'D

Out of "desperation" Kenney on June 20, 2001, had requested the Warden of Allenwood USP to release him out of SHU-ISOLATION. (See Attachment-Four). The Warden "emphatically" denied Kenney's request. Wholly distraught by the Warden's denial, Kenney turned to the Psychologists. (See Attachment-Two) Both named psychologists repeatedly tell Kenney, "there's nothing we can do for you." Alternatively, Kenney's only recourse is to seek injunctive-relief pursuant to Rule 65.

### SUPPORTING-AUTHORITIES

Kenney is experiencing "severe" emotional problems from being in an isolation-segregation-SHU-cell. Therefore, such confinement is detrimental to to his mental health and well-being. "While the prison administration may punish, it may not do so in a manner that threatens the physical and MENTAL HEALTH of prisoners." Madrid v. Gomez, 889 F. Supp. 1146, 1260 (N.D. Cal. 1995)(quoting Young v. Quinlan, 960 F.2d 351, 364 (3rd Cir. 1992)(Hon. Justice Nygaard). Keeping Kenney in isolation also raises "serious" Due Process concerns. Franco v. Moreland, 805 F.2d 798, 799 (8th Cir. 1986). "The duration and conditions of segregated confinement cannot be ignored in deciding whether such confinement meets constitutional standards." Young, supra, 960 F.2d at 364. Perspicuously, "[I]nmates [like Kenney] suffering from mental illness should not be put in the SHU." Madrid, Id. at 1267. Here Defendants are "exposing [Kenney] to unreasonable

5

Page-Six

## CONCLUSION OF SUPPORTING AUTHORITIES

risk of serious damage to future health." <u>Helling v. McKinney</u>, 509 U.S. 25, 34-35 (1993), because of "the unnecessary and wanton infliction of pain." <u>Young, supra</u>, 960 F.2d 360 n. 22.

## SOUGHT OF INJUNCTIVE RELIEF

Kenney request the following injunctive relief:

1) For the Court to ORDER Warden-Mendez to re-release Kenney to general population at Allenwood;

2) Or transfer Kenney to USP-Lewisburg, along with an ORDER that Kenney be released into general population. Note Lewisburg is within the jurisdiction.;

3) ORDER the U.S. Marshal at its discretion to either transfer Kenney to USP-Lewisburg, or nearby facility into an open general [prison] population.

Shall the Court decide to grant any of the above whole, or in part. That it will not affect this Court's prior ORDER of April 13, 2001, where Kenney is to remain in this jurisdiction.

## CONCLUSION

Failure to grant an injunction will result in Kenney suffering "great" [mental] injury. Therefore, "[i]t would be odd to deny an injunction to inmates who plainly proved an safe, life-threatening condition in their prison on the ground that nothing yet had happened to them." <u>Helling</u>, 509 U.S. at 33.

WHEREFORE, based upon the aforesaid facts Kenney respectfully seeks injunctive relief from this Honorable Court.

Dated: 10/21/01

Respectfully submitted—requested,

Kenney #05238-041

Mr. John Charles Kenney, pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,  : Case No. 1:CV-00-2143
           Plaintiff,                : Hon. Judge McClure, Jr.
    v.                               :        (Presiding)
JAKE MENDEZ, Warden, et al.,  : Magistrate Blewitt
           Defendants.          :

### CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, plaintiff, acting pro se hereby certify that on Sunday, October 21, 2001, I forwarded a true carbon-copy of a (6) six-page hand written "PRELIMINARY INJUNCTION MOTION"/Brief In support, along with (4) four pertinent documents pursuant to F.R.C.P. Rule 65(a)(1), and (f). By placing said contents in a postpaid first class, preaddressed envelope by mailing it to Defendants' Representative below:

> The Honorable Terz
> U.S. Attorney's Office
> Federal Building, Ste. 316
> 240 West Third Street
> Williamsport PA 17701-6465

Further, I certify that this certificate is compliant with Local Rule 7.2. governing certificates of service.

_Kenney #05238-041_
Mr. John Charles Kenney, pro se
Registration No. 05238-041

# ATTACHMENT ONE

DEC-2-99 THU 3:12 PM    SIS OFFICE USP ALLENWOOD    FAX NO. 5705471950    P. 2

*Attachment-One*

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

INMATE INJURY ASSESSMENT AND FOLLOWUP
(Medical)

| 1. Institution | 2. Name of Injured | 3. Register Number |
|---|---|---|
| ALP | Kenny, John | 05238-041 |

| 4. Injured's Duty Assignment | 5. Housing Assignment | 6. Date and Time of Injury |
|---|---|---|
| Compound Sanitation | III A | 9/29/99  1245 |

| 7. Where Did Injury Happen (Be specific as to location) | Work Related? ☐ Yes ☒ No | 8. Date and Time Reported for Treatment |
|---|---|---|
| III A | | 9/29/99  1305 |

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

"The unit manager said 'Fuck you you're getting a celly' and started hitting me on the head with his keys."

*Signature of Patient*

**10. Objective:** (Observations or Findings from Examination)    X-Rays Taken ____    Not Indicated ☒
X-Ray Results

Head: numerous small cuts all over head. Mild bleeding
Lateral side of ® eye small cut
Eyes: PERRL
No other injuries noted

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)

Mild superficial abrasions throughout head

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)

① Head abrasions cleaned c̄ peroxide. Antibiotic ointment applied c̄ band-aid
② Alert medical staff if any problems arise

**13. This Injury Required:**
- ☐ a. No Medical Attention
- ☒ b. Minor First Aid
- ☐ c. Hospitalization
- ☐ d. Other (explain)
- ☐ e. Medically Unassigned
- ☐ f. Civilian First Aid Only
- ☐ g. Civilian Referred to Community Physician

*J DeSai PA*
Signature of Physician or Physician Assistant

Self Carboned Form – If ballpoint pen is used, PRESS HARD

Original – Medical File
Canary – Safety
Pink – Work Supervisor (Work related only)

*Attachment-One*

[Margin annotation: Defendant's copy portion of discovery material / Dist. Ct. No. 4:99-CR-280 Williamsport, PA]

# ATTACHMENT TWO

Allenwood USP                                           Attachment-Two

# "Cop Out" Request

Tuesday, April 10, 2001

Dear, Dr. J. Mitchell: (Chief Psychologist)

RE: Inmate's Request For Crisis Assistance

For reasons unknown, I was violently beaten, and placed in isolation-segregation on 9/29/99. Prior to 9/29/99, I was not consistently taking my medication CLONIDINE previously prescribed to me for Impulse Control and Schizoid Personality Disorders. While, I was still in segregation on 5/27/00. I voluntarily ceased taking the clonidine, due to adverse side-effects, i.e., thought confusion, bloating, and weight gaining. I've been in isolation now for approximately (19) nineteen-months. At this time, I still cannot figure out why I'm being kept in isolation. This type of confinement is seemingly becoming "too great" for me to mentally tolerate. Anxiety-attacks are frequent. Sleeping is becoming impossible. Having doomed thoughts of catastrophy ending in tragedy. Rationality is trivial. Nothing appears to make sense anymore, or at all. Actually nothing ever made sense. Constant feel of hopelessness with increasing terror. I feel frightened all the time. And emotionally distraught. For these reasons, I'm requesting your assistance in having me released out of isolation-segregation, or transferred to another facility that will stop keeping me in isolation. There is no reason to keep holding me in isolation, other than retaliation.

Kenney #05238-041

Allenwood USP's SHU "Urgent Request"
Emotionally Distraught/Crisis Reflection

Saturday, August 25, 2001

Dear, Dr. Trgovac:   (Psychologist)

In appearance, I may appear normal and pleasant, often times smiling. But, this is a fake appearance, where I hide true feelings that lurk within me. Oddly, I don't know why I hide such feelings. Maybe because, I don't want anyone to know how bad I really feel. Or, how bad things really are. Recently things have been worsening for me. That the (24) twenty-four months is taking its toll on me. No matter how hard, I fight back the tears, and emotions within. I'm beginning to feel that, I can no longer fight the unusual conditions of segregative ("isolation-cell") confinement. Feelings of hopelessness is rapidly increasing. Anxiety, and terror are building. Associated with thoughts of annihilation and/or destruction. Traumatization appears to be the norm, or constant. I'm deteriorating from being kept behind this 400 pound steel door 23 hours a day, 7-days a week for the past 24-months. Devastation is encompassing me. Isolation-segregation is no doubt detrimental to my mental, and physical well-being. As a human-being, I should not have to be subjected to this. That there is absolutely no reason to keep holding me in an isolation-cell. Other than retaliation. As a result, I'm requesting to be released out of isolation. Kenney #05238-041

# ATTACHMENT THREE

Attachment-Three



U.S. Department of Justice

Federal Bureau of Prisons

U.S. Penitentiary, Allenwood

White Deer, PA 17887-3500

February 1, 2000

**REPLY TO ATTN OF:** Jake Mendez, Warden
USP, Allenwood, PA

**SUBJECT:** Request for Transfer (Disciplinary - Code 309)
USP Marion, IL

**TO:** David M. Rardin, Regional Director
NERO, Philadelphia, PA

**ATTN:** James Warner, Correctional Services Administrator

1. **Name and Register Number:** KENNEY, John
   05238-041

2. **Rationale for Redesignation:** Inmate Kenney was redesignated to USP Allenwood, PA, in October 1998, as a Nearer Release transfer from USP Lompoc, CA. Since his arrival at this facility, inmate Kenney has increasingly become a management problem, displaying a disregard and disrespect for staff and established rules and regulations. He has incurred two disciplinary infractions for refusing his work assignment and, on numerous occasions, has become belligerent and confrontational when forced to accept cellmates.

   On September 29, 1999, inmate Kenney requested to speak with the Unit Manager of his housing unit regarding a new cellmate whom he had received. Inmate Kenney requested that he be allowed to reside in a single cell. When the Unit Manager denied inmate Kenney's request, inmate Kenney became agitated and began throwing punches at the Unit Manager. The Unit Manager was able to defend himself and, with the assistance of the Unit Officer, restrained inmate Kenney until additional help arrived.

3. **Proposed Transfer Code:** 309

Attachment-Three

Request for Redesignation
KENNEY, John
05238-041
Page 2

4. **CIMS Assignment:** Separation

5. **Release Destination:** Western District of Pennsylvania

6. **Institution Recommended:** USP Marion, IL, or any appropriate High Security level institution.

7. **Medical Status:** Inmate Kenney is assigned a regular duty status with no medical restrictions.

8. **Does the Inmate Concur with this Transfer Request?** No

9. **Additional Pertinent Information-BP 337/338 Discrepancies:**
Inmate Kenney is classified as a 28 point High Security level inmate being maintained under Max Custody. He is serving a 262 month SRA sentence for Conspiracy (Bank Robbery), Bank Robbery and Armed Bank Robbery. He has a projected release date of September 21, 2016, with five years of supervision to follow. It should be noted that one of inmate Kenney's conditions of supervision is mental health aftercare. Inmate Kenney will attempt to explain his erratic behavior and necessity for special consideration result from severe psychological disorders; however, psychology staff at this facility have confirmed that inmate Kenney should be considered fully functional and suitable for the general population.

The only discrepancy noted in the scoring of the BP-337 and the BP-338 pertains to history of violence. The BP-337 is scored with a serious history of violence between 5-10 years ago. On December 7, 1999, inmate Kenney was found guilty of Assaulting with Serious Injury (101-A). The BP-338 has been updated to reflect a serious history of violence less than five years ago.

Request for Redesignation
KENNEY, John
05238-041
Page 3

_[signature]_
Prepared by: K. Keiser, Case Manager, Unit III

_[signature]_
Reviewed by: J. Gonzalez, Unit Manager, Unit III

_[signature]_
Reviewed by: J. Sherman, Captain

_[signature]_
Reviewed by: M. Tanner, Acting CMC

_[signature]_
Reviewed by: Ronnie R. Holt, AW(P)

# ATTACHMENT FOUR

Case 1:00-cv-02143-JEJ    Document 60    Filed 10/25/2001    Page 17 of 18

*Attachment-Four*



U.S. Department of Justice

Federal Bureau of Prisons

*U.S. Penitentiary, Allenwood*

---

White Deer, PA  17887-3500

June 25, 2001

MEMORANDUM FOR INMATE JOHN KENNEY
                           REG. NO. 05238-041
                           UNIT I (SHU)

FROM:          Jake Mendez, Warden

SUBJECT:     Response to Inmate Request to Staff Member

This is in response to your Inmate Request to Staff Member, dated June 20, 2001, in which you request to be released to general population in lieu of transfer to USP Marion.

In reviewing this matter, it was found you were in possession of a weapon and seriously assaulted a staff member resulting in criminal charges being filed. Though a criminal court returned a not guilty verdict, you were found guilty during the institution disciplinary process of Code 101A, Attempted Assault with Serious Injury towards staff. The Discipline Hearing Officer recommended a disciplinary transfer as one of the sanctions for this infraction.

Based on this information and the seriousness of the incident, it has been determined your placement at USP Marion is fully warranted. Therefore, your request to return to general population is denied.

I believe this response adequately addresses your concerns.

*Attachment-Four*