IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CHARLES KENNEY, | : | 1:CV-00-2143 |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| JAKE MENDEZ, Warden, et al., | : | |
| Defendants | : | |

**O R D E R**

November 1, 2001

FILED
WILLIAMSPORT, PA

NOV 1 2001

MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

**BACKGROUND:**

John Charles Kenney filed a civil rights complaint on December 12, 2000 under 42 U.S.C. § 1983 against three employees of the Bureau of Prisons with respect to an incident that occurred at the United States Penitentiary at Allenwood on or about September 29, 1999. The case was originally assigned to the Honorable Sylvia H. Rambo, who then transferred the case to the undersigned judge by order of September 7, 2001.

On October 12, 2001, Kenney filed with this court an appeal from three non-dispositive orders of Magistrate Judge Blewitt entered October 4, 2001. The case has been referred to Magistrate Judge Blewitt for all pretrial matters.

Kenney appeals from orders of Magistrate Judge Blewitt granting defendants' motion to depose the plaintiff (record

-1-

document no. 53), setting deadlines for discovery and case dispositive motions (record document no. 54), and denying plaintiff's renewal motion for appointment of counsel (record document no. 55).

Local Rule LR 72.2 provides, with respect to appeals from non-dispositive orders of Magistrate Judges, in part as follows:

> At the time the appeal is filed, the appellant shall also file a brief addressed to the issue raised by the objection to the order or part appealed from.

Contrary to the requirements of this rule, no brief has been filed by Kenney.

Kenney's appeal from the orders permitting his deposition and setting pretrial discovery and case dispositive motion deadlines are totally without merit, and those appeals are dismissed without further discussion.

The appeal from the denial of Kenney's renewal motion for appointment of counsel suggests further discussion, even though no supporting brief was filed.

The United States Court of Appeals for the Third Circuit has set forth various factors for a district court to consider when evaluating a motion for appointment of counsel in a case such as this one. *Tabron v. Grace*, 6 F.3d 147 (1993).

The district court has no authority to appoint an attorney to represent an indigent litigant in a civil case, but may only request an attorney to represent an indigent civil litigant

-2-

unable to employ counsel.  Moreover, the court is given broad discretion to request such representation.

As a threshold matter the court must consider the merits of the plaintiff's claim.

> Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.

*Id.* at 155.

While the court has very serious reservations as to the merits of plaintiff's case, the court will review the additional factors that bear on the need for appointed counsel.

This is a unique situation in that the undersigned judge has presided throughout Kenney's criminal trial on various charges centering around the incident of September 29, 1999, which is the focal point of this civil suit.  The court presided at an 8-day jury trial during which there was testimony by numerous witnesses, including the three-named defendants, as to the circumstances resulting in some physical injury to Kenney.

Throughout the criminal case, the court became fully aware of Kenney's ability to draft and file *ex parte* documents with the court on numerous occasions.  His ability to do so in that case as well as that which is evidenced in the various documents filed in this civil case indicate that he is fully able to understand English, has extensive prior litigation experience and will have no difficulty presenting his side of this case.  It is not

complicated. It simply involves a determination of exactly what happened on the given occasion at the United States Penitentiary at Allenwood on September 29, 1999.

The court has reviewed the other factors set forth in *Tabron*, and under all the circumstances, finds no basis for the court to attempt to find *pro bono* counsel to represent Kenney.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Kenney's appeal (record document no. 56) from Magistrate Judge Blewitt's three orders of October 4, 2001 is dismissed, and the three orders entered on October 4, 2001 by Magistrate Judge Blewitt are affirmed (record documents nos. 53, 54 and 55).

James F. McClure, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

November 1, 2001

Re: 1:00-cv-02143   Kenney v. Mendez

True and correct copies of the attached were mailed by the clerk to the following:

John Charles Kenney
USP-ALLENWOOD
Maximum Security Correct. Inst.
05238-041
P.O. Box 3000
White Deer, PA  17887

Joseph J. Terz, Esq.
Office of the US Attorney
316 Federal Building
240 West Third Street
Williamsport, PA  17703

```
cc:
Judge                           ( )            ( ) Pro Se Law Clerk
Magistrate Judge  Blewitt (✓)                  ( ) INS
U.S. Marshal                    (✓)            ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( )   with N/C attached to complt. and served by:
                                      U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( )   with Petition attached & mailed certified mail
                                      to:  US Atty Gen   ( )    PA Atty Gen ( )
                                           DA of County  ( )    Respondents ( )
Bankruptcy Court                ( )
Other ____prose____             (✓)
```

MARY E. D'ANDREA, Clerk

DATE: __11/1/01__           BY: __/s/__
                                Deputy Clerk