MCC:JJT:mel:2001V00126          ORIGINAL

FILED
WILLIAMSPORT, PA

NOV - 8 2001

MARY E. D'ANDREA, CLERK
Per _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,                    :
              Plaintiff                 :
                                        :
              v.                        :     Civil No.  1:CV-00-2143
                                        :     (McClure, J.)
JAKE MENDEZ;                            :     (Blewitt, M.J.)
JESUS "JESSE" GONZALEZ;                 :
JAMES "JIMMY" SCARBOROUGH; and          :
KELLY M. KEISER,                        :
              Defendants                :

### BRIEF IN OPPOSITION TO PLAINTIFF'S
### MOTION FOR PRELIMINARY INJUNCTION

#### I.   Procedural History

This is a <u>Bivens</u> action brought by federal prisoner John Charles Kenney against four employees of the Federal Bureau of Prisons.  Kenney is currently incarcerated at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP Allenwood").

On or about October 24, 2001, Kenney filed a "Pro Se Preliminary Injunction Motion Pursuant to 28 USCA FRCP Rule 65(a)(f)" and supporting brief.  Defendants submit the following in opposition to the motion.

#### II.   Questions Presented

A.    Should Kenney's motion for preliminary injunction be denied as he has failed to exhaust his administrative remedies?

B.    Should Kenney's motion for preliminary injunction be denied as he fails to meet his burden of establishing that an injunction should issue?

Suggested answers in the affirmative.

### III.    <u>Statement of the Case</u>

Kenney received an incident report on September 29, 1999, for Assaulting With Serious Injury in violation of Bureau of Prisons' policy.  (See Exh. 1 ¶ 3 and p. 5)  The Discipline Hearing Officer ("DHO") at USP Allenwood found that Kenney had committed the prohibited act for which he was charged and sanctioned him to:  loss of forty days of good conduct time; disciplinary segregation for sixty days; loss of commissary privileges for 120 days; loss of phone privileges for 120 days; loss of visiting for 120 days; and a disciplinary transfer. (<u>Id.</u>)

On June 4, 2001, a federal jury found Kenney guilty of possession of a contraband weapon.  Kenney is scheduled to be sentenced on November 20, 2001.  He is currently confined to the Special Housing Unit at USP Allenwood pending re-classification. (<u>See</u> Exh. 1, p. 10.)  Once the sentence is imposed and an appropriate federal facility in which to house him is determined to be suitable by the Bureau of Prisons, Kenney's disciplinary transfer can be effectuated.  However, by Order dated April 13, 2001, the District Court imposed an Order directing the Bureau of

2

Prisons to keep Kenney in its jurisdiction until the present action is terminated.

Kenney complains that he has been in "involuntary" isolation/segregation since September 29, 1999, and seeks the Court's intervention in having him placed in general population. In the alternative, Kenney seeks a transfer to USP Lewisburg's general population, or to any other facility in general population.

## IV.   Argument

### 1.   Kenney Has Failed To Exhaust His Administrative Remedies.

Courts have long required federal prisoners to exhaust administrative remedies prior to bringing a claim for injunctive relief, whether or not the prisoner is also seeking damages.  See Farmer v. Brennan, 511 U.S. 825, 846-847 (1994)("When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them."); Young v. Quinlan, 960 F.2d 351, 356 n. 8 (3d Cir. 1992); Veteto v. Miller,794 F.2d 98, 100 (3d Cir. 1986); Fortes v. Harding, 19 F. Supp. 2d 323, 326 n.3 (M.D. Pa. 1998)(Vanaskie, J.)

Moreover, 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (April

3

26, 1996) ("PLRA"), now provides a statutory exhaustion
requirement, stating:

> No action shall be brought with respect to prison
> conditions under [42 U.S.C. § 1983], <u>or any other Federal
> law</u>, by a prisoner confined in any jail, prison, or other
> correctional facility <u>until such administrative remedies
> as are available are exhausted</u>.

Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) (codified at
42 U.S.C. § 1997e(a) (1996)) (emphasis added). <u>Booth v. Churner</u>,
531 U.S. 956 (2001); <u>Nyhuis v. Reno, et al.</u>, 204 F.3d 65 (3d Cir.
2000).

In order for Kenney to exhaust his administrative remedies
under the procedure established by the Federal Bureau of Prisons,
he must first present his complaint at the institution where he
is confined (with the filing of a form BP-9), then at the
Regional Office level (BP-10), and finally at the national level
(BP-11), to the Central Office.  28 C.F.R. §§ 542.14, 542.15.  No
administrative remedy appeal is considered to have been finally
exhausted until the BP-11 is considered by the Bureau of Prisons'
Central Office.

In the ordinary course of business for the Federal Bureau of
Prisons, computerized indexes of all administrative appeals filed
by inmates are maintained so that rapid verification may be made
as to whether an inmate has exhausted administrative appeals on a
particular issue.  A review of these records indicates that
Kenney has failed to exhaust his administrative remedies

4

regarding his request for placement in general population

housing. (See Exh. 2.)  In light of this information, the motion

for preliminary injunction should be dismissed.

2.  **Kenney Has Failed To Establish That He Is Entitled To The Issuance Of A Preliminary Injunction.**

Before the Court may issue a temporary restraining order or

preliminary injunction, it must determine (1) that Kenney has

made a strong showing that he is likely to prevail on the merits;

(2) that Kenney will be irreparably harmed unless the motion is

granted; (3) that granting the injunction will not substantially

harm other parties interested in the proceeding more than the

refusal will harm Kenney; and, (4) that the granting of the

injunction will not adversely affect the public interest.  See

Pennsylvania v. United States Dept. of Ag., 469 F.2d 1387, 1388

(3d Cir. 1972); Nelson v. Miller, 373 F.2d 474, 477 (3d Cir.

1967); Northern Pennsylvania Legal Services v. County of

Lackawanna, 513 F. Supp. 678, 681 (M.D. Pa. 1981) (Nealon, J.).

If Kenney cannot establish each of the above-mentioned elements,

a preliminary injunction/temporary restraining order may not

issue.  See, e.g., Skeehan v. Board of Trustees, 353 F. Supp.

542, 543 (M.D. Pa. 1973)(Muir, J.).

Additionally, because a preliminary injunction is an

extraordinary equitable remedy, all of the equitable defenses

apply.  Cf. United States Steel Corp. v. Fraternal Assoc. of

Steel Haulers, 431 F.2d 1046 (3d Cir. 1970).  Importantly,

because a temporary restraining order is an extraordinary and drastic remedy, it should not be granted unless Kenney, by a clear showing, carries his heavy burden of persuading the Court on each of the above-mentioned grounds and equities. <u>E.g.</u>, <u>Wright v. miller</u>, Fed. Pract. & Proc., Civil 2d § 2948 at 428-29 (1973). Lastly, a preliminary injunction is generally granted <u>only</u> to preserve the status quo, not to alter the status quo. <u>Sovereign Water v. Messineo</u>, 572 F. Supp. 983 (E.D. Pa. 1983) (Huyett, J.); <u>see generally</u>, <u>Wright</u>, <u>supra</u>, at § 2948.

Kenney is currently being held in the administrative detention section of the Special Housing Unit pending reclassification.[1] (See Exh. 1, p. 10.) His allegations that he has been "improperly" confined to a segregated housing unit since September 29, 1999, are false. As noted above, Kenney was found to have committed the prohibited act of Assaulting with Serious Injury and received the sanction of a disciplinary transfer. He is in the Special Housing Unit pending the transfer. (<u>See</u> Exh. 1, ¶ 3.)

---

[1]    Some of the time that Kenney has been assigned to the Special Housing Unit has been for service of disciplinary segregation time that he received as a sanction for infractions of prison rules. Additionally, during the twenty-five month time period Kenney complains of in his motion, he has been assigned to at least one other federal facility. None of the individually named defendants have the ability to affect Kenney's housing status at other institutions.

6

Additionally, while Kenney states that he has "virtually maintained an exemplary record of good behavior," records show that he has a lengthy disciplinary history (see Exh. 1) and is therefore harder to place.  The Bureau of Prisons is presently determining an appropriate facility in which to place Kenney.  As soon as an appropriate facility is determined, Kenney can be transferred.

The purpose of Kenney's motion for preliminary injunction is to seek housing in general population or a transfer to USP Lewisburg or to any other facility in general population. However, an inmate does not have a right to be housed in a particular prison.  Olim v. Wakinekona, 461 U.S. 238, 248 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976).  Nor does an inmate have a liberty interest under the Due Process Clause to be classified in the general population of a prison.  Sheehan v. Beyer, 51 F.3d 1170, 1175 (3d Cir. 1995).

A state-created liberty interest may exist if the correctional institution's action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Connor, 515 U.S. 472, 484 (1995).  In Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997), the Third Circuit evaluated a case very similar to Kenney's claim. In Griffin, the plaintiff had served fifteen months in administrative segregation, without a hearing, pending an

7

investigation of his rape of a prison guard.  As stated in
<u>Griffin</u>, "[g]iven the considerations that lead to transfers to
administrative custody of inmates at risk from others, inmates at
risk from themselves, and inmates deemed to be security risks,
etc, one can conclude with confidence that stays of many months
are not uncommon."  <u>Id.</u> at 708.

Clearly, Kenney has failed to meet the burdens he is required
to meet to succeed on his motion for preliminary injunction.  His
motion should therefore be denied.

### IV.    Conclusion

For the reasons stated above, Kenney's "Pro Se Preliminary
Injunction Motion Pursuant to 28 USCA FRCP Rule 65(a)(f)" should
be denied.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

JOSEPH J. TERZ
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17703

Date: November 9, 2001

8

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,                    :
                    Plaintiff           :
                                        :
            v.                          :    Civil No.  1:CV-00-2143
                                        :    (Rambo, J.)
JAKE MENDEZ;                            :    (Blewitt, M.J.)
JESUS "JESSE" GONZALEZ;                 :
JAMES "JIMMY" SCARBOROUGH; and          :
KELLY M. KEISER,                        :
                    Defendants          :

### CERTIFICATE OF SERVICE

     The undersigned hereby certifies that she is an employee in
the Office of the United States Attorney for the Middle District
of Pennsylvania and is a person of such age and discretion to be
competent to serve papers.

     That this 8th day of November 2001, she served a copy of the
attached

### BRIEF IN OPPOSITION TO PLAINTIFF'S
### MOTION FOR PRELIMINARY INJUNCTION

by placing said copy in a postpaid envelope addressed to the
person hereinafter named, at the place and address stated below,
which is the last known address, and by depositing said envelope
and contents in the United States Mail at Williamsport,
Pennsylvania.

ADDRESSEE:

John Charles Kenney
Reg. No. 05238-041
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

                                   _Michele E. Lincalis_
                                   MICHELE E. LINCALIS
                                   Paralegal Specialist