Mr. John Charles Kenney,
Register No. 05238-041
Allenwood USP
P.O. Box 3000
White Deer PA 17887-3000

Civil Division

Cover Letter / Clerk

ORIGINAL

FILED
HARRISBURG
NOV [?] 9 2001

Wednesday, Nov. 7, 2001

Dear, Ms. M.E. D'Andrea: (Chief Clerk)

RE: John Charles Kenney v. Jake Mendez, No. 1:CV-00-2143

In re: Presentation Of A Pro Se Preliminary Injunction

Please find (enclosed) (3) three-copies of a Pro Se "Preliminary Injunction Motion and Supporting Brief," along with (3) three-Attachments. As a result may, I please request you to process these documents accordingly. Thank you so much.

Notice: Please take notice that on October 21, 2001, I had provided the Presiding Court with appropriate copies and original of above referenced material. Additionally, on 10/21/01, I had also provided opposing counsel with a copy of the above referenced material / documents.

Any deficiencies regarding these documents, please notify me by correspondence, because I am indigent and cannot afford postage in the event that you would forward me this material back to me.

Concluding Notice: A letter from Attachment-Two is absent, and Attachment-Four is totally absent. I ran out of copies. Shall you desire these copies, please notify the Presiding Court of Williamsport, PA. No longer in my possession.

cc: Williamsport Ct. Clerk

Kenney #05238-041

FILED
SCRANTON

NOV 0 9 2001

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
Defendants.

Civil No. 1: CV-00-2143
Hon. Judge McClure, Jr.
(Presiding)

Magistrate Blewitt

PRO SE PRELIMINARY INJUNCTION MOTION
PURSUANT TO 28 USCA FRCP RULE 65(a)(A)

PLAINTIFF, John Charles Kenney, acting pro se
in the above captioned civil action. Kenney in
the instant motion seeks injunctive-orders from
this Honorable Court, the reasons why are set
out in a separate supporting brief in accordance
with M.D. Pa. Local Rule 7.5., and Fed. Rules
Civ. Proc. Rule 65(a)(A). Opposing Counsel was
served pursuant to L.R. 7.2., and FRCP 65(a)(1).

Concurrence was not sought, because Kenney's
pro se status. (See L.R. 7.1.).

Respectfully submitted,

Kenney

Dated: 10/18/01

Mr. John Charles Kenney, pro se
Register No. 05238-041
Allenwood USP
P.O. Box 3000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
Defendants.

Civil No. 1: CV-00-2143

Hon. Judge McClure, Jr.
(Presiding)

(Magistrate Blewitt)

CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, plaintiff, acting pro se hereby certify that on Thursday, October 18, 2001, forwarded a true carbon-copy of a timely "PRELIMINARY-INJUNCTION MOTION," pursuant to FRCP Rule 65. By placing said contents in a post paid firstclass, pre-addressed envelope mailed to Defendants' Representative below:

The Honorable Terz
U.S. Attorney's Office
Federal Building, Ste. 316
240 West Third Street
Williamsport PA 17701-6465

FILED
SCRANTON
NOV 0 9 2001
PER _____
DEPUTY CLERK

Further, I certify this certificate is in conformity with Fed. R. Civ. P. RULE 65(a)(1)(governing "NOTICE" to adverse party). And L.R. 7.2.

Kenney # 05238-041
_____
Mr. John Charles Kenney, pro se

FILED
SCRANTON

NOV. 0 9 2001

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,           • Civil No. 1: CV-00-2143
        Plaintiff,              • Hon. Judge McClure, Jr.
                                •      (Presiding)
        V.                      •
JAKE MENDEZ, Warden, et al.,    • Magistrate Blewitt
        Defendants.             •

PRO SE PRELIMINARY INJUNCTION MOTION
PURSUANT TO 28 USCA FRCP RULE 65(α)(P)

PLAINTIFF, John Charles Kenney, acting pro se
in the above captioned civil action.  Kenney in
the instant motion seeks injunctive-orders from
this Honorable Court, the reasons why are set
out in a separate supporting brief in accordance
with M.D. Pa. Local Rule 7.5., and Fed. Rules
Civ. Proc. Rule 65(α)(A).  Opposing Counsel was
served pursuant to L.R. 7.2., and FRCP 65(α)(1).

    Concurrence was not sought, because Kenney's
pro se status. (See L.R. 7.1.).

                    Respectfully submitted,

                    Kenney

Dated: 10/18/01

                Mr. John Charles Kenney, pro se
                Register No. 05238-041
                Allenwood USP

FILED
SCRANTON

NOV 0 9 2001

PER _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
Defendants.

Civil No. 1: CV-00-2143
Hon. Judge McClure, Jr.
(Presiding)

Magistrate Blewitt

## PRO SE PRELIMINARY INJUNCTION MOTION PURSUANT TO 28 USCA FRCP RULE 65(α)(A)

PLAINTIFF, John Charles Kenney, acting pro se in the above captioned civil action. Kenney in the instant motion seeks injunctive-orders from this Honorable Court, the reasons why are set out in a separate supporting brief in accordance with M.D. Pa. Local Rule 7.5., and Fed. Rules Civ. Proc. Rule 65(α)(A). Opposing Counsel was served pursuant to L.R. 7.2., and FRCP 65(α)(1).

Concurrence was not sought, because Kenney's pro se status. (See L.R. 7.1.).

Respectfully submitted,

Kenney

Dated: 10/18/01

Mr. John Charles Kenney, pro se
Register No. 05238-041
Allenwood USP
P.O. Box 3000
White Deer PA 17887

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
Defendants.

Civil No. 1: CV-00-2143

Hon. Judge McClure, Jr.
(Presiding)

(Magistrate Blewitt)

CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, plaintiff, acting pro se hereby certify that on Thursday, October 18, 2001, forwarded a true carbon-copy of a timely "PRELIMINARY - INJUNCTION MOTION," pursuant to FRCP Rule 65. By placing said contents in a post paid firstclass, pre-addressed envelope mailed to Defendants' Representative below:

FILED
SCRANTON

NOV 09 2001

PER _____
DEPUTY CLERK

The Honorable Terz
U.S. Attorney's Office
Federal Building, Ste. 316
240 West Third Street
Williamsport PA 17701-6465

Further, I certify this certificate is in conformity with Fed. R. Civ. P. RULE 65 (a)(1)(governing "NOTICE" to adverse party). And L.R. 7.2.

Kenney # 05238-041

Mr. John Charles Kenney, pro se

FILED
SCRANTON
NOV 0 9 2001
PER ___
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES XENNEY,            : Civil No. 1: CV-00-2143
              Plaintiff,        :
                                : Hon. Judge McClure, Jr.
                                :    (Presiding)
          v.                    :
                                :
JAKE MENDEZ, Warden, et al.,    : Magistrate Blewitt
          Defendants.           :

BRIEF IN SUPPORT OF PRO SE PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION PURSUANT TO
FRCP RULE 65

COMES NOW PLAINTIFF, John Charles Kenney, acting
pro se in the above captioned civil case. Kenney on
Thursday, October 18, 2001, had filed a "Preliminary
Injunction Motion" under the above Civil RULE 65.
In accordance with Local Rule 7.5., and Civ. Rule
65(a)(f) requires Kenney to file this pro se brief, along
with pertinent documents all supporting the Brief,
and Motion. As a result, Kenney files the instant
brief in support of his preliminary-injunction-motion.

INTRODUCTION AND PROCEDURAL HISTORY

While Kenney was a prisoner at Allenwood USP on
Wednesday, September 29, 1999, Defendants without
provocation "violently" beat Kenney by repeatedly,
and gratuitously striking him about his head
and facial areas, causing "numerous" physical and

emotional injuries to Kenney. (See Attachments One and Two)(reflecting defendants infliction of physical and emotional injuries upon Kenney). As a result on December 12, 2000, Kenney instituted a Civil Rights Action under <u>Bivens</u> against four defendants, whom were all served accordingly on 12/22/00. (See Dk) (docket item #1).

Although, Defendants committed this "aggravated" assault on Kenney, peculiarly Kenney was criminally indicted on 11/10/99. <u>USA v. Kenney</u>, No. 4:CR-99-280 (M.D. Pa.). Out of a three-count indictment, Kenney on ct.3 was found guilty by a jury on June 4, 2001, for possessing a disposable razor blade, which is considered contraband in a federal penal system. Kenney is currently pending sentencing on November 20, 2001.

Since, Wednesday, September 29, 1999, Kenney has "involuntarily" been placed and held in isolation-segregation by himself till the present date. On October 13, 2000, Mr. Jesus "Jesse" Gonzales, the aggressor of Kenney, whom is also one of the named defendants has transferred to another facility located in the state of California. Shortly afterwards, another named Defendant, James "Jimmy" Scarborough quit his employment with Allenwood and is currently employed at an "entirely" different location. Another named Defendant, Ms. Kelly M. Keiser is still currently employed at Allenwood USP. Although, Keiser did not actively participate in assaulting Kenney, she was present. Keiser is being sued for not protecting

2

Kenney, when Gonzales and Scarborough "violently" beat him.

## LIBERAL PLEADING RULE IS INEFFECT

The present Rule 65 Motion, where Kenney is seeking injunctive relief is governed by relevant precedent and a U.S. Supreme Court directive, where Kenney "must be[given] afforded a measure of tolerance" [in the construction of his pro se pleadings]. U.S. ex rel. Montgomery v. Brierley, 414 F. 2d 552, 555 (3rd Cir. 1969). In the case of a pro se litigant, the [motion] will be held to a less stringent standard than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Fed. R. Civ. P. Rule 8(a)(2).

## NECESSITY OF A RULE 65 PRELIMINARY INJUNCTION PRO SE MOTION

It is imperative that injunctive relief be granted, because for the past (25) twenty-five months Kenney has been involuntarily held in isolation-segregation, since Wednesday, September 29, 1999, which is an awful long time. Despite Kenney's recent acquittals of counts 1 and 2 on June 4, 2001, regarding internal and external allegations of 9/29/99 Kenney is still being kept in an isolation-segregation "SHU" cell. Moreover, and more importantly, Kenney "suffers" some cognitive impairments, but none of which that would preclude him from entering a general[prison] population. (See Attachment-Three)(reflecting, dated 2/1/00). Surprisingly, Kenney has virtually maintained an exemplary record of good behavior for him to maintain such, coupled with

his cognitive impairments as recently diagnosed by this Court's expert, Board Certified Psychologist, Dr. S.A. Ragusea on December 5, 2000 is "extraordinary." Because, Kenney has an "extensive" mental health history past and current. Kenney is currently on a psycho-tropic prescription medication of "HYDROXYZINE" 50 mg. tablets. This medication was prescribed to Kenney by BOP's Psychiatrist, Dr. Grant on April 27, 2001, and renewed on August 8, 2001, expires. Below Kenney presents relevant caselaw that forbids him from being involuntarily held in an isolation-segregation SHU cell.

## PLAINTIFF'S PERSUASIVE SHOWING IN REMAIN-ING FREE FROM AN ISOLATION SEGREGATION SHU CELL AUTHORITIES IN SUPPORT

It is already established in U.S.A v. John C. Kenney, Case No. 4:CR-99-0280. That, Kenney has legitimate psychological/psychiatric problems past and current, however, these problems do not preclude Kenney from being released into an "open" general prison population. Contrarily, Kenney's psych-problems do prohibit him from being in an isolation-segregation SHU cell and/or setting. Kenney's attendance in public at trial for (9) consecutive-days, where he exhibit decorum, coupled with (25) twenty-five months of good or accepted behavior "clearly" represents that Kenney is not a disciplinary, nor management problem. Therefore, keeping Kenney in an isolation-segregation SHU-cell is unjustified and illegal. As a result, such confinement is causing Kenney "severe" emotional and psychological difficulties, where it is seemingly becoming unbearable and intolerable- for him to mentally sustain.

4

## KENNEY'S PERSUASIVE SHOWING AND SUPPORTING AUTHORITIES CONT'D

Out of "desperation" Kenney on June 20, 2001, had requested the Warden of Allenwood USP to release him out of SHU-ISOLATION. (See Attachment-Four). The Warden "emphatically" denied Kenney's request. Wholly distraught by the Warden's denial, Kenney turned to the Psychologists. (See Attachment-Two) Both named psychologists repeatedly tell Kenney, "there's nothing we can do for you." Alternatively, Kenney's only re-course is to seek injunctive-relief pursuant to Rule 65.

### SUPPORTING-AUTHORITIES

Kenney is experiencing "severe" emotional problems from being in an isolation-segregation-SHU-cell. There-fore, such confinement is detrimental to to his mental health and well-being. "While the prison administration may punish, it may not do so in a manner that threatens the physical and MENTAL HEALTH of prison-ers." Madrid v. Gomez, 889 F. Supp. 1146, 1260 (N. D. Cal. 1995)(quoting Young v. Quinlan, 960 F. 2d 351, 364 (3rd Cir. 1992)(Hon. Justice Nygaard). Keeping Kenney in isolation also raises "serious" Due Process con-cerns. Franco v. Moreland, 805 F. 2d 798, 799 (8th Cir. 1986). "The duration and conditions of segregated confinement cannot be ignored in deciding whether such confinement meets constitutional standards." Young, supra, 960 F. 2d at 364. Perspicuously, "[i]nmates [like Kenney] suffering from mental illness should not be put in the SHU." Madrid. Id. at 1267. Here Defendants are "exposing [Kenney] to unreasonable

<u>Page:Six</u>

## CONCLUSION OF SUPPORTING AUTHORITIES

risk of serious damage to future health." <u>Helling v.</u> <u>McKinney</u>, 509 U.S. 25, 34-35 (1993), because of "the unnecessary and wanton infliction of pain." <u>Young,</u> <u>supra</u>, 960 F.2d 360 n. 22.

### SOUGHT OF INJUNCTIVE RELIEF

<u>Kenney request the following injunctive relief</u>:

1) For the Court to ORDER Warden-Mendez to re-release Kenney to general population at Allenwood;

2) Or transfer Kenney to USP-Lewisburg, along with an ORDER that Kenney be released into general population. Note Lewisburg is within the jurisdiction.;

3) ORDER the U.S. Marshal at its discretion to either transfer Kenney to USP-Lewisburg, or nearby facility into an open general [prison] population.

Shall the Court decide to grant any of the above whole, or in part. That it will not affect this Court's prior ORDER of April 13, 2001, where Kenney is to remain in this jurisdiction.

### CONCLUSION

Failure to grant an injunction will result in Kenney suffering "great" [mental] injury. Therefore, "[i]t would be odd to deny an injunction to inmates who plainly proved unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them." <u>Helling</u>, 509 U.S. at 33.

WHEREFORE, based upon the aforesaid facts Kenney respectfully seeks injunctive relief from this Honorable Court.

Dated: 10/21/01

Respectfully submitted - requested,

Kenney #05238-041

Mr. John Charles Kenney, pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,          Case No. 1:CV-00-2143
          Plaintiff,          Hon. Judge McClure, Jr.
     v.                              (Presiding)

JAKE MENDEZ, Warden, et al.,  Magistrate Blewitt
          Defendants.

_CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT_

I, John Charles Kenney, plaintiff, acting _pro se_ hereby
certify that on Sunday, October 21, 2001, I forwarded
a true carbon-copy of a (6) six-page hand written "PRE-
LIMINARY INJUNCTION MOTION"/ Brief Insupport,
along with (4) four pertinent documents pursuant to
FRCP, Rule 65(a)('), and (f). By placing said contents
in a postpaid first class, preaddressed envelope by
mailing it to Defendants' Representative below:

The Honorable Terz
U.S. Attorney's Office
Federal Building, Ste. 316
240 West Third Street
Williamsport PA 17701-6465

Further, I certify that this certificate is compliant
with Local Rule 7.2. governing certificates of service.

_Kenney #05238-041_

Mr. John Charles Kenney, _pro se_
Registration No. 05238-041 –

FILED
SCRANTON
NOV 09 2001
PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
Defendants.

Civil No. 1:CV-00-2143

Hon. Judge McClure, Jr.
(Presiding)

Magistrate Blewitt

## BRIEF IN SUPPORT OF PRO SE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO FRCP RULE 65

COMES NOW PLAINTIFF, John Charles Kenney, acting pro se in the above captioned civil case. Kenney on Thursday, October 18, 2001, had filed a "Preliminary Injunction Motion" under the above Civil RULE 65. In accordance with Local Rule 7.5., and Civ. Rule 65(a)(4) requires Kenney to file this pro se brief, along with pertinent documents all supporting the Brief, and Motion. As a result, Kenney files the instant brief in support of his preliminary-injunction-motion.

### INTRODUCTION AND PROCEDURAL HISTORY

While Kenney was a prisoner at Allenwood USP on Wednesday, September 29, 1999, Defendants without provocation "violently" beat Kenney by repeatedly, and gratuitously striking him about his head and facial areas, causing "numerous" physical and

emotional injuries to Kenney. (See Attachments One and Two) (reflecting defendants infliction of physical and emotional injuries upon Kenney). As a result on December 12, 2000, Kenney instituted a Civil Rights Action under _Bivens_ against four defendants, whom were all served accordingly on 12/22/00. (See Dk) (docket item #1).

Although, Defendants committed this "aggravated" assault on Kenney, peculiarly Kenney was criminally indicted on 11/10/99. _USA v. Kenney_, No. 4:CR-99-280 (M.D. Pa.). Out of a three-count indictment, Kenney on ct.3 was found guilty by a jury on June 4, 2001, for possessing a disposable razor blade, which is considered contraband in a federal penal system. Kenney is currently pending sentencing on November 20, 2001.

Since, Wednesday, September 29, 1999, Kenney has "involuntarily" been placed and held in isolation-segregation by himself till the present date. On October 13, 2000, Mr. Jesus "Jesse" Gonzales, the aggressor of Kenney, whom is also one of the named defendants has transferred to another facility located in the state of California. Shortly afterwards, another named Defendant, James "Jimmy" Scarborough quit his employment with Allenwood and is currently employed at an "entirely" different location. Another named Defendant, Ms. Kelly M. Keiser is still currently employed at Allenwood USP. Although, Keiser did not actively participate in assaulting Kenney, she was present. Keiser is being sued for not protecting

2

Kenney, when Gonzales and Scarborough "violently" beat him.

## LIBERAL PLEADING RULE IS INEFFECT

The present Rule 65 Motion, where Kenney is seeking injunctive relief is governed by relevant precedent and a U.S. Supreme Court directive, where Kenney "must be [given] afforded a measure of tolerance" [in the construction of his pro se pleadings]. U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3rd Cir. 1969). In the case of a pro se litigant, the [motion] will be held to a less stringent standard than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Fed. R. Civ. P. Rule 8 (a)(2).

## NECESSITY OF A RULE 65 PRELIMINARY INJUNCTION PRO SE MOTION

It is imperative that injunctive relief be granted, because for the past (25) twenty-five months Kenney has been involuntarily held in isolation-segregation, since Wednesday, September 29, 1999, which is an awful long time. Despite Kenney's recent acquittals of counts 1 and 2 on June 4, 2001, regarding internal and external allegations of 9/29/99 Kenney is still being kept in an isolation-segregation "SHU" cell. Moreover, and more importantly, Kenney "suffers" some cognitive impairments, but none of which that would preclude him from entering a general [prison] population. (See Attachment-Three)(reflecting, dated 2/1/00). Surprisingly, Kenney has virtually maintained an exemplary record of good behavior for him to maintain such, coupled with

3

his cognitive impairments as recently diagnosed by this Court's expert, Board Certified Psychologist, Dr. S.A. Ragusea on December 5, 2000 is "extraordinary." Because, Kenney has an "extensive" mental health history past and current. Kenney is currently on a psychotropic prescription medication of "HYDROXYZINE" 50 mg. tablets. This medication was prescribed to Kenney by BOP's Psychiatrist, Dr. Grant on April 27, 2001, and renewed on August 8, 2001, expires. Below Kenney presents relevant caselaw that forbids him from being involuntarily held in an isolation-segregation SHU cell.

## PLAINTIFF'S PERSUASIVE SHOWING IN REMAINING FREE FROM AN ISOLATION SEGREGATION SHU CELL AUTHORITIES IN SUPPORT

It is already established in <u>USA v. John C. Kenney</u>, Case No. 4: CR-99-0280. That, Kenney has legitimate psychological/psychiatric problems past and current, however, these problems do not preclude Kenney from being released into an "open" general prison population. Contrarily, Kenney's psych-problems do prohibit him from being in an isolation-segregation SHU cell and/or setting. Kenney's attendance in public at trial for (9) consecutive-days, where he exhibit decorum, coupled with (25) twenty-five months of good or accepted behavior "clearly" represents that Kenney is not a disciplinary, nor management problem. Therefore, keeping Kenney in an isolation-segregation SHU-cell is unjustifiable and illegal. As a result, such confinement is causing Kenney "severe" emotional and psychological difficulties, where it is seemingly becoming unbearable and intolerable- for him to mentally sustain.

4

## KENNEY'S PERSUASIVE SHOWING AND SUPPORTING AUTHORITIES CONT'D

Out of "desperation" Kenney on June 20, 2001, had requested the Warden of Allenwood USP to release him out of SHU-ISOLATION. (See Attachment-Four). The Warden "emphatically" denied Kenney's request. Wholly distraught by the Warden's denial, Kenney turned to the Psychologists. (See Attachment-Two) Both named psychologists repeatedly tell Kenney, "there's nothing we can do for you." Alternatively, Kenney's only recourse is to seek injunctive-relief pursuant to Rule 65.

## SUPPORTING-AUTHORITIES

Kenney is experiencing "severe" emotional problems from being in an isolation-segregation-SHU-cell. Therefore, such confinement is detrimental to to his mental health and well-being. "While the prison administration may punish, it may not do so in a manner that threatens the physical and MENTAL HEALTH of prisoners." Madrid v. Gomez, 889 F. Supp. 1146, 1260 (N. D. Cal. 1995)(quoting Young v. Quinlan, 960 F.2d 351, 364 (3rd Cir. 1992)(Hon. Justice Nygaard). Keeping Kenney in isolation also raises "serious" Due Process concerns. Franco v. Moreland, 805 F.2d 798, 799 (8th Cir. 1986). "The duration and conditions of segregated confinement cannot be ignored in deciding whether such confinement meets constitutional standards." Young, supra, 960 F.2d at 364. Perspicuously, "[I]nmates [like Kenney] suffering from mental illness should not be put in the SHU." Madrid. Id. at 1267. Here Defendants are "exposing [Kenney] to unreasonable

Page-Six

## CONCLUSION OF SUPPORTING AUTHORITIES

risk of serious damage to future health." _Helling v. McKinney,_ 509 U.S. 25, 34-35 (1993), because of "the unnecessary and wanton infliction of pain." _Young, supra,_ 960 F.2d 360 n. 22.

## SOUGHT OF INJUNCTIVE RELIEF

Kenney request the following injunctive relief:

1) For the Court to ORDER Warden-Mendez to re-release Kenney to general population at Allenwood;

2) Or transfer Kenney to USP-Lewisburg, along with an ORDER that Kenney be released into general population. Note Lewisburg is within the jurisdiction.;

3) ORDER the U.S. Marshal at its discretion to either transfer Kenney to USP-Lewisburg, or nearby facility into an open general [prison] population.

Shall the Court decide to grant any of the above whole, or in part. That it will not affect this Court's prior ORDER of April 13, 2001, where Kenney is to remain in this jurisdiction.

## CONCLUSION

Failure to grant an injunction will result in Kenney suffering "great" [mental] injury. Therefore, "[i]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them." _Helling,_ 509 U.S. at 33.

WHEREFORE, based upon the aforesaid facts Kenney respectfully seeks injunctive relief from this Honorable Court.

Dated: 10/21/01

Respectfully submitted - requested,

Kenney #05238-041

Mr. John Charles Kenney; pro se-



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,          'Case No. 1:CV-00-2143
            Plaintiff,        'Hon. Judge McClure, Jr.
                              '        (Presiding)
        v.                    '
                              '
JAKE MENDEZ, Warden, et al.,  'Magistrate Blewitt
        Defendants.           '

CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, plaintiff, acting pro se hereby
certify that on Sunday, October 21, 2001, I forwarded
a true carbon-copy of a (6) six-page hand written "PRE-
LIMINARY INJUNCTION MOTION"/ Brief In support,
along with (4) four pertinent documents pursuant to
FRCP, Rule 65(a)(1), and (f). By placing said contents
in a postpaid first class, preaddressed envelope by
mailing it to Defendants' Representative below:

            The Honorable Terz
            U.S. Attorney's Office
            Federal Building, Ste. 316
            240 West Third Street
            Williamsport PA 17701-6465

        Further, I certify that this certificate is compliant
with Local Rule 7.2. governing certificates of service.

            Kenney #05238-041
            _____
            Mr. John Charles Kenney, pro se
            Registration No. 05238-041 -

FILED
SCRANTON
NOV 0 9 2001
PER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,          : Civil No. 1: CV-00-2143
          Plaintiff,          : Hon. Judge McClure, Jr.
                              :    (Presiding)
     v.                       :
                              :
JAKE MENDEZ, Warden, et al.,  : Magistrate Blewitt
          Defendants.         :

BRIEF IN SUPPORT OF PRO SE PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION PURSUANT TO
FRCP RULE 65

COMES NOW PLAINTIFF, John Charles Kenney, acting pro se in the above captioned civil case. Kenney on Thursday, October 18, 2001, had filed a "Preliminary Injunction Motion" under the above Civil RULE 65. In accordance with Local Rule 7.5., and Civ. Rule 65(a)(A) requires Kenney to file this pro se brief, along with pertinent documents all supporting the Brief, and Motion. As a result, Kenney files the instant brief in support of his preliminary-injunction-motion.

INTRODUCTION AND PROCEDURAL HISTORY

While Kenney was a prisoner at Allenwood USP on Wednesday, September 29, 1999, Defendants without provocation "violently" beat Kenney by repeatedly, and gratuitously striking him about his head and facial areas, causing "numerous" physical and

emotional injuries to Kenney. (See Attachments One and Two) (reflecting defendants infliction of physical and emotional injuries upon Kenney). As a result on December 12, 2000, Kenney instituted a Civil Rights Action under _Bivens_ against four defendants, whom were all served accordingly on 12/22/00. (See Dk) (docket item #1).

Although, Defendants committed this "aggravated" assault on Kenney, peculiarly Kenney was criminally indicted on 11/10/99. _U.S.A v. Kenney_, No. 4:CR-99-280 (M.D. Pa). Out of a three-count indictment, Kenney on ct.3 was found guilty by a jury on June 4, 2001, for possessing a disposable razor blade, which is considered contraband in a federal penal system. Kenney is currently pending sentencing on November 20, 2001.

Since, Wednesday, September 29, 1999, Kenney has "involuntarily" been placed and held in isolation-segregation by himself till the present date. On October 13, 2000, Mr. Jesus "Jesse" Gonzales, the aggressor of Kenney, whom is also one of the named defendants has transferred to another facility located in the state of California. Shortly afterwards, another named Defendant, James "Jimmy" Scarborough quit his employment with Allenwood and is currently employed at an "entirely" different location. Another named Defendant, Ms. Kelly M. Keiser is still currently employed at Allenwood USP. Although, Keiser did not actively participate in assaulting Kenney, she was present. Keiser is being sued for not protecting

Kenney, when Gonzales and Scarborough "violently" beat him.

## LIBERAL PLEADING RULE IS INEFFECT

The present Rule 65 Motion, where Kenney is seeking injunctive relief is governed by relevant precedent and a U.S. Supreme Court directive, where Kenney "must be[given] afforded a measure of tolerance" [in the construction of his pro se pleadings]. U.S. ex rel. Montgomery v. Brierly, 414 F. 2d 552, 555 (3rd Cir. 1969). In the case of a pro se litigant, the [motion] will be held to a less stringent standard than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Fed. R. Civ. P. Rule 8(a)(2).

## NECESSITY OF A RULE 65 PRELIMINARY INJUNCTION PRO SE MOTION

It is imperative that injunctive relief be granted, because for the past (25) twenty-five months Kenney has been involuntarily held in isolation-segregation, since Wednesday, September 29, 1999, which is an awful long time. Despite Kenney's recent acquittals of counts 1 and 2 on June 4, 2001, regarding internal and external allegations of 9/29/99 Kenney is still being kept in an isolation-segregation "SHU" cell. Moreover, and more importantly, Kenney "suffers" some cognitive impairments, but none of which that would preclude him from entering a general[prison] population. (See Attachment-Three)(reflecting, dated 2/1/00). Surprisingly, Kenney has virtually maintained an exemplary record of good behavior for him to maintain such, coupled with

his cognitive impairments as recently diagnosed by this Court's expert, Board Certified Psychologist, Dr. S.A. Ragusea on December 5, 2000 is "extraordinary." Because, Kenney has an "extensive" mental health history past and current. Kenney is currently on a psychotropic prescription medication of "HYDROXYZINE" 50 mg. tablets. This medication was prescribed to Kenney by BOP's Psychiatrist, Dr. Grant on April 27, 2001, and renewed on August 8, 2001, expires. Below Kenney presents relevant caselaw that forbids him from being involuntarily held in an isolation-segregation SHU cell.

### PLAINTIFF'S PERSUASIVE SHOWING IN REMAINING FREE FROM AN ISOLATION SEGREGATION SHU CELL AUTHORITIES IN SUPPORT

It is already established in <u>USAv. John C. Kenney</u>, Case No. 4:CR-99-0280. That, Kenney has legitimate psychological/psychiatric problems past and current, however, these problems do not preclude Kenney from being released into an "open" general prison population. Contrarily, Kenney's psych-problems do prohibit him from being in an isolation-segregation SHU cell and/or setting. Kenney's attendance in public at trial for (9) consecutive-days, where he exhibit decorum, coupled with (25) twenty-five months of good or accepted behavior "clearly" represents that Kenney is not a disciplinary, nor management problem. Therefore, keeping Kenney in an isolation-segregation SHU-cell is unjustifiable and illegal. As a result, such confinement is causing Kenney "severe" emotional and psychological difficulties, where it is seemingly becoming unbearable and intolerable- for him to mentally sustain.

4

## KENNEY'S PERSUASIVE SHOWING AND SUPPORTING AUTHORITIES CONT'D

Out of "desperation" Kenney on June 20, 2001, had requested the Warden of Allenwood USP to release him out of SHU-ISOLATION. (See Attachment-Four). The Warden "emphatically" denied Kenney's request. Wholly distraught by the Warden's denial, Kenney turned to the Psychologists. (See Attachment-Two) Both named psychologists repeatedly tell Kenney, "there's nothing we can do for you." Alternatively, Kenney's only re-course is to seek injunctive-relief pursuant to Rule 65.

### SUPPORTING-AUTHORITIES

Kenney is experiencing "severe" emotional problems from being in an isolation-segregation-SHU-cell. There-fore, such confinement is detrimental to to his mental health and well-being. "While the prison administration may punish, it may not do so in a manner that threatens the physical and MENTAL HEALTH of prison-ers." Madrid v. Gomez, 889 F. Supp. 1146, 1260 (N. D. Cal. 1995)(quoting Young v. Quinlan, 960 F.2d 351, 364 (3rd Cir. 1992)(Hon. Justice Nygaard). Keeping Kenney in isolation also raises "serious" Due Process con-cerns. Franco v. Moreland, 805 F.2d 798, 799 (8th Cir. 1986). "The duration and conditions of segregated confinement cannot be ignored in deciding whether such confinement meets constitutional standards." Young, supra, 960 F.2d at 364. Perspicuously, "[i]nmates [like Kenney] suffering from mental illness should not be put in the SHU." Madrid. Id. at 1267. Here Defendants are "exposing [Kenney] to unreasonable

5

_Page·Six_

## CONCLUSION OF SUPPORTING AUTHORITIES

risk of serious damage to future health." _Helling v. McKinney_, 509 U.S. 25, 34-35 (1993), because of "the unnecessary and wanton infliction of pain." _Young, supra_, 960 F.2d 360 n. 22.

## SOUGHT OF INJUNCTIVE RELIEF

Kenney request the following injunctive relief:

1) For the Court to ORDER Warden-Mendez to re-release Kenney to general population at Allenwood;

2) Or transfer Kenney to USP-Lewisburg, along with an ORDER that Kenney be released into general population. Note Lewisburg is within the jurisdiction.;

3) ORDER the U.S. Marshal at its discretion to either transfer Kenney to USP-Lewisburg, or nearby facility into an open general [prison] population.

Shall the Court decide to grant any of the above whole, or in part. That it will not affect this Court's prior ORDER of April 13, 2001, where Kenney is to remain in this jurisdiction.

## CONCLUSION

Failure to grant an injunction will result in Kenney suffering "great" [mental] injury. Therefore, "[i]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them." _Helling_, 509 U.S. at 33.

WHEREFORE, based upon the aforesaid facts Kenney respectfully seeks injunctive relief from this Honorable Court.

Dated: 10/21/01

Respectfully submitted — requested,

Kenney #05238-041

Mr. John Charles Kenney: pro se.



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,     Case No. 1:CV-00-2143
        Plaintiff,       Hon. Judge McClure, Jr.
                                (Presiding)
        v.

JAKE MENDEZ, Warden, et al.,  Magistrate Blewitt
        Defendants.

CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, plaintiff, acting pro se hereby
certify that on Sunday, October 21, 2001, I forwarded
a true carbon-copy of a (6) six-page hand written "PRE-
LIMINARY INJUNCTION MOTION"/ Brief In support,
along with (4) four pertinent documents pursuant to
FRCP, Rule 65(a)(1), and (f). By placing said contents
in a postpaid first class, preaddressed envelope by
mailing it to Defendants' Representative below:

        The Honorable Terz
        U.S. Attorney's Office
        Federal Building, Ste. 316
        240 West Third Street
        Williamsport PA 17701-6465

Further, I certify that this certificate is compliant
with Local Rule 7.2. governing certificates of service.

        Kenney #05238-041
        _____
        Mr. John Charles Kenney, pro se
        Registration No. 05238-041 -



# ATTACHMENT
# ONE

DEC 2-99 THU 3:12 PM   SIS OFFICE USP ALLENWOOD   FAX NO. 5705471950   P. 2

*Defendant's copy portion or discovery material / Dist. Ct. No. 4:99 CR 280 Williamsport, PA*

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

INMATE INJURY ASSESSMENT AND FOLLOWUP
*(Medical)*

| 1. Institution ALP | 2. Name of Injured Kenny John | 3. Register Number 05238-041 |
|---|---|---|

| 4. Injured's Duty Assignment Compound Sanitation | 5. Housing Assignment III A | 6. Date and Time of Injury 9/29/99  1245 |
|---|---|---|

| 7. Where Did Injury Happen *(Be specific as to location)* III A | Work Related? ☐ Yes  ☒ No | 8. Date and Time Reported for Treatment 9/29/99  1305 |
|---|---|---|

**9. Subjective:** *(Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)*

"The unit manager said "Fuck you you're getting a celly" and started hitting me on the head with his keys.

*Signature of Patient*

**10. Objective:** *(Observations or Findings from Examination)*

Head: numerous small cuts all over head. Mild bleeding
Lateral side of ® eye small cut
Eyes: PERRL,
No other injuries noted

X-Rays Taken _____   Not Indicated ☒
X-Ray Results

**11. Assessment:** *(Analysis of Facts Based on Subjective and Objective Data)*

Mild superficial abrasions throughout head

**12. Plan:** *(Diagnostic Procedures with Results; Treatment and Recommended Follow-up)*

① Head abrasions cleaned c̄ peroxide. Antibiotic ointment applied c̄ band aid
② Alert medical staff if any problems arise

**13. This Injury Required:**

☐ a. No Medical Attention
☒ b. Minor First Aid
☐ c. Hospitalization
☐ d. Other *(explain)*

☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☐ g. Civilian Referred to Community Physician

*Signature of Physician or Physician Assistant*

Original – Medical File
Canary – Safety
Pink – Work Supervisor *(Work related only)*

Self Carboned Form – If ballpoint pen is used, PRESS HARD

# ATTACHMENT
# ONE

DE: 2-99 THU  3:12 PM   SIS OFFICE USP ALLENWOOD     FAX NO.  5705471950          P. 2

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**INMATE INJURY ASSESSMENT AND FOLLOWUP**
*(Medical)*

*(left margin, vertical handwriting):* Defendant's copy portion of discovery material / Dist. Ct. No. 4:99 CR 230 Williamsport, PA

| 1. Institution ALP | 2. Name of Injured Kenny John | 3. Register Number 05238-041 |
|---|---|---|
| 4. Injured's Duty Assignment Compound Sanitation | 5. Housing Assignment III A | 6. Date and Time of Injury 9/29/99  1245 |

| 7. Where Did Injury Happen *(Be specific as to location)* III A | Work Related? ☐ Yes  ☒ No | 8. Date and Time Reported for Treatment 9/29/99  1305 |
|---|---|---|

**9. Subjective:** *(Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)*

"The unit manager said "Fuck you you're getting a celly" and started hitting me on the head with his keys."

*Signature of Patient*

**10. Objective:** *(Observations or Findings from Examination)*

Head: numerous small cuts all over head. Mild bleeding
Lateral side of (R) eye small cut
Eyes: PERRL, No other injuries noted

X-Rays Taken _____   Not Indicated ☒
X-Ray Results

**11. Assessment:** *(Analysis of Facts Based on Subjective and Objective Data)*

Mild superficial abrasions throughout head

**12. Plan:** *(Diagnostic Procedures with Results, Treatment and Recommended Follow-up)*

① Head abrasions cleaned c̄ peroxide. Antibiotic ointment applied c̄ band aid
② Alert medical staff if any problems arise

**13. This Injury Required:**

☐ a. No Medical Attention
☒ b. Minor First Aid
☐ c. Hospitalization
☐ d. Other *(explain)*
_____
_____
☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☐ g. Civilian Referred to Community Physician

*Signature of Physician or Physician Assistant* J DeSai PA

Original – Medical File
Canary – Safety

*Self Carboned Form – If ballpoint pen is used,* **PRESS HARD**

# ATTACHMENT ONE

DEC 2-99 THU 3:12 PM SIS OFFICE USP ALLENWOOD    FAX NO. 5705471950    P. 2

Defendant's copy pursuant to discovery material / Dist. Ct. No. 4:99 CR 280
Williamsport, PA

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**INMATE INJURY ASSESSMENT AND FOLLOWUP**
(Medical)

| | | |
|---|---|---|
| 1. Institution ALP | 2. Name of Injured Kenney John | 3. Register Number 05238-041 |
| 4. Injured's Duty Assignment Compound Sanitation | 5. Housing Assignment III A | 6. Date and Time of Injury 9/29/99 1245 |
| 7. Where Did Injury Happen (Be specific as to location) III A | Work Related? ☐ Yes ☒ No | 8. Date and Time Reported for Treatment 9/29/99 1305 |

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

"The unit manager said "Fuck you you're getting a celly" and started hitting me on the head with his keys."

_Signature of Patient_

**10. Objective:** (Observations or Findings from Examination)

Head: numerous small cuts all over head. Mild bleeding
Lateral side of ® eye small cut
Eyes: PERRL
No other injuries noted

X-Rays Taken _____   Not Indicated ☒
X-Ray Results

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)

Mild superficial abrasions throughout head

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)

① Head abrasions cleaned c̄ peroxide. Antibiotic ointment applied c̄ band aid
② Alert medical staff if any problems arise

**13. This Injury Required:**

☐ a. No Medical Attention
☒ b. Minor First Aid
☐ c. Hospitalization
☐ d. Other (explain)
_____
_____
☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☐ g. Civilian Referred to Community Physician

_DeSai PA_
Signature of Physician or Physician Assistant

Original – Medical File
Canary – Safety
Pink – Work Supervisor (Work related only)

Self Carboned Form – If ballpoint pen is used, PRESS HARD

# ATTACHMENT TWO

Allenwood USP

# "Cop Out" Request

Tuesday, April 10, 2001

Dear, Dr. J. Mitchell: (Chief Psychologist)

RE: Inmate's Request For Crisis Assistance

For reasons unknown, I was violently beaten, and placed in isolation-segregation on 9/29/99. Prior to 9/29/99, I was not consistently taking my medication CLONIDINE previously prescribed to me for Impulse Control and Schizoid Personality Disorders. While, I was still in segregation on 5/27/00. I voluntarily ceased taking the clonidine, due to adverse side-effects, i.e., thought confusion, bloating, and weight gaining. I've been in isolation now for approximately (19) nineteen-months. At this time, I still cannot figure out why I'm being kept in isolation. This type of confinement is seemingly becoming "too great" for me to mentally tolerate. Anxiety-attacks are frequent. Sleeping is becoming impossible. Having doomed thoughts of catastrophy ending in tragedy. Rationality is trivial. Nothing appears to make sense anymore, or at all. Actually nothing ever made sense. Constant feel of hopelessness with increasing terror. I feel frightened all the time. And emotionally distraught. For these reasons, I'm requesting your assistance in having me released out of isolation-segregation, or transferred to another facility that will stop keeping me in isolation. There is no reason to keep holding me in isolation, other than retaliction.

Kenney #05238-041

# ATTACHMENT
# TWO

Allenwood USP

## "Cop Out" Request

Tuesday, April 10, 2001

Dear, Dr. J. Mitchell: (Chief Psychologist)

   RE: Inmate's Request For Crisis Assistance

For reasons unknown, I was violently beaten, and placed in isolation-segregation on 9/29/99. Prior to 9/29/99, I was not consistently taking my medication CLONIDINE previously prescribed to me for Impulse Control and Schizoid Personality Disorders. While, I was still in segregation on 5/27/00. I voluntarily ceased taking the clonidine, due to adverse side-effects, i.e., thought confusion, bloating, and weight gaining. I've been in isolation now for approximately (19) nineteen-months. At this time, I still cannot figure out why I'm being kept in isolation. This type of confinement is seemingly becoming "too great" for me to mentally tolerate. Anxiety-attacks are frequent. Sleeping is becoming impossible. Having doomed thoughts of catastrophy ending in tragedy. Rationality is trivial. Nothing appears to make sense anymore, or at all. Actually nothing ever made sense. Constant feel of hopelessness with increasing terror. I feel frightened all the time. And emotionally distraught. For these reasons, I'm requesting your assistance in having me released out of isolation-segregation, or transferred to another facility that will stop keeping me in isolation. There is no reason to keep holding me in isolation, other than retaliation.

Kenney #05238-041

# ATTACHMENT TWO

Allenwood USP

# "Cop Out" Request

Tuesday, April 10, 2001

Dear, Dr. J. Mitchell:    (Chief Psychologist)

RE: Inmate's Request For Crisis Assistance

For reasons unknown, I was violently beaten, and placed in isolation-segregation on 9/29/99. Prior to 9/29/99, I was not consistently taking my medication CLONIDINE previously prescribed to me for Impulse Control and Schizoid Personality Disorders. While, I was still in segregation on 5/27/00. I voluntarily ceased taking the clonidine, due to adverse side-effects, i.e., thought confusion, bloating, and weight gaining. I've been in isolation now for approximately (19) nineteen-months. At this time, I still cannot figure out why I'm being kept in isolation. This type of confinement is seemingly becoming "too great" for me to mentally tolerate. Anxiety-attacks are frequent. Sleeping is becoming impossible. Having doomed thoughts of catastrophy ending in tragedy. Rationality is trivial. Nothing appears to make sense anymore, or at all. Actually nothing ever made sense. Constant feel of hopelessness with increasing terror. I feel frightened all the time. And emotionally distraught.

For these reasons, I'm requesting your assistance in having me released out of isolation-segregation, or transferred to another facility that will stop keeping me in isolation. There is no reason to keep holding me in isolation, other than retaliation.

Kenney #05238-041

# ATTACHMENT THREE



**U.S. Department of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary, Allenwood*

*White Deer, PA 17887-3500*

February 1, 2000

**REPLY TO**
**ATTN OF:**   Jake Mendez, Warden
USP, Allenwood, PA

**SUBJECT:**   Request for Transfer (Disciplinary – Code 309)
USP Marion, IL

**TO:**   David M. Rardin, Regional Director
NERO, Philadelphia, PA

**ATTN:**   James Warner, Correctional Services Administrator

1.   **Name and Register Number:**  KENNEY, John
05238-041

2.   **Rationale for Redesignation:** Inmate Kenney was redesignated to USP
Allenwood, PA, in October 1998, as a Nearer Release transfer from USP
Lompoc, CA. Since his arrival at this facility, inmate Kenney has increasingly
become a management problem, displaying a disregard and disrespect for
staff and established rules and regulations. He has incurred two disciplinary
infractions for refusing his work assignment and, on numerous occasions,
has become belligerent and confrontational when forced to accept cellmates.

On September 29, 1999, inmate Kenney requested to speak with the Unit
Manager of his housing unit regarding a new cellmate whom he had
received. Inmate Kenney requested that he be allowed to reside in a single
cell. When the Unit Manager denied inmate Kenney's request, inmate
Kenney became agitated and began throwing punches at the Unit Manager.
The Unit Manager was able to defend himself and, with the assistance of the
Unit Officer, restrained inmate Kenney until additional help arrived.

3.   **Proposed Transfer Code:**  309

Request for Redesignation
KENNEY, John
05238-041
Page 2

4.  **CIMS Assignment:** Separation

5.  **Release Destination:** Western District of Pennsylvania

6.  **Institution Recommended:** USP Marion, IL, or any appropriate
    High Security level institution.

7.  **Medical Status:** Inmate Kenney is assigned a regular duty status with
    no medical restrictions.

8.  **Does the Inmate Concur with this Transfer Request?** No

9.  **Additional Pertinent Information-BP 337/338 Discrepancies:**
    Inmate Kenney is classified as a 28 point High Security level inmate
    being maintained under Max Custody. He is serving a 262 month
    SRA sentence for Conspiracy (Bank Robbery), Bank Robbery and
    Armed Bank Robbery. He has a projected release date of September
    21, 2016, with five years of supervision to follow. It should be noted
    that one of inmate Kenney's conditions of supervision is mental health
    aftercare. Inmate Kenney will attempt to explain his erratic behavior
    and necessity for special consideration result from severe psychological
    disorders; however, psychology staff at this facility have confirmed that
    inmate Kenney should be considered fully functional and suitable for
    the general population.

    The only discrepancy noted in the scoring of the BP-337 and the
    BP-338 pertains to history of violence. The BP-337 is scored with a
    serious history of violence between 5-10 years ago. On December 7,
    1999, inmate Kenney was found guilty of Assaulting with Serious Injury
    (101-A). The BP-338 has been updated to reflect a serious history of
    violence less than five years ago.

**Request for Redesignation**
**KENNEY, John**
**05238-041**
**Page 3**

Prepared by:  K. Keiser, Case Manager, Unit III

Reviewed by:  J. Gonzalez, Unit Manager, Unit III

Reviewed by:  J. Sherman,  Captain

Reviewed by:  M. Tanner, Acting CMC

Reviewed by:  Ronnie R. Holt, AW(P)

# ATTACHMENT THREE



**U.S. Department of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary, Allenwood*

*White Deer. PA 17887-3500*

February 1, 2000

**REPLY TO
ATTN OF:** Jake Mendez, Warden
USP, Allenwood, PA

**SUBJECT:** Request for Transfer (Disciplinary - Code 309)
USP Marion, IL

**TO:** David M. Rardin, Regional Director
NERO, Philadelphia, PA

**ATTN:** James Warner, Correctional Services Administrator

1.   **Name and Register Number:** KENNEY, John
                                    05238-041

2.   **Rationale for Redesignation:** Inmate Kenney was redesignated to USP
Allenwood, PA, in October 1998, as a Nearer Release transfer from USP
Lompoc, CA. Since his arrival at this facility, inmate Kenney has increasingly
become a management problem, displaying a disregard and disrespect for
staff and established rules and regulations. He has incurred two disciplinary
infractions for refusing his work assignment and, on numerous occasions,
has become belligerent and confrontational when forced to accept cellmates.

On September 29, 1999, inmate Kenney requested to speak with the Unit
Manager of his housing unit regarding a new cellmate whom he had
received. Inmate Kenney requested that he be allowed to reside in a single
cell. When the Unit Manager denied inmate Kenney's request, inmate
Kenney became agitated and began throwing punches at the Unit Manager.
The Unit Manager was able to defend himself and, with the assistance of the
Unit Officer, restrained inmate Kenney until additional help arrived.

3.   **Proposed Transfer Code:** 309

Request for Redesignation
KENNEY, John
05238-041
Page 2

4.    **CIMS Assignment:** Separation

5.    **Release Destination:** Western District of Pennsylvania

6.    **Institution Recommended:** USP Marion, IL, or any appropriate High Security level institution.

7.    **Medical Status:** Inmate Kenney is assigned a regular duty status with no medical restrictions.

8.    **Does the Inmate Concur with this Transfer Request?** No

9.    **Additional Pertinent Information-BP 337/338 Discrepancies:**
      Inmate Kenney is classified as a 28 point High Security level inmate being maintained under Max Custody. He is serving a 262 month SRA sentence for Conspiracy (Bank Robbery), Bank Robbery and Armed Bank Robbery. He has a projected release date of September 21, 2016, with five years of supervision to follow. It should be noted that one of inmate Kenney's conditions of supervision is mental health aftercare. Inmate Kenney will attempt to explain his erratic behavior and necessity for special consideration result from severe psychological disorders; however, psychology staff at this facility have confirmed that inmate Kenney should be considered fully functional and suitable for the general population.

      The only discrepancy noted in the scoring of the BP-337 and the BP-338 pertains to history of violence. The BP-337 is scored with a serious history of violence between 5-10 years ago. On December 7, 1999, inmate Kenney was found guilty of Assaulting with Serious Injury (101-A). The BP-338 has been updated to reflect a serious history of violence less than five years ago.

Request for Redesignation
KENNEY, John
05238-041
Page 3

Prepared by:  K. Keiser, Case Manager, Unit III

Reviewed by:  J. Gonzalez, Unit Manager, Unit III

Reviewed by:  J. Sherman,  Captain

Reviewed by:  M. Tanner, Acting CMC

Reviewed by:  Ronnie R. Holt, AW(P)

# ATTACHMENT THREE



**U.S. Department of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary, Allenwood*

*White Deer, PA 17887-3500*

February 1, 2000

**REPLY TO** Jake Mendez, Warden
**ATTN OF:** USP, Allenwood, PA

**SUBJECT:** Request for Transfer (Disciplinary - Code 309)
USP Marion, IL

**TO:** David M. Rardin, Regional Director
NERO, Philadelphia, PA

**ATTN:** James Warner, Correctional Services Administrator

1. **Name and Register Number:** KENNEY, John
05238-041

2. **Rationale for Redesignation:** Inmate Kenney was redesignated to USP Allenwood, PA, in October 1998, as a Nearer Release transfer from USP Lompoc, CA. Since his arrival at this facility, inmate Kenney has increasingly become a management problem, displaying a disregard and disrespect for staff and established rules and regulations. He has incurred two disciplinary infractions for refusing his work assignment and, on numerous occasions, has become belligerent and confrontational when forced to accept cellmates.

On September 29, 1999, inmate Kenney requested to speak with the Unit Manager of his housing unit regarding a new cellmate whom he had received. Inmate Kenney requested that he be allowed to reside in a single cell. When the Unit Manager denied inmate Kenney's request, inmate Kenney became agitated and began throwing punches at the Unit Manager. The Unit Manager was able to defend himself and, with the assistance of the Unit Officer, restrained inmate Kenney until additional help arrived.

3. **Proposed Transfer Code:** 309

Request for Redesignation
KENNEY, John
05238-041
Page 2

4.   **CIMS Assignment:** Separation

5.   **Release Destination:** Western District of Pennsylvania

6.   **Institution Recommended:** USP Marion, IL, or any appropriate High Security level institution.

7.   **Medical Status:** Inmate Kenney is assigned a regular duty status with no medical restrictions.

8.   **Does the Inmate Concur with this Transfer Request?** No

9.   **Additional Pertinent Information-BP 337/338 Discrepancies:**
     Inmate Kenney is classified as a 28 point High Security level inmate being maintained under Max Custody. He is serving a 262 month SRA sentence for Conspiracy (Bank Robbery), Bank Robbery and Armed Bank Robbery. He has a projected release date of September 21, 2016, with five years of supervision to follow. It should be noted that one of inmate Kenney's conditions of supervision is mental health aftercare. Inmate Kenney will attempt to explain his erratic behavior and necessity for special consideration result from severe psychological disorders; however, psychology staff at this facility have confirmed that inmate Kenney should be considered fully functional and suitable for the general population.

     The only discrepancy noted in the scoring of the BP-337 and the BP-338 pertains to history of violence. The BP-337 is scored with a serious history of violence between 5-10 years ago. On December 7, 1999, inmate Kenney was found guilty of Assaulting with Serious Injury (101-A). The BP-338 has been updated to reflect a serious history of violence less than five years ago.

Request for Redesignation
KENNEY, John
05238-041
Page 3

Prepared by:  K. Keiser, Case Manager, Unit III

Reviewed by:  J. Gonzalez, Unit Manager, Unit III

Reviewed by:  J. Sherman,  Captain

Reviewed by:  M. Tanner, Acting CMC

Reviewed by:  Ronnie R. Holt, AW(P)