IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
    Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
    Defendants.

Case No. 1:CV-00-2143
Hon. Judge McClure, Jr.
(Presiding)
(Magistrate Blewitt)

FILED
WILLIAMSPORT, PA
NOV 26 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

### PRO SE PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' OPPOSITION OF A PRELIMINARY INJUNCTION

NOW COMES, John Charles Kenney, plaintiff, acting *pro se* in the above captioned action. Kenney hereby files a timely "Reply Brief" to Defendants' Opposition of his previously filed Preliminary Injunction Motion pursuant to 28 USCA FRCP RULE 65(a)(f). On Oct. 21, 2001, Kenney had, indeed, properly filed a Rule 65 Motion and Supporting Brief, along with Attachments. This Motion was docketed by the Chief Deputy Clerk of this Court on Oct. 25, 2001. On Nov. 9, 2001, Defendants filed in opposition, also dated 11/9/01. Retrospectively, Kenney hereby files this responsive reply brief by fully addressing each of Defendants' issues.

### PROCEDURAL HISTORY AND BACKGROUND

On September 29, 1999, a triad of Defendants had "violently" beat Kenney at his current place of confinement Allenwood USP. Defendants,

PROCEDURAL. ISTORY AND BACKG. JUND Cont'd
<hr />

namely Gonzales had launched a series of smitten blows to Kenney's head and facial areas with "LARGE" sharp metal keys, causing Kenney "NUMEROUS" physical and emotional injuries. (SEE Kenney's Preliminary Injunction Supporting Attachments One and Two)(reflecting); see also (this Court's ORDER of Nov. 1, 2001, at p.3)(reflecting physical injuries). Another named-defendant, Mr. Scarborough assisted Mr. Gonzales, while the third Ms. Keiser stood mute as her cohorts had miscreantly acted. As a result on Dec. 22, 2000, Kenney instituted a <u>Bivens</u> action against each of the defendants in their individual and official capacities. The instant "<u>Pro se</u> Preliminary - Injunction Reply" response arises therefrom.

Peculiarly, Kenney was criminally indicted on Nov. 10, 1999 - <u>USA v. Kenney</u>, No. 4: CR-99-280 (M.D.Pa.). Out of a three-count indictment, Kenney was found guilty by a jury on June 4, 2001, for possessing a disposable razor-blade (concealed in a match pack), which is considered contraband in a federal penal system. Kenney is currently pending sentencing on November 20, 2001.

THE REASONS FOR KENNEY FILING A PRELIMINARY INJUNCTION 65 MOTION
<hr />
Although, Defendants had committed

## REASONS FOR KENNEY FILING A 55 MOTION
### Cont'd

this "aggravated" assault on Kenney. Institutionally, Defendants alleged that Kenney had attempted to assault one of the named-defendants, Mr. Gonzales on Sep. 29, 1999. As a result, Kenney was "involuntarily" placed in SHU-isolation-segregation by himself. Based upon Gonzales' concoction of an incident-report on Kenney by charging he had allegedly attempted to assault him. An internal Disciplinary hearing was convened, where Kenney had waived attendance. Quite obviously, the Discipline Hearing Officer ("DHO") found Kenney guilty of the above institution infraction, and imposed a "plethora" of sanctions. (See Defs.' Opp. Br., p. 2)(revealing). Out of two of those sanctions, _inter alia_, was 60-days disciplinary-segregation, and disciplinary-transfer. For two reasons, Kenney could not be transferred: <u>First</u>, he was then pending trial, which is now moot; <u>Secondly</u>, he is to remain within this jurisdiction, until his current civil case is terminated. (SEE ORDER, dated 4/13/01)(reflecting). Eventhough, Kenney had successfully completed his 60-days of disciplinary-segregation time — on April 18, 2000. Defendants "continue" to keep Kenney in SHU-isolation-segregation, absent reason. For the reasons above Kenney initiated a "<u>Pro se</u> Preliminary Injunction Motion," pursuant to <u>Fed. R. Civil Proc.</u> <u>RULE 65(a)(f)</u>.

3

## FEDERAL PRISONER EXHAUSTION REQUIREMENT

Pursuant to recent amendments of the Prison Litigation Reform Act of 1996, codified at 42 USC 1997e(a)(amended by Pub. L. 104-134, Title I, § 101(a), 110 Stat. 1321-71 (1996)). Requires prisoner-plaintiffs to fully exhaust internal prison grievance procedures called administrative remedies, before filing a <u>Bivens</u> action in Federal Court. Generally see <u>Booth v. Churner</u>, 206 F.3d 289, 291-300 (3rd Cir. 2000)(C.J., Becker). This multi-tiered system consist of a four-step procedure. See 28 CFR, at 542.13(a); 542.14(a); 542.15(a), and 542.18. Oddly, defendants claim Kenney failed to fulfill exhaustion before filing the instant-suit. (See Defs.' Opp. Br., at p. 3, 4, and 5, dated 11/9/01). Kenney before filing this suit has, indeed, "fully" satisfied this requirement. (See Defs.' Exs, at Attach #1)(bearing Remedy ID No. 224261-A1, dated 11/14/00). In addition, Kenney also exhausted a Federal Tort Claim, before filing this suit. (See Docket Entry of Sept. 24, 2001, where Kenney had submitted a "COMPLETE" Exhaustion Packet). Apparently, the Defendants had failed to examine their own exhibits before attempting to raise an exhaustion argument. This argument by Defendants is moot. Thus, Kenney's preliminary-injunction motion arises from the "SAME" cause of action. See <u>Young v. Quinlan</u>, 960 F.2d 351, 356 n.8 (3rd Cir. 1992). Therefore, Kenney need not file, nor initiate an entirely separate action in order to prevail upon the instant one.

4

## ARGUMENT

I. Kenney need not pursue additional admin. remedies in order to prevail upon his Rule 65 Motion, because Defendants claim they do not "have the ability to affect Kenney's housing status..." (Defs.' Opp. Br., at p. 6, n. 1). Therefore, Kenney's "individual interests outweigh countervailing institutional interests favoring exhaustion." McCarthy v. Madigan, 503 U.S. 140, 150 (1992). Thus, Kenney's on the final stages of exhaustion, regarding the issues contained in his 65-Motion. (See Attach-One). Eventhough, this procedure is "futile."

II. Defendants' argument regarding an abundance of commercial elements regarding the issuance of a Rule 65 Motion is "superfluous." (Defs.' Opp. Br., at p. 5-6). For Kenney to prevail upon his 65-Motion, he only has to satisfy "TWO" elements. See Abu-Jamal v. Price, 154 F.3d 128, 133 (3rd-Cir. 1998)(Nygaard, J.). Kenney satisfies "both" elements. Therefore, Kenney's 65-Motion should be granted.

III. Kenney's invocation under the analysis mandated by Sandin v. Conner, 515 U.S. 472, 483 (1995) dictate that, he has a federally protected "liberty interest" in remaining free from [SHU-isolation] segregative confinement.

5

## ARGUMENT/Cont'd

See <u>Tellier v. Fields</u>, 230 F.3d 502, 509-12 (2nd Cir. 2000)(Affirming prisoner-plaintiff's constitutional protected liberty right in remaining free from segregative confinement). Kenney is not pending re-classification as defendants claim in their (Opp. Br., at p.2). Kenney's already been classified. (See Attach-Two). When two of the defendants Gonzales transferred over a year ago, and Scarborough quit around the same time. This "ceased" the Defendants' reasons for keeping Kenney segregatively confined. As a result, Kenney should have been released from segregation l-o-n-g ago. "Why?" Because, 28 CFR, at <u>Section</u> 541.22(c) mandates that, "[t]he SRO shall release an inmate from administrative detention when reasons for placement cease to exist." <u>Tellier</u>, 230 F.3d at 513 (emphasis-added). Also, Kenney is not challenging the 27-months, <u>i.e.</u>, duration of his isolation-segregation, as Defendants claim (Defs.' Opp. Br., at p. 7-8). Kenney "strenuously" contends that, the reasons for keeping him segregatively confined <u>no longer exist</u> based upon the above, and that his cognitive impairments "preclude" him from being segregatively confined to "SHU-cell" period. Thus, resulting in Constitutional deprivations. This also covers the transfer issue raised by defendants, because Kenney pending transfer is no longer warranted.

6

## PRELIMINARY INJUNCTION STANDARD

Federal Rule of Civil Procedure 65 permits a court to grant a preliminary injunction if the moving party demonstrates a likelihood of success in the litigation, and that he will suffer great or irreparable injury absent an injunction. Fed. R. Civ. P. 65; Abu-Jamal, supra, 154 F.3d at 133 (Nygaard, Cir. J.).

## DISCUSSION

Defendants in opposition argue that, Kenney has (1) no right to be housed in a particular prison; (2) he has no [protected] liberty interest under the (Sandin-analysis); (3) that he suffers no deprivation from continuous segregative confinement of 27-MONTHS. Kenney addresses these claims seriatim. Because two of defendants' claims lack merit.

1) Kenney is cognizant of the fact that he can not choose the place of his incarceration, already recognized by this Court in Koch v. Schuylkill Co. Prison, 94 F. Supp. 2d 557, 565 (M.D. Pa. 2000) (where this Court recently opined that "a prisoner may not choose the place of his incarceration.") (McClure, J.). However, Kenney's injunctive-request could be characterized as "remedial" consideration for the Court. Rather than direct request(s). This claim by defendants are misconceived.

7

## KENNEY'S STATUTORY RIGHT IN REMAINING FREE FROM ADMINISTRATIVE SEGREGATION

2) Its already established in <u>USA v. Kenney</u>, No. 4:CR-99-0280 that Kenney legitimately suffers some cognitive impairments deriving from a mental disease, or defect. Therefore, the following regulations apply to him. It should also be noted that Kenney is "bi-sexual." (See Attach- One)(reflecting). When two of the named-defendants Gonzales and Scarborough sought employment somewhere other than USP-Allenwood (over year ago) had "ceased" reasons for keeping Kenney in segregation. "The SRO shall release an inmate from administrative detention when reasons for placement cease to exist." <u>Tellier</u>, supra, 230 F.3d at 513 (quoting 28 CFR 541.22(c)(1). Thus, this Court has previously held that <u>Section 541.22</u> confers a liberty interest. <u>Maclean v. Secor</u>, 876 F.Supp. 695, 701-02 (E.D.Pa. 1995); accord <u>Tellier</u>, Id., at 512. Because, Kenney is "bi-sexual" and taking psychotropic medication by prescription, he is not to be segregatively confined. See 28 CFR, at <u>Sections</u> 541.41(c)(1),(2), provides that:

> "The Warden may not refer an inmate for placement in a control unit: If the inmate shows evidence of significant mental disorder; or that the inmate is a homosexual."

"Inmates requiring prescribed psychotropic medication are not ordinarily housed in a control unit." 541.46(i).

8

## KENNEY'S FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAIMS

Freedom from bodily restraint is at the core of the liberty interest protected by the due process clause. <u>Youngberg v. Romeo</u>, 457 U.S. 307, 316 (1982), citing <u>Buckley v. Rogerson</u>, 133 F.3d 1125, 1129 (8th Cir. 1998).

### CONCLUSION

Defendants failing to adhere to the Statute and by keeping Kenney in segregation, absent procedural due process deprives him of the <u>Fifth</u> and <u>Fourteenth</u> Amendments afforded him under the U.S. Constitution. The deprivations result in an "atypical and significant hardship on [Kenney] in relation to the ordinary incidents of prison life." <u>Sandin</u>, <u>supra</u>, at 484-486; <u>Tellier</u>, Id. at 514. Thus, "[a]dministrative detention is to be used only for short periods of time..." <u>Tellier</u>, Id. at 514; 28 CFR 541.22(c)(1). Kenney demonstrates a "STRONG" likelihood of success in the litigation, and that he will [mentally and emotionally] suffer "GREAT" irreparable injury absent an injunction. Lastly, it is not uncommon for a Federal Court to ORDER inmates out of BOP-segregation-units. <u>Tate v. Carlson</u>, 609 F.Supp. 7, 11 (D.C.N.Y. 1984). For all these reasons, Kenney's "<u>Pro se</u> Preliminary Injunction" should be granted.

Dated: 11/16/01

Respectfully submitted,

Kenney #05238-041

Mr. John Charles Kenney, <u>pro se</u>

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CHARLES KENNEY, Plaintiff, | Case No. 1:CV-00-2143 Hon. Judge McClure, Jr. (Presiding) |
| v. | |
| JAKE MENDEZ, Warden, et al., Defendants. | Magistrate Blewitt |

## CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, plaintiff, acting pro se hereby certify that on Sunday, November 18, 2001, I forwarded a true carbon-copy of a (9) nine-page hand written "Pro se REPLY-BRIEF" pursuant to FRCP-65, along with (6) six-supporting attachments. By placing said contents in a postpaid first class, pre-addressed legal size envelope and mailed it to Defendants' Representative below:

The Honorable Terz
U.S. Attorney's Office
Federal Building, Ste. 316
240 West Third Street
Williamsport PA 17701-6465

Kenney #05233-041
_____
Mr. John Charles Kenney, pro se