Civil No. 1:CV-00-2143

ATTACHMENTS IN SUPPORT OF KENNEY'S PAGES 65

REPLY-BRIEF

FILED
WILLIAMSPORT, PA

NOV 2 6 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

Notation: Fourth Step
Completed

<u>Chronological Description</u>

ONE: Third step of Inmate grievance procedure.

TWO: Reveals Kenney has already been classified.

THREE: Reveals Kenney has been physically assaulted
   in the SHU previously by Allenwood PI Officials.
   Which resulted in a separate civil action involving
   different defendants. <u>Kenney v. Fanello</u>. No. 00-3118,
   (pending disposition by the Hon. Third Circuit).

FOUR: Portion of a previously filed inmate-grievance by
   Kenney that demonstrates that BOP-Officials se-
   gregatively confine him even when transferred.

FIVE: Proves that before Sept. 29, 1999, Kenney maintained
   a Medium/In security-level. However, some time
   after Sept. 29, 1999. Gonzales, a named-defendant
   was permitted to "hype" Kenney's security-level by
   and through manipulation. Gonzales placed a MAX
   custody on Kenney intentionally knowing that this
   works a MAJOR disruption within Kenney's housing
   status, transfers, etc. (SEE Attach-Four)(reflecting).

SIX: In Kenney's transient/transfer papers reveal that,
   he assaulted BOP-Officials eventhough Kenney's
   been acquitted of such. This results in "substantial"
   prejudice to Kenney, because the receiving facilities
   automatically treat him invidious dissimilar. When
   Kenney attempted to have this corrected. Allenwood
   Prison Officials denied him.

Respectfully submitted,

Kenney, <u>pro se</u>

Plaintiff-Kenney's Rule 65 Reply-Attachments

Civil No. 1:CV-00-2143

# ATTACHMENT ONE

● ●

ALP-1330.13B
March 1, 1997
Attachment 1

## BP-8

### UNITED STATES PENITENTIARY
### ALLENWOOD, Pennsylvania

#### ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
#### INFORMATION RESOLUTION FORM

**NOTE TO INMATE:** You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 (BP-229.13), you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

Issued By: ~~E. FISHER~~ L. ODDO _____ Initials of Correctional Counselor

Date Issued To The Inmate: 7-30-01

INMATE'S COMMENTS: (See Documentary Evidence Appended)

1. Complaint: My Marion-USP transfer/referral is incorrect. BOP-Policy and CFR forbids me from being housed, transferred, or designated to a level-six facility, or "lock-down" facility.

2. Efforts you have made to informally resolve: forwarded written request to Allenwood USP Warden, Assoc. Wardens of Custody and Programs.

3. Names of staff you contacted: Warden-Meadez, Mr. Apker, AW(P), Mr. Holt, AW(C), Mr. Hennes, Captain, Ms. Hawk, Central Dir.; Mr. Hershberger, N. Central Director

Date Returned to Correctional Counselor: Wed. August 8, 2001

_J.C. Kenney_ _____ 05238-041 _____ 8/7/01
Inmate's Signature _____ Reg. No. _____ Date

#### CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted: _____
   At the current time your status has not changed. You are still pending designation to a Control Unit.

Date BP-9 Issued: 8-20-01

_____ Correctional Counselor

_____ 8-20-01
Unit Manager (Date)

## Appended Sheet Supporting BP-8

### Statement Of Facts

On 9/29/99, I was allegedly accused of attempted assault on my (former) III-A Unit Manager, Mr. Gonzalez. An incident-report was subsequently concocted, where I had waived attendance. Obviously, the DHO found me guilty, inter alia, of attempted assault. As a portion of sanctions imposed. DHO recommended a [code 309] disciplinary transfer. However, DHO did not recommend that I require a transfer to a more secure facility, i.e., Marion, or ADX-Florence. Solely, it was Gonzalez himself whom sought an increase in my custody, i.e., Max Custody, etc. (See SENTRY-entries)(reflecting). DHO did not recommend a more secure facility.

### Grounds For Relief

Based upon the surrounding circumstances of my case, coupled with the (documentary evidence appended hereto) forbids me from being housed in a level six facility. Even though, Marion is not, or no longer a Control Unit, It is equivalent to one. Moreover*, I am currently on psychotropic meds (3) three times a day, and was recently acquitted by a Federal Court, and jury of ~~assault~~ Not guilty "ONLY" by reason of insanity. Possession of a disposable razor where I never received an incident-report, also does not warrant a Marion-referral. Therefore, the Marion transfer/referral is misnomer. Meaning a "colossal wrong."

### Relief Requested

Deletion/rescind Marion transfer. Submit for redesignation, excluding Marion. Or, release to pop

28 CFR 542.14(a)

U.S. DEPARTMENT OF JUSTICE (See Amended
Federal Bureau of Prisons            Materials in support)    REQUEST FOR ADMINISTRATIVE REMEDY

BP-9    542.14(d

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: KENNEY, J.  C.    05238-041    I-B    Allenwood USP
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A– INMATE REQUEST  On 9/29/99, I was allegedly accused of attempting to assault my then (former) Unit Mgr. Gonzales. An Incident-Rpt. was concocted. I waived DHO attendance. Quite obviously, DHO found me guilty. As a portion of sanctions imposed, DHO had recommended a code[309] disciplinary transfer. However, DHO "DID NOT recommend I be transferred to a more secure facility, (i.e USP-Marion or ADX-Florence. Solely, it was Gonzales himself whom sought an increase in my custody. (See SENTRY-entry (reflecting). An Indictment arose from this alleged incident above, where later on 6/4/01, I was found "NOT Guilty, ONLY BY REASON OF INSANITY." Currently, I am prescribed psycho-tropic meds, which precludes me from being housed; or designated in a control unit.

8/21/01
DATE

_____
SIGNATURE OF REQUESTER

Part B– RESPONSE

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 247494-F1

CASE NUMBER: _____

Part C– RECEIPT

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-9 Addendum Pursuant To 28 CFR 542.14(d)

## Statement Of Facts

Is adequately set out on face of formal BP-9.

## Grounds For Relief

A Control Unit designation is misnomer for me because:

1) DHO never recommended, I be transferred to a higher level security facility, i.e., Marion, or ADX-Florence;

2) I'm precluded from being designated, on housed in a level-six facility, because I've been on psychotropic medicine, prescribed to me for psych-disorders, since 11/14/97. My prescription for psych-meds was just renewed by Psychiatrist, Dr. Grant on 8/3/01 via tele-conferencing. (See 28 CFR, at 541.41(c)(i); 541.46(j); see also P.S. 5212.06, at p. 5 and 6));

3) Lastly, I'm precluded from being housed, or designated at or in a Control Unit, because I'm "bisexual", yes I'm a ("bonafide") freak. (See 28 CFR, at 541.41(c)(2); see also P.S., at p. 6.) This alone precludes me from being housed, or placed in a level-six facility. Although, I'm not homosexual, bisexuality is in the definition of 541.41(c)(2). Therefore, I'm statutorily barred from being in a Control Unit.

## Relief Requested

4) Deletion/Rescind Control Unit designation;

5) To be released to population pursuant to the provisions of 28 CFR 541.22(a)(b)(i), and 541.22(c).

*Warden's Response To BP-9*

KENNEY, John
REG. NO.  05238-041
APPEAL NO.  247494-F1
PAGE 1

---

### Part B - Response

In your request for Administrative Remedy you allege that you have been incorrectly referred for transfer to the United States Penitentiary (USP) in Marion, Illinois.  You contend you are precluded from designation to a Control Unit based on your mental illness, your need for psychotropic medication, and your assertion that you are bisexual.  You request the Control Unit designation be rescinded and that you be returned to the general population at USP Allenwood.

On September 29, 1999, you became disruptive when told by your Unit Manager you would be receiving a cell mate.  You then struck your Unit Manager in the face with a closed fist.  As staff responded to the area, you continued to be assaultive and combative with responding staff who were attempting to restrain you.  You were subsequently found to have committed the prohibited act Assault With Serious Injury, Code 101(A).  One of the sanctions imposed was a recommendation for a disciplinary transfer.

Program Statement 5212.07 entitled Control Unit Programs, dated February 20, 2001, defines the criteria for placement of an inmate in a Control Unit Program.  The policy states in part, "In an effort to maintain a safe and orderly environment within its institutions, the Bureau of Prisons operates control unit programs intended to place into a separate unit those inmates who are unable to function in a less restrictive environment without being a threat to others....  The Warden shall consider the following factors in a recommendation for control unit placement:  Any incident during confinement in which the inmate has caused injury to another person...."

The policy further states, "The Warden may not refer an inmate for placement in a control unit: (1)  If the inmate shows evidence of significant mental disorder or major physical disabilities as documented in a mental health evaluation or physical examination; (2) On the basis that the inmate is a protection case, for example, a homosexual, an informant, etc...."

My review indicates that you have not been diagnosed with a major mental illness, nor do you show evidence of a significant mental disorder.  Your assertion that your finding in Federal Court of "Not Guilty By Reason of Insanity" on the referenced assault against your Unit Manager has no bearing on your current mental health status.  Rather, it was a determination made of your functioning at the time of the incident, specifically, September

(Cont'd on Page 2)

KENNEY, John
REG. NO.  05238-041
APPEAL NO.  247494-F1
PAGE 2

---

### Part B - Response

1999.  It continues to be the opinion of our Psychology staff that you do not suffer from a major mental illness.  You function adequately at this facility and show no signs of impairment.

You contend that you are prescribed a psychotropic medication which precludes you from being transferred to a control unit.  My review indicates you are prescribed Hydroxyzine.  This medication is ordered to be taken at bedtime to help you sleep.  Although this medication is classified as a psychotropic medication, it has not been prescribed as a result of a mental illness.  As indicated, you had complaints of inability to sleep; therefore, the Hydroxyzine was prescribed at bedtime as a sleep aid.  Accordingly, this prescription does not preclude you from transfer to a control unit.

Finally, you state you should not be transferred to a control unit based on your self-admission as a "bisexual," which you contend is classified similarly to "homosexual."  You state homosexual inmates are precluded from transfer to a control unit based on policy.  My review indicates that policy clearly states inmates may not be referred for placement in a control unit if the inmate is a protection case, for example a homosexual, an informant, etc.  You have not been classified as a protective custody case or requiring protection.  In fact, in your Request for Administrative Remedy, you request to be released to the general population.  It is clear you do not have concerns for your safety if released to the general population.

Therefore, you have been appropriately recommended for transfer to a control unit.  Accordingly, your request for Administrative Remedy is denied.  If you are not satisfied with this response, you may appeal to the Regional Director within 20 calender days of this response.

Date  9-5-01

Jake Mendez
Warden

*Sensitive Limited Official Use Only*

**U.S. Department of Justice**

*BP-10*

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

28 FR 542.15(a)    9-1?

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Kenney, John, C.     05238-041     I-B     Allenwood USP
   LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL**

Mr. Mendez's (Warden) response is directly in violation of the CFR, at 541.41(c)(1); 541.46(i), and BOP Program Statement 5212.06, at p. 5, 6, and 12. (See Enclosures) reflecting). Additionally, the Marion Referral itself, at p. 2, dated 2/1/01, states in pertinent part that, "Kenney should be considered fully functional and suitable for the general population." (See SENTRY-ENTRY)(reflecting). Based upon the above facts, coupled with the documentary evidence- clearly dictate my pre-clusion from entering a Control Unit.

9/21/01
   DATE

Mr. John C. Kenney
   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

   DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 247494-R/

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
   LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

BP-230(13)

KENNEY, John
Reg. No. 05238-041
Appeal No. 247494-R1
Page One

---

### Part B - RESPONSE

You appeal the decision of the Warden at USP Allenwood to
continue your transfer.  You contend you are fully functional and
are not suitable for a control unit.  You request your transfer
be rescinded and that you remain in the general population at USP
Allenwood.

An investigation into your appeal revealed that you were placed
in administrative detention at USP Allenwood pending
investigation into an assault on staff.  On December 7, 1999, you
were found to have committed the prohibited act of Assault with
Serious Injury.  Based on your conduct, it was determined that
you required greater supervision.  As such, a disciplinary
transfer was requested and approved.  You have been held at USP
Allenwood pending the finalization of your criminal prosecution.
We concur with the Warden's sound correctional judgement to
transfer you to another facility for safety and security reasons.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: October 24, 2001

DAVID M. RARDIN
Regional Director

*Fourth Step Completed*

003
11-15-0
E.F.F

**U.S. Department of Justice**                    **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons              *BP-11 Finality Appeal By Inmate*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: _Kenney, John C_     _05238-041_   _I-B_   _USP-Allenwood_
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**

Warden of USP-Allenwood, Mr. Mendez, and N.E.,
Regional Director, Mr. D.M. Rardin's responses are
"wholly" contrary to the Regulations provided by
28 CFR, at 541.41(c)(1); 541.46(i); 541.41(c)(2), and
BOP-Program Statement 5212.06, at pages 5 and 6.
Based upon the above, coupled with documents
appended hereto reflect violations of the regulations
for their failure to follow these directives. That this
appeal should be granted. As a result, I request to be
released to general population commensurate with 541.22(c)
_Nov. 15, 2001_                    _Mr. John C. Kenney_
      DATE                              SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                    _____
      DATE                              GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE              CASE NUMBER: _____

**Part C—RECEIPT**

                                        CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____                    _____      BP-281(13)
      DATE                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    APRIL 1982
USP LVN

# ATTACHMENT TWO

Allenwood USP

# "Cop Out" Request

Monday, November 12, 2001

Dear, Mr. Matlack: (Assigned Senior Case Mgr.)

RE: Inmate's Request To Delete/Remove Max-
      Custody

Sir, I know during my last classification on June 5, 2001, that a MAX-custody was still placed on me. As you know (my) former Unit-III Manager, Mr. Gonzales had placed the MAX-custody on me, or was permitted to place it on me deriving from "retaliation" stemming directly from the allegations of Sept. 29, 1999. Prior to this alleged 9/29/99 incident and during my "entire" BOP incarceration, since 5/20/93, a MAX-custody has never been placed on me. As a result, if the MAX-custody is still remaining and/or existing. I request you to delete, or remove it from me as it is not warranted based upon the above facts. I also request deletion/removal of it, because its prejudicial effects, i.e., housing assignments, transfers, job-assignments, etc.

Thank you in advance for any assistance that you provide me regarding this "sensitive" request.

Respectfully requested,

Kenny #05238-041

Kenney, Unit IRISILL

# ATTACHMENT THREE

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

INMATE INJU__  __SSESSMENT AND FOLLOW-U__
(Medical)

| 1. Institution | 2. Name of Injured | 3. Register Number |
|---|---|---|
| USP Allenwood PA | Kenney, John | 05238 - 041 |

| 4. Injured's Duty Assignment | 5. Housing Assignment | 6. Date and Time of Injury |
|---|---|---|
| Unassigned SHU | SHU | 2 17 99 |

| 7. Where Did Injury Happen (Be specific as to location) | Work Related? | 8. Date and Time Reported for Treatment |
|---|---|---|
| SHU | ☐ Yes  ☒ No | 2 17 99    1240 |

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

I refused to go into my cell, and the officers threw me in the cell. I won't take a celly.

Note: (Im was found banging (himself on the floor)

*John C. Kinney*
Signature of Patient

**10. Objective:** (Observations or Findings from Examination)       X-Rays Taken _____      Not Indicated _____
X-Ray Results

Abrasions on both wrists (cuffs marks), (R) posterior heel, (R) upper back, (L) elbow (scrape), (R) hand dorsa

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)

Numerous abrasions

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)

Minor first aid, & major treatment.

**13. This Injury Required:**

☒ a. No Medical Attention

☒ b. Minor First Aid

☐ c. Hospitalization

☐ d. Other (explain)

_____

_____

☐ e. Medically Unassigned

☐ f. Civilian First Aid Only

☐ g. Civilian Referred to Community Physician

A. Betances PA
Signature of Physician/Physician Assistant
A. BETANCES
Physician Assistant

Original - Medical File
Canary - Safety
Pink - Work Supervisor (Rest related only)
Goldenrod - Correctional Supervisor

(Carboned Form - If ballpoint pen is used, PRESS HARD.)

DEFENDANT'S
EXHIBIT
60
ALL-STATE LEGAL®

U.S. DEPARTMENT OF JUSTICE      INMATE INJURY ASSESSMENT AND FOLLOWUP
Federal Bureau of Prisons                                 (Medical)

| 1. Institution | 2. Name of Injured | 3. Register Number |
|---|---|---|
| USP Allenwood | Kenney, John | 05238-041 |

| 4. Injured's Duty Assignment | 5. Housing Assignment | 6. Date and Time of Injury |
|---|---|---|
| Unassigned | SHV DS 201 | 2/17/99 1645 hrs |

| 7. Where Did Injury Happen (Be specific as to location) | Work Related? | 8. Date and Time Reported for Treatment |
|---|---|---|
| SHV AD inside Rec. Pen | ☐ Yes ☒ No | 2/17/99 1645 hrs |

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

Ambulatory restraint application.

_____ unable to sign due to ambulatory restraints.
Signature of Patient

**10. Objective:** (Observations or Findings from Examination)    X-Rays Taken _____    Not Indicated ☒

X-Ray Results

Called to assist ē ambulatory restrai. application in SHV. I/m compliant was placed in restraints, ambulated to DS cell 201. I/m stated he was thrown onto the floor earlier, that was how the injuries occured. c/o neck and back pain from earlier. No new injuries at this time.

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)

CA & OX3. Abrasions noted as documented below, also see injury report 2/17/99 @ 1240 hrs. No new injuries noted at this time. Restraint ⓥ WNL. Restraints moveable all distal pulses sensation movement intact Capillary refill WNL.

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)

① Placed in ambulatory restraints by move team ē Lt Farner.

② Restrain ⓥ as per policy / can F/U ē SHU PA if problems develope

③ Notify staff if circulation problem developes. / No medical treatment needed at this time.

**13. This Injury Required:**

☒ a. No Medical Attention

☐ b. Minor First Aid

☐ c. Hospitalization

☒ d. Other (explain)
restraint ⓥ as per
policy

☐ e. Medically Unassigned

☐ f. Civilian First Aid Only

☐ g. Civilian Referred to
Community Physician

Arden J. Duttry, Paramedic
USP Allenwood
Signature of Physician or Physician Assistant

Abrasions
ē
Redness
noted

Injuries from
earlier this date see report

Original – Medical File
Canary – Safety
Pink – Work Supervisor (Work related only)
Goldenrod – Correctional Supervisor

USP:VN

*Self Carboned Form – If ballpoint pen is used, PRESS HARD*

SUNG K. LEE, M.D.
USP ALLENWOOD
2/18/99

DEFENDANT'S EXHIBIT 61
ALL-STATE LEGAL

# ATTACHMENT FOUR

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

*BP-9*

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Kenney, John C.          05233-041    10-E    MCFP-Springfield

      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST**

When I arrived here at MCFP-Springfield, I was placed in a segregative (cell) unit 10-E for no apparent reason. Once here I had discovered several other inmates with same MAX-Custody Classification as mine. I also discovered that level-six, i.e., "Supermax" inmates here from USP-Marion and ADX-Florence have either been released to less restrictive quarters and went into general population here at Springfield. Even though, the "supermax" inmates are here for similar or same circumstances, as I, However I am being discriminated by being Kept in segregation. Although, my housing assignment is to be non-discriminatory...

2/6/01          Mr. John C. Kenney

DATE          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____          _____

DATE          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE          CASE NUMBER: _____

                                             CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____

DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          BP–229(13)
APRIL 1982

Federal Prisoners
Springfield / Quarters Unit 10-E

# BP-9 Attachment Sheet

## Statement Of Facts:

2/20/01

Upon my arrival here at U.S. MCFP-Springfield, I've been treated invidiously dissimilar to those similarly situated. I've been "immediately" placed in a segregative cell in a lockdown Unit 10-E, while other similarly situated inmates with same and similar security levels, and classifications went to either general population, or less restrictive quarters. As a result, discrimination is in existence, therefore, prejudice is presumed. Based upon the above facts, I am being "grossly" discriminated upon and/or against regarding "housing" assignment.

## Grounds For Relief:

Inmates may not be discriminated against on the basis of race, religion, nationality, sex, disability, or political belief. Each Warden shall ensure that administrative decisions and work, housing, and program assignments are non-discriminatory.

28 CFR, at 551.90, p. 550 (98 ed.).

## Relief Requested:

I am requesting to go to general population with other inmates, whom have the same maximum-classification and/or security level as I. I am also requesting to be either treated equally to those similarly situated, or to be treated non-discriminatory pursuant to the provisions of 28 CFR, at 551.90.

Kenney #05238-04

Mr. John Charles Kenney

# REQUEST FOR ADMINISTRATIVE REMEDY

## PART B - RESPONSE

KENNEY, John

### REGISTER NO. 05238-041

233400-F2

This response concerns your Request for an Administrative Remedy, 233400-F2. You contend you are being discriminated against by being kept in Administrative Detention while other "Maximum" custody inmates have been released to open population.

Our investigation reveals you were initially classified as a "Maximum" custody inmate on December 22, 1999, while serving a sentence for Armed Bank Robbery at USP Allenwood, Pennsylvania. Your custody classification was reviewed by the Unit Team at USP Allenwood on June 5, 2000, and your custody was appropriately scored as "Maximum" with no consideration for reduction.

You arrived at the U.S. Medical Center for Federal Prisoners, Mental Health Evaluation Unit, on January 18, 2000, for a mental health evaluation. The evaluation was ordered in conjunction with new criminal charges indicting you for Assault on a Bureau of Prisons' Staff Member. Your prior incident report history indicates incident reports for Threatening Another with Bodily Harm, Attempted Assault with Serious Injury, and Possession of a Deadly Weapon. The Mental Health Evaluation Unit Team reviewed your custody and housing status upon your admission and appropriately placed you in Administrative Detention. There is no evidence to support your allegation that other "Maximum" custody inmates who were housed on Ward 10-E were released to open population during your admission to this facility.

Your housing status is appropriate for your custody level at this institution. Based upon our investigation, your Request for an Administrative Remedy is denied.

3-15-2001
_____
Date

_Bill Hedrick_
_____
BILL HEDRICK, WARDEN

# ATTACHMENT FIVE

`NITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

P.S. 5803.0
February 11, 1994
Attachment A, Page 1

PROGRESS REPORT

USP Allenwood, PA

INSTITUTION

10-19-1999

Inmate Reviewed:

_Refused to Sign_  11/17/99  _K. Hisier_
Inmate's Signature    (Date)    Staff Signature    DATE

---

1. Type of Progress Report:

   Initial:_____  Record Review:_____  Pre-Release:_____
   Transfer: XXX  Biennial: _____  Other (specify):_____

2. Name | 3. Register Number | 4. Age (DOB)

KENNEY, John | 05238-041 | 33(05-20-1965)

5. Present Security/Custody Level
   Medium/In

6. Offense/Violator Offense
   Bank Robbery; Armed Bank Robbery; Attempt to Commit Bank Robbery

7. Sentence
   28 years, 1 month, 24 days (all aggregated sentences)

| 8. Sentence Began | 9. Months Served + Jail Credit | 10. Days GCT/or EGT/SGT |
|---|---|---|
| 05-29-1992 | 88 Mon + 206 Days JC | 283 Days GCT |

| 11. Days FSGT/WSGT/ | 12. Projected Release | 13. Last USPC Action |
|---|---|---|
| 95 Days DGCT | 08-05-2016 via GCT | N/A |

14. Detainers/Pending Charges
    None

15. Codefendants
    See PSI

Distribution: Inmate File

BP-CLASS-3

PROGRESS REPORT

Page

NAME: KENNEY, John    REG. NO.: 05238-041    DATE: 10-19-1999

INSTITUTIONAL ADJUSTMENT:

PROGRAM PLAN: At inmate Kenney's initial classification at USP Lewisburg, PA, it was recommended that he participate in educational and vocational programs, correctional counseling, the inmate financial responsibility program, obtain employment in UNICOR and maintain clear conduct.

WORK ASSIGNMENTS: Records indicate that inmate Kenney did not hold a job assignment until his confinement at USP Lompoc, CA, in 1994, where he worked in the Food Service Department, the construction crew and the plumbing crew. He floated between these job assignments until 1998 when he was transferred to USP Allenwood, PA. During incarceration at this facility, inmate Kenney as worked on the compound sanitation crew for a brief period of time. Work evaluations which are available indicate that he was considered to be a good worker.

EDUCATIONAL/VOCATIONAL PARTICIPATION: Inmate Kenney has enrolled in the GED program at USP Lompoc, CA, and USP Allenwood, PA; he withdrew from each program prior to its completion.

COUNSELING PROGRAMS: Inmate Kenney participates in extensive one-on-one psychological counseling. It should be noted that he sites an extreme psychological disorder results in misconduct.

INCIDENT REPORTS:

REPORT NUMBER/STATUS.: 659108 - SANCTIONED  INCIDENT DATE/TIME: 02-17-1999 1550
UDC HEARING DATE/TIME: 02-23-1999 1345
FACL/UDC/CHAIRPERSON.: ALP/III/GONZALEZ
REPORT REMARKS.......: INMATE ADMITTED TO THE CHARGE.
 306  REFUSING WORK/PGM ASSIGNMENT - FREQ: 1
  LP COMM   / 30 DAYS / CS
  COMP:  LAW:  30 DAYS LOSS OF COMMISSARY PRIVILEGES.

REPORT NUMBER/STATUS.: 659832 - SANCTIONED  INCIDENT DATE/TIME: 02-16-1999 2245
UDC HEARING DATE/TIME: 02-23-1999 1330
FACL/UDC/CHAIRPERSON.: ALP/III/GONZALEZ
REPORT REMARKS.......: INMATE ADMITTED TO THE CHARGE.
 306  REFUSING WORK/PGM ASSIGNMENT - FREQ: 1
  LP COMM   / 30 DAYS / CS
  COMP:  LAW:  30 DAYS LOSS OF COMMISSARY PRIVILEGES.

REPORT NUMBER/STATUS.: 333152 - SANCTIONED  INCIDENT DATE/TIME: 07-25-1995 1330

PROGRESS REPORT

Page          3

NAME: KENNEY, John      REG. NO.: 05238-041    DATE: 10-19-1999

DHO HEARING DATE/TIME: 08-22-1995 0915
FACL/CHAIRPERSON.....: LOM/BAKER J
REPORT REMARKS.......: INMATE DENIED POSSESSING THE WEAPON
  104 POSSESSING A DANGEROUS WEAPON - FREQ: 1
      DS      / 28 DAYS / CS
      COMP:  LAW:  TIME SERVED
      DS      / 32 DAYS / CS / SUSPENDED 180 DAYS
      COMP:  LAW:

REPORT NUMBER/STATUS.: 246444 - SANCTIONED  INCIDENT DATE/TIME: 08-04-1994 0850
DHO HEARING DATE/TIME: 08-16-1994 0934
FACL/CHAIRPERSON.....: LVN/GEOUGE, E.
REPORT REMARKS.......: INMATE GUILTY OF CODE 306.
  306 REFUSING WORK/PGM ASSIGNMENT - FREQ: 3
      DIS GCT  / 14 DAYS / CS
      COMP:  LAW:
      DS      / 30 DAYS / CS
      COMP:  LAW:

REPORT NUMBER/STATUS.: 188329 - SANCTIONED  INCIDENT DATE/TIME: 11-22-1993 0800
DHO HEARING DATE/TIME: 03-29-1994 1025
FACL/CHAIRPERSON.....: LVN/GEOUGE, E.
REPORT REMARKS.......: INMATE FOUND GUILTY OF CODE 306.
  306 REFUSING WORK/PGM ASSIGNMENT - FREQ: 3
      DIS GCT  / 27 DAYS / CS
      COMP:  LAW:
      DS      / 30 DAYS / CS
      COMP:  LAW:


REPORT NUMBER/STATUS.: 178821 - SANCTIONED  INCIDENT DATE/TIME: 10-07-1993 2100
DHO HEARING DATE/TIME: 10-19-1993 1000
FACL/CHAIRPERSON.....: LVN/GEOUGE, E.
REPORT REMARKS.......: INMATE GUILTY OF CODE 306.
  306 REFUSING WORK/PGM ASSIGNMENT - FREQ: 2
      DIS GCT  / 14 DAYS / CS
      COMP:  LAW:
      DS      / 21 DAYS / CS
      COMP:  LAW:

REPORT NUMBER/STATUS.: 153836 - SANCTIONED  INCIDENT DATE/TIME: 06-09-1993 1100
DHO HEARING DATE/TIME: 10-14-1993 1030
FACL/CHAIRPERSON.....: LVN/GEOUGE, E.
REPORT REMARKS.......: INMATE GUILTY OF CODE 307.
  307 REFUSING TO OBEY AN ORDER - FREQ: 1
      DIS GCT  / 14 DAYS / CS
      COMP:  LAW:
      DS      / 15 DAYS / CS
      COMP:  LAW:

## PROGRESS REPORT

Page     4

NAME: KENNEY, John     REG. NO.: 05238-041     DATE: 10-19-1999

REPORT NUMBER/STATUS.: 152985 - SANCTIONED  INCIDENT DATE/TIME: 06-04-1993 1535
DHO HEARING DATE/TIME: 06-29-1993 0950
FACL/CHAIRPERSON.....: LVN/GEOUGE, E.
REPORT REMARKS.......: INMATE GUILTY OF CODE 203/312/306.
  203 THREATENING BODILY HARM - FREQ: 1 ATI: ???
    DIS GCT   / 27 DAYS / CS
    COMP:  LAW:
    DS     / 30 DAYS / CS
    COMP:  LAW:
  306 REFUSING WORK/PGM ASSIGNMENT - FREQ: 1
    DIS GCT   / 14 DAYS / CS
    COMP:  LAW:
    DS     / 15 DAYS / CS
    COMP:  LAW:
  312 BEING INSOLENT TO STAFF MEMBER - FREQ: 1
    DIS GCT   / 14 DAYS / CS
    COMP:  LAW:
    DS     / 15 DAYS / CS
    COMP:  LAW:

INSTITUTIONAL MOVEMENT:

| Date | Location | Reason |
|---|---|---|
| 05-20-1993 | USP Leavenworth, KS | Initial Designation |
| 09-01-1994 | USP Lompoc, CA | Close Supervision |
| 01-04-1999 | USP Allenwood, PA | Nearer Release |

PHYSICAL AND MENTAL HEALTH: Inmate Kenney is assigned a regular duty status with no medical restrictions.

PROGRESS ON FINANCIAL PLAN: Inmate Kenney initially received a $150 felony assessment from the Western District of Pennsylvania.   In November 1997 he successfully completed payment on this obligation.

RELEASE PLANNING: Inmate Kenney has not formulated any viable release alternatives.

Residence:                      to be secured


Employment:                     To be secured

PROGRESS REPORT

NAME: KENNEY, John      REG. NO.: 05238-041    DATE: 10-19-1999                Page      5

USPO:

Nicholas Muller, Chief
United States Probation Office
Western District of Pennsylvania
2211 Federal Building
1000 Liberty Avenue
Pittsburg, PA 15222

Inmate Kenney is subject to notification under 103-322, Violent
Crime Control and Law Enforcement Act of 1994, due to his current
conviction for a crime of violence.

Dictated By: _____
             K.Keiser, Case Manager

Reviewed By: _____
             J. Gonzalez, Unit Manager

Date Typed: October 19 1999.

typed by:kmk

# ATTACHMENT SIX



**U.S. Department of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary, Allenwood*

---

*White Deer, PA  17887-3500*

October 24, 2001

MEMORANDUM FOR INMATE JOHN KENNEY
          REG. NO. 05238-041
          Unit 1B

FROM:        Chris Angelini, ISM

SUBJECT:     Inmate Request to Staff Member

This is in response to your Inmate Request to Staff Member,
received October 24, 2001. In your request you state you would like
all transient/transfer papers, Central Files, SENTRY entries, etc.,
corrected to delete the following information: Assault on a
Correctional Officer & Resisting a Correctional Employee.

I am not certain where you came to the conclusion that I am the
individual responsible for the above request; however, this office
currently has a detainer lodged against you on behalf of the
United States Marshals Service, Middle District of Pennsylvania,
for the above referenced charges to include an additional charge
of: Possession by an Inmate of Prohibited Object.

Once this office receives a request from the detaining agency to
remove the detainer, we will verify the removal for authenticity,
and make the appropriate changes that **this office is responsible
for.**

Since you have not identified a specific document that falls within
the realm of my responsibility, I cannot honor your request at this
time.

I trust this response addresses your concerns.