IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,           Civil No. 1:CV-00-2143
       Plaintiff,
                               Hon. Judge McClure, Jr.
   v.                          (Presiding)

JAKE MENDEZ, Warden, et al.,
       Defendants.             :(Magistrate Blewitt)

## PRO SE PLAINTIFF'S EMERGENCY MOTION FOR THE APPOINTMENT OF COUNSEL ON RECONSIDERATION

Now Comes Plaintiff, John Charles Kenney, acting pro se in the above captioned civil action, Kenney hereby files an "Emergency-Motion For Appointment Of Counsel." Below on "Reconsideration," Kenney explicates the reasons for his urgent need for the appointment of counsel.

## SUMMARIZING KENNEY'S "DESPERATE" NEED FOR THE APPOINTMENT OF COUNSEL

On Sept. 27, 2001, Defendants filed a Motion, along with a Brief In Support to "depose" Kenney, pursuant to FRCP 30(a)(2). Defendants move to depose Kenney of an alleged incident arising from Kenney's companion criminal case USA v. John C. Kenney, Case No. 4:CR-99-0280 (Hon. Judge McClure, Jr.)(M.D.Pa. 2001). On Oct 4, 2001, Magistrate Blewitt granted Defendants' depose-motion thereby issuing an ORDER for Defendants to depose Kenney [when] suitable. (See Docket Item

## KENNEY'S "DESPERATE" NEED FOR APPOINTED COUNSEL
### Cont'd

No. 53)(reflecting). On Oct. 9, 2001, Kenney timely filed a Notice Of Appeal ("NOA") to (DI Nos. 53, 54, and 55). Inadvertently, Kenney had failed to file a supporting-brief to support his contentions as to why, he appealed such orders. Diligently, Kenney did not know he was required to file supporting briefs regarding (DI Nos. 53, 54, and 55). As a result the Presiding Court Hon. Judge McClure, Jr. AFFIRMED Nos. 53, 54, and 55.

### THE DESPERATE NEED

On Dec. 5, 2000, after extensive psychological testing of Kenney by a Board Certified Psychologist, Dr. Ragusea opined, <u>inter alia</u>, Kenney as having a "SEVERE" case of "paranoid schizophrenia" that sometimes result into "Panic Attacks". A Federal Jury on June 4, 2001, had adopted Dr. Ragusea's Opinion, and found Kenney not guilty "ONLY BY REASON OF INSANITY" on count-one of his indictment. Because Kenney has been "violently" beaten by Allenwood Prison Officials "Twice" already with Defendants participation in the second "aggravated" assault on Kenney. That, Kenney readily admits that he <u>does not trust Defendants</u>. Therefore, this presents a very "serious" problem regarding deposition of Kenney, so serious he files the instant-motion, utilizing terms as EMERGENCY and DESPERATION.

## DEFENDANTS' OPPRESSION OF KENNEY

Defendants have kept Kenney segregatively confined in an isolation SHU cell for approximately 27-months, absent reason. Because of this oppression is causing Kenney depression. Kenney is so distraught over Defendants' unconstitutional conduct that it prompted him to recently file a Preliminary Injunction on Sept. 25, 2001. Where Kenney sought Judicial intervention to resolve the Constitutional deprivations. Recently on Nov. 20, 2001, Kenney was sentenced consecutively to 41-months, a separate sentence from the 19-years already imposed. From this, Kenney is "overwhelmed" by these recent turn of events, which is "too great" for him to fairly present the instant civil case - on his own.

Furthermore, Kenney's Defense-Counsel, Mr Jeffrey C. Dohrmann and his Investigative Expert has obtained "thousands" of pages of documents in preparation of Kenney's companion case. Many of these documents are directly related to the instant case. Therefore, it is intrinsically beyond Kenney's pro se capacity to sift through these documents, locating the relevant ones from the non-relevant ones, absent appointment of counsel. Kenney already "stressed" out from Defendants' contumacious conduct towards and against him, coupled with the imposition of a recent sentence is just too great for Kenney to proceed on his own, absent the appointment of counsel.

Page-four

### KENNEY'S EMERGENCY NEED FOR APPOINTED COUNSEL

As already emphasized in Kenney's Preliminary Injunction, he is experiencing problems from being kept in isolation for over 27-months. As a result, Kenney is distraught. Kenney is also "suspicious" of Defendants. Therefore, Kenney genuinely feels that he will, indeed, have a "panic attack" in the event shall Defendants attempt to interrogate him. Unsuccessfully, Kenney had attempted "suicide" on Thursday, Nov. 29, 2001, but was cut down by a group of Correctional Officers, whom rushed his cell. Kenney was placed on suicide watch all night, belly chained, hand cuffed-black-boxed, and shackled, he remained like this over 24-hrs. Later Friday, Nov. 30, 2001, Kenney was released back to his assigned SHU-cell. Unquestionably, Kenney requires appointed counsel in light of these exigency like circumstances. Provided by 28 USC 1746.

### CONCLUSION

Kenney's claims against Defendants are "substantial and undisputed", thus perspicuous. In light of the underlying facts of this particular case in conjunction with that above, Kenney hereby respectfully request this Honorable Court to "Reconsider" in granting the appointment of counsel.

Respectfully submitted and requested

Dated: 12/2/01

Kenney #05238-041

*original*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,            : Civil No. 1:CV-00-2143
          Plaintiff,             : Hon. Judge McClure, Jr.,
                                 :      (Presiding)
    v.                           :
                                 :
JAKE MENDEZ, Warden, et al.,     : (Magistrate Blewitt)
          Defendants.            :

## CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, plaintiff, acting pro se hereby certify that on Sunday, December 2, 2001, I forwarded a true carbon-copy of a (4) four-page hand written "EMERGENCY MOTION FOR THE APPOINTMENT OF COUNSEL ON RECONSIDERATION." By placing said contents in a post paid first class, pre-addressed envelope and mailed it to Defendants' Representative below:

The Honorable Terz
U.S. Attorney's Office
Federal Building, Ste. 316
240 West Third Street
Williamsport PA 17701-6465

Kenney #05238-041

John Charles Kenney, pro se

Civil No. 1:CV-00-2143

<u>Cover Letter For The Court</u>

RECEIVED
DEC - 6 2001
James F. McClure Jr.
U.S. District Judge

Sunday, December 2, 2001

Dear, Hon. Judge McClure, Jr.: (U.S. Dist. Ct. Judge)
RE: John Charles Kenney v. Jake Mendez, Warden, et al.
In re: Pro Se Plaintiff's Cover Letter To The Court

Your Honor, please find (enclosed) a hand written Motion I carefully prepared for you regarding the Appointment Of Counsel on "RECONSIDERATION." The Motion, of course, is self explanatory. However, on, or off the record, I'd like to add the following. I honestly do not know how to challenge Defendants' qualified immunity defense and/or assertion thereof. I know this case possesses merit, and I don't want to lose it. But on the same token, I also believe that with competent counsel I will be able to prevail. And that competent counsel may be able to possibly assist me in preparation of an adequate civil-defense. And also assist me in getting released from isolation-segregation, as there are absolutely no reason for defendants to keep holding me in such confinement. Once, I'm released out of such confinement. I'll adjust to life as a whole. I just require some judicial intervention and/or assistance. I apologize for burdening you with such request. But I need help in this litigation. Thank you so much for reading over this and viewing over my motions.

Kenney #05238-041