IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
    Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
    Defendants.

Civil No. 1:CV-00-2143
Hon. Judge McClure, Jr.
(Presiding)

(Magistrate Blewitt)

FILED
WILLIAMSPORT, PA
DEC 1 8 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

DECLARATION OF JOHN CHARLES KENNEY SUPPORTING HIS EMERGENCY MOTION FOR APPOINTMENTED COUNSEL

I, John Charles Kenney, plaintiff, acting pro se hereby declare under penalty of perjury pursuant to the provisions of 28 USC 1746 that on Dec. 3, 2001, I had filed an "Emergency Motion For The Appointment Of Counsel." Based upon the asserted reasons in the Dec. 3rd motion, supported by "Newly Discovered Evidence" (enclosed) pursuant to FRCP 59(e). I genuinely feel that I am "wholly" unfit to be "interrogated" by Defendants regarding deposition — absent counsel — at this time. Further, I require counsel to assist me with (the thousands of pages) of discovery. Young v. Quinlin, 960 F.2d 351, 358 (3rd Cir. 1992) (suggesting district court [to] consider appointing counsel to assist prisoner-plaintiff with discovery and trial.) (Hon. Cir. Justice Nygaard / Remanded). For the above reasons, I hereby seek the Honorable Court's consideration for appointment of counsel.

Dated: 12/14/01

Kenney #05238-041

FOIA-Retrieved J.C.K.

**INMATE INJURY ASSESSMENT AND FOLLOW-** (Medical)

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

| 1. Institution | 2. Name of Injured | 3. Register Number |
|---|---|---|
| ALP | Kenney, John | 05238-041 |

| 4. Injured's Duty Assignment | 5. Housing Assignment | 6. Date and Time of Injury |
|---|---|---|
| unassigned | SHU | 11-29-01  1230 |

| 7. Where Did Injury Happen (Be specific as to location) | Work Related? | 8. Date and Time Reported for Treatment |
|---|---|---|
| AD 118 | ☐ Yes  ☑ No | 11-29-01  1345 |

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

"I'm stressing"

_Signature of Patient_

**10. Objective:** (Observations or Findings from Examination)    X-Rays Taken ____   Not Indicated X

Arms: ⊕ vertical cuts up arms
∅ bleeding ⊕ dried blood, very superficial, distal pulses intact

Chest: ⊕ cuts ® side of chest, superficial, ∅ bleeding

X-Ray Results

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)

S/P cuts

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)

① clean c̄ soap + water
② Antibiotic ointment - use daily
③ Will ✓ last tetanus shot - 1993

**13. This Injury Required:**

☐ a. No Medical Attention
☑ b. Minor First Aid
☐ c. Hospitalization
☐ d. Other (explain)
_____
_____
☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☐ g. Civilian Referred to Community Physician

[body diagrams with annotations: "cuts" labeled on arm/shoulder and lower body]

John Charles Kenney # 05238-041

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*FOIA-Retrieved J.C.K.*

**INMATE INJURY ASSESSMENT AND FOLLOWUP**
(Medical)

| # | Field | Value |
|---|---|---|
| 1 | Institution | USP ALWD |
| 2 | Name of Injured | KENNEY, JOHN |
| 3 | Register Number | 05238-041 |
| 4 | Injured's Duty Assignment | SHU |
| 5 | Housing Assignment | SHU - AD 118 |
| 6 | Date and Time of Injury | 11-29-01 ~2150 |
| 7 | Where Did Injury Happen | SHU - 118 |
| | Work Related? | ☒ No |
| 8 | Date and Time Reported for Treatment | IMMEDIATELY |

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

"I TRIED TO HANG MYSELF"

Ox3 — NAD — VARIABLE AFFECT

*Signature of Patient*

**10. Objective:** (Observations or Findings from Examination)

MINOR SELF-INFLICTED SUPERFICIAL ABRASIONS ON ® UPPER CHEST + BOTH FOREARMS — PR=96 BP=125/68 RR=20 — TRACHEA MIDLINE, CAROTIDS +/=, ⊕ GOOD PHONATION

X-Rays Taken ____ Not Indicated X
X-Ray Results

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)

SUICIDE ATTEMPT / GESTURE

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)

TO HSU → SUICIDE WATCH — PSYCHOLOGY NOTIFIED

**13. This Injury Required:**
- ☐ a. No Medical Attention
- ☐ b. Minor First Aid
- ☒ c. Hospitalization
- ☒ d. Other (explain) SUICIDE WATCH
- ☐ e. Medically Unassigned
- ☐ f. Civilian First Aid Only
- ☐ g. Civilian Referred to Community Physician

*Signature of Physician or Physician Assistant* PANNE

Daven Shanmugam, M.D.

*Self Carboned Form – If ballpoint pen is used, PRESS HARD*

Original – Medical File
Canary – Safety
Pink – Work Supervisor (Work related only)

ALP-1330.13B
March 1, 1997
Attachment 1

*BP-8*

UNITED STATES PENITENTIARY
ALLENWOOD, Pennsylvania

ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
INFORMATION RESOLUTION FORM

NOTE TO INMATE: (See Continuation Page Supporting) You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 (BP-229.13), you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

Issued By: __E. FISHER__ Initials of Correctional Counselor
Date Issued To The Inmate: __11-16-01__

INMATE'S COMMENTS:

1. Complaint: _Psychologist being "deliberately-indifferent" to my psychological needs, by overtly denying me psychological medical care._

2. Efforts you have made to informally resolve: _I have repeatedly explained to various staff members that Psychology will not help me._

3. Names of staff you contacted: _Everyone, Warden-Mendez, Associate Wardens AW(O), AW(P), and AW(C), Captain-Harnes, Lt. Wolever, entire Unit I Team._

Date Returned to Correctional Counselor: _Mon. Nov. 26, 2001 p.m._

_Mr. John C. Kenney_    __05238-041__    __11-26-01__
Inmate's Signature    Reg. No.    Date

CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted: _____

Date BP-9 Issued: _____    _E. Fisher 11-28-01_
Correctional Counselor

_J Hurl, Acting Unit Mgr_
Unit Manager (Date)

## Continuation Page Pursuant To BP-8

### Statement Of Facts

Currently, I have been in the Special Housing Unit ("SHU") for approximately twenty-seven months (27-months), which is an awful l-o-n-g time. During 6/5/01, 8/8/01, and 9/13/01 I clearly explained to Ms. Trgovac, a member of the Psychology Department that I can no longer sustain the unusual conditions of segregative-confinement anymore. That it is taking a toll on me. It is unbearable and intolerable for me. Meaning this type of confinement is "too great" for me to mentally tolerate. Gelidly, Ms. Trgovac has said, "there is nothing she can, or will do for me". These denials result in "deliberate indifference" to my "serious" psychological [medical] needs.

### Grounds For Relief

By virtue of my incarceration, I must rely on Prison Officials, i.e., the Psychology Department to treat me for my "serious" psychological [medical] needs. As such, I'm entitled to such care. See Code of Federal Regulation 28 CFR, SECTION 551.114(a), and 541.22(c).

### Relief Requested

I'm requesting Ms. Trgovac, or Psychology to effectuate my psychological interest in regard to that provided above.

RESPONSE TO ADMINISTRATIVE REMEDY (BP-8)

TO: JOHN KENNEY
     REG. NO.: 05238-041

This is in response to your Administrative Remedy Form (BP-8) submitted on November 30, 2001. The Psychology Department sees you on a regular as well as crisis intervention basis while in the Special Housing Unit. Services include counseling for stress management while in the Special Housing Unit and referral to telemedicine. It is not within their power to facilitate your transfer, change your room assignment, or status as single celled.

                                                  E. Fisher
                                          Correctional Counselor

UNICOR FEDERAL PRISON INDUSTRIES INC.
LEAVENWORTH KANSAS

12-5
E.F.

U.S. DEPARTMENT OF JUSTICE  **BP-9**          REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **KENNEY, John C.**     **05238-041**    **SHU**     **Allenwood-USP**
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST**

Ms. Trgovac, a member of the Psychology Department on 6/5/01, 8/8/01, and 9/13/01 seen me. During these occasions, I had clearly explained to her that, I've been in isolation-segregation for (27-months), and that I can no longer sustain this type of confinement anymore. Gelidly, Ms. Trgovac stated that, "there is nothing she can or will do for me." These denials constitute "deliberate indifference." Ms. Trgovac also fails to conduct periodic SHU reviews of me, nor has she prepared assessments of me indicating the psych problems I'm experiencing. Regulatory violations. See 28 CFR 541.22(c)

Dec. 5, 2001                    Thx. John C. Kenney
DATE                            SIGNATURE OF REQUESTER

**Part B– RESPONSE**


_____                    _____
       DATE                                 WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

                                          CASE NUMBER: _____
**Part C– RECEIPT**
Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
    Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
    Defendants.

Civil No. 1:CV-00-2143
Hon. Judge McClure, Jr.,
(Presiding)

(Magistrate Blewitt)

## CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, plaintiff, acting pro se hereby certify that on Sunday, December 16, 2001, I forwarded a declaration (single page) carbon-copy, along with five-exhibits "all" supporting a recent "EMERGENCY MOTION FOR THE APPOINTMENT OF COUNSEL." That this material is compliant with FRCP RULE 59(E) "Newly" Discovered Evidence on Reconsideration thereof. I, placed said contents in a post paid first class, preaddressed envelope and mailed it to Defendants' Representative below:

    The Honorable Terz
    U.S. Attorney's Office
    Federal Building, Ste. 316
    240 West Third Street
    Williamsport PA 17701-6465

Civil No. 1:CV-00-2143
For The Presiding Court Only

Sunday, December 16, 2001

Dear, Hon. Judge McClure, Jr.: (U.S. Dist. Ct. Judge)
RE: John Charles Kenney v. Jake Mendez, Warden, et al.
In re. Correspondence For Court's Consideration

Your Honor, I submit the following solely for your consideration. Quite obviously, Defendants' are relying upon invalid reasons for keeping me in isolation-segregation. Nonetheless, resulting in Constitutional deprivations. Inferences of retaliation deriving from redress can certainly be drawn. Meaning Defendants are not playing fair. Because of this, its causing me problems. Moreover, and more importantly, I honestly require assistance of counsel, even though, I am not constitutionally entitled to such. As a result, I seek this Honorable Court's "unbridled and broad" discretion for such appointment. In light of this particular case, where there exist "exceptional circumstances." I also require assistance in discovery, and to rebut Defendants' qualified-immunity (defense-assertions). Intrinsically, its impossible for me to prevail upon such, from an isolation-segregation-cell. For these asserted reasons, I submit this solely for your consideration. Thank you so much for viewing this.

As always respectfully submitted,
_____ #05238-041