● ●



MCC:JJT:mel:2001V00126

FILED
WILLIAMSPORT PA

DEC 21 2001

MARY E. D'A~~~~ , CLERK
Per_____
Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
              Plaintiff        :

                 :

              v.         :  Civil No.  1:CV-00-2143

                 :  (McClure, J.)

JAKE MENDEZ;            :  (Blewitt, M.J.)

JESUS "JESSE" GONZALEZ;    :

JAMES "JIMMY" SCARBOROUGH; and  :

KELLY M. KEISER,          :

            Defendants      :

### DEFENDANTS' BRIEF IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR RECONSIDERATION

This is a <u>Bivens</u> action brought by federal prisoner John Charles Kenney against four employees of the Federal Bureau of Prisons.  Kenney is currently incarcerated at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP Allenwood").

On April 30, 2001, Kenney filed a motion for appointment of counsel alleging a "unique set of circumstances" the Court should consider.  In particular, Kenney argued that his motion should be granted because his "physical injuries" established the present action to be "nonfrivolous" and because his access to the courts was being hampered by his placement in the Special Housing Unit. The motion was denied by the Magistrate Judge on May 1, 2001, because the action had recently been stayed pending the outcome

of the criminal proceedings against Kenney.  On May 21, 2001,
Judge Rambo affirmed the Magistrate Judge's Order on appeal.

On September 24, 2001, after the stay in this case had been
lifted, Kenney "renewed" his prior motion for appointment of
counsel.  His motion was amended and, subsequently, on October 2,
2001, supplemented, to include the following reasons for needing
appointed counsel: he was pending sentencing in the criminal
case; he was on psychotropic medication which he claimed produces
a "soporific affect" upon him; and that, because there were
"thousands of documents" from his criminal case which he claims
are relevant to this civil action, this case was beyond his "pro
se ability and/or capacity to pursue. . . ."  (Doc. 52, p. 2.)
The renewed motion was denied by the Magistrate Judge on October
4, 2001 and affirmed by this Court, on appeal, on November 1,
2001.  Kenney has now moved for reconsideration of that Order.[1]

1.    **The Motion for Reconsideration is Untimely.**

Kenney's motion, filed December 7, 2001, seeks
reconsideration of the Court's November 1, 2001 Order affirming
the denial of appointment of counsel.  Local Rule 7.10 requires
the filing of any motion for reconsideration "within ten (10)
days after the entry of the judgment, order or decree concerned."
Kenney's motion is therefore untimely and should be dismissed.

---

[1] The motion was filed on December 7, 2001.  A "declaration"
filed in support of the motion was filed on December 18, 2001.

2.   **The Motion for Reconsideration Should be Denied on its Merits.**

In the event that the Court finds that Kenney's motion for reconsideration is timely, the motion should be denied because it is not well founded in law or fact.  In particular, a motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised in connection with an earlier motion; nor is it to provide the parties with an opportunity for a second bite at the apple.  Database America, Inc. v. Bellsouth Advertising and Publishing Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" Id. (citations omitted); see also Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)(a motion for reconsideration is not properly grounded on a request that a court rethink a decision already made); Atkins v. Marathon LeTourreau Co., 130 F.D.R. 625, 626 (S.D. Miss. 1990)(reconsideration should not be used simply to reargue matters that have already been disposed of by the court).

In this case, Kenney is merely rearguing his claim for counsel and cites a "desperate need" because of his impending

deposition[2] by the defendants.   Kenney claims he has "twice" been
"violently beaten" by prison officials and, therefore, "he does
not trust Defendants."   (Plff's Emergency Mot. at 2.)   He also
claims to be "suspicious" of defendants and "genuinely feels that
he will, indeed, have a 'panic attack' in the event shall [sic]
Defendants attempt to interrogate him."   (Id. at 4.)   It appears
Kenney is under the impression that the deposition will be
conducted by the individual defendants who he claims physically
assaulted him.   However, the deposition will be conducted by
undersigned counsel.   None of the named defendants will be
present for the deposition.

Kenney again cites the need for appointed counsel because
there are "thousands" of pages in his criminal case which are
related to the instant action.   However, this was previously
considered by the Court.   Kenney therefore fails to demonstrate
that the Court made a manifest error of law in denying his motion
for appointment of counsel.   Accordingly, Kenney's motion for
reconsideration should be denied.

---

[2] The deposition was conducted at USP Allenwood earlier today,
December 21, 2001, without incident.

## Conclusion

For the above stated reasons, respondent requests this Court to deny Kenney's motion for reconsideration.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

JOSEPH J. TERZ
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA   17703

Date: December 21, 2001

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
          Plaintiff             :

                              :

          v.              :  Civil No.  1:CV-00-2143
                              :  (Rambo, J.)

JAKE MENDEZ;                 :  (Blewitt, M.J.)
JESUS "JESSE" GONZALEZ;     :
JAMES "JIMMY" SCARBOROUGH; and :
KELLY M. KEISER,         :
          Defendants        :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 21st day of December 2001, she served a copy of the attached

**DEFENDANTS' BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

ADDRESSEE:

John Charles Kenney
Reg. No. 05238-041
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

MICHELE E. LINCALIS
Paralegal Specialist