FILED
WILLIAMSPORT
JAN 02 2002
PER _____ /s/ _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
    Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
    Defendants.

Civil No. 1:CV-00-2143
Hon. Judge McClure, Jr.
(Presiding)
Magistrate Blewitt

## RECONSIDERATION SUPPLEMENTATION FOR THE APPOINTMENT OF COUNSEL "NEWLY" DISCOVERED EVID

NOW COMES PLAINTIFF - John Charles Kenney, acting pro se in the above captioned action. Today Dec. 26, 2001, Kenney had received an opposition brief, opposing him seeking appointment of counsel on "Reconsideration." The Opposition Kenney received today was filed by the Defendants. For clarification purposes Kenney hereby files the instant "Supplementation" For Reconsideration For The Appointment Of Counsel" based upon the recent turn of events, supported by "NEWLY DISCOVERED EVIDENCE."

In light of the "overwhelming" circumstances, where Kenney has recently been declared and/or acquitted "Not Guilty ONLY By Reason Of Insanity," then recently on Nov. 29, 2001 Kenney had inflicted several wounds upon himself, then later also on Nov. 29, 2001, Kenney attempted "SUICIDE," where he had to be cut down by Allenwood Prison Prison Officials. Certainly, this amply supports

Page-Two

SUPPLEMENTATION RECONSIDERATION cont'd

Kenney's definite need for appointment of counsel. No way is this a reargument, nor disagreement, as (Def.s' claim in its Opp. Br. at p.3, dated 12/21/01). Instead, this constitutes "newly discovered evidence" that was not previously available to Kenney. See Amrine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) ("evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence"); see also FRCP 59(e). Thus, Kenney's recent psych problems are relevant. Rawls v. Apfel, 998 F. Supp. 70, 76 (D. Mass. 1998) ("new evidence of a continuing psychiatric condition is material"). Due to these "exceptional circumstances" of recent turn of events. Unquestionably, warrants the appointment of counsel. Timeliness is not at issue, due to the extenuating circumstances, which pellucidly encompasses such. Lastly, without a doubt the "interest of justice" would best be served in this particular case by appointing counsel.

WHEREFORE, Kenney "desperately" prays that this Honorable Court grant him appointment of counsel.

Respectfully submitted,

Dated: 12/26/01

Kenney #05238-041
pro se

Mr. John Charles Kenney

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,            Civil No. 1:CV-00-2143
         Plaintiff,             Hon. Judge McClure, Jr.,
   v.                           (Presiding)
JAKE MENDEZ, Warden, et al.,    Magistrate Blewitt
         Defendants.

## CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, hereby certify pursuant to 28 USC 1746. That, I forwarded a true carbon-copy of a (2) two-page "Reconsideration Supplementation Brief For The Appointment OF Counsel." By placing said contents in a post paid first class, pre-addressed envelope and mailed it to Defendants' Representative on Wedneday, December 26, 2001.

Addressee:

   The Honorable Terz
   U.S. Attorney's Office
   Federal Building, Ste. 316
   240 West Third Street
   Williamsport PA 17701-6465


                    Kenney #05238-041
                    _____
                              pro se
                    Mr. John Charles Kenney
                    Register No. 05238-041