IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CHARLES KENNEY, | CIVIL ACTION NO. 1:CV-00-2143 |
| Plaintiff | McClure <br> (Judge ~~Rambo~~) |
| v. | (Magistrate Judge Blewitt) |
| JAKE MENDEZ, Warden, et al., | **FILED SCRANTON** |
| Defendants | JAN 4 2002 |

**ORDER**

PER _____ DEPUTY CLERK

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Plaintiff's Motion for Appointment of Counsel, filed December 7, 2001. **(Doc. 69).** Plaintiff has filed a "Declaration" in support of his motion. (Doc. 71).

While Title 28 U.S.C. § 1915(d) permits a district court to appoint counsel in a Section 1983 action, such an appointment is within the discretion of the court; and the statute does not create a right to appointed counsel in a civil rights action. *Tabron v. Grace,* 6 F.3d 147, 153 (3d Cir. 1993).

The *Tabron* decision, *supra,* enunciated several factors that a district court must consider when determining whether to appoint counsel. *Id.* at 155-158. The *Tabron* court first held that a threshold issue to be resolved is whether the claim presented appears to have "arguable merit in fact and law". *Id.* at 155. Since this action has been permitted to proceed, it will be assumed for purposes of disposing of this motion that an arguably meritorious claim has been stated. For the reasons that follow, this court finds that Plaintiff does not meet the additional factors outlined in *Tabron* which indicate the necessity for appointment of counsel.

"The plaintiff's ability to present his or her case is, of course, a significant factor that must be considered in determining whether to appoint counsel." *Id.* at 156. A review of the record of this case suggests that Plaintiff can, given the leeway afforded to *pro se* litigants, adequately present his case and follow the applicable Rules. The instant matter is not complex. Plaintiff has competently handled the litigation to date, and his filings have been well-reasoned, comprehensible, and in compliance with this Court's Orders and the Local Rules. They have been clear and concise and indicate that Plaintiff is capable of effectively communicating his thoughts to the Court. The Court is satisfied with the Plaintiff's ability, at this juncture in the proceedings, to pursue this litigation.

For the foregoing reasons, Plaintiff's requests for court-appointed counsel will be denied at this time. Said denial is without prejudice to the Plaintiff to request court-appointed counsel should the circumstances of this matter change.

AND NOW, this 4th day of **January, 2002**, IT IS ORDERED THAT Plaintiff's Motion for Appointment of Counsel **(Doc. 69)** is **DENIED**. It is further ORDERED that Plaintiff's "Reconsideration Supplementation for the Appointment of Counsel 'Newly' Discovered Evid" **(Doc. 74)** is rendered **MOOT**.

**THOMAS M. BLEWITT**
United States Magistrate Judge

Dated: January 4, 2002

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 4, 2002

Re: 1:00-cv-02143   Kenney v. Mendez

True and correct copies of the attached were mailed by the clerk to the following:

John Charles Kenney
USP-ALLENWOOD
Maximum Security Correct. Inst.
05238-041
P.O. Box 3000
White Deer, PA  17887

Joseph J. Terz, Esq.
Office of the US Attorney
316 Federal Building
240 West Third Street
Williamsport, PA  17703

cc:
Judge                           ( )           ( ) Pro Se Law Clerk
Magistrate Judge                ( )           ( ) INS
U.S. Marshal                    ( )           ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by: ---
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen ( )    PA Atty Gen ( )
                                         DA of County ( )   Respondents ( )

Bankruptcy Court                ( )
Other_____    ( )

MARY E. D'ANDREA, Clerk

1/4/02