IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,             : Civil No. 1:CV-00-2143
                  Plaintiff,     : Hon. Judge McClure, Jr.,
       V.                          (Presiding)
JAKE MENDEZ, Warden, et al.,     :(Magistrate Blewitt)
                  Defendants.    :

FILED
WILLIAMSPORT, PA

JAN 16 2002

MARY E. D'ANDREA, CLERK
Per ___
Deputy Clerk

PRO SE PLAINTIFF'S BRIEF IN SUPPORT OF AN
APPEAL FROM A US MAGISTRATE JUDGE TO A
DISTRICT COURT JUDGE PURSUANT TO 28 USCA
636(c)(4) AND LOCAL RULE 72.2.

## INTRODUCTION

PLAINTIFF is John Charles Kenney, an inmate
incarcerated at the Allenwood U.S. Penitentiary
in White Deer, Pennsylvania ("USP Allenwood"). On
September 29, 1999, Defendants "violently" beat
Kenney with a "LARGE SHARP METAL OBJECT," causing
numerous physical and emotional injuries to Kenney.
These facts are largely undisputed based upon the
"overwhelming" evidence against the defendants.
Due to defendants miscreant acts committed upon
and against Kenney that, he filed a _Bivens_ com-
plaint, where his civil rights were "obviously" violated.

## COMPLIANCY

This supporting brief is in full compliance
with 28 U.S.C.A. SECTION 636(c)(4), and Local
[District Court] Rules LRs 72.2., and 7.5.

## PROCEDURAL HISTORY

By ORDER, dated DEC. 22, 2000, the Court had GRANTED Kenney leave to proceed in ("IFP") In Forma Pauperis in this case. (SEE Doc. 2.)(reflecting).

On April 23, 2001, Kenney had filed a five-page Motion, along with four-supporting-exhibits, where he sought appointment of counsel. (SEE Doc. 25)(reflecting). Mag. Blewitt by an ORDER, dated May 1, 2001, had DENIED Kenney's Mot. for Appointment of Counsel, [due to a stay that was then in effect]. Kenney timely appealed the 5/1/01 Order. On May 21, 2001, Hon. Judge Rambo by ORDER affirmed Mag. Blewitt's May 1, 2001, Order for the same reason. But, "affirmed without prejudice to Plaintiff to renew the motion at a later time."

On Sept. 7, 2001, Hon. Rambo by ORDER had transferred this entire civil case to the undersigned Judge Hon. McClure, Jr.

On Sept. 17, 2001, Kenney renewed his previous April 23, 2001, Mot. for App. of Counsel, but procedurally defaulted for failing to file a supporting brief. This renewal-motion was also denied by Mag. Blewitt on Oct. 4, 2001, by ORDER. (SEE Doc. 45)(reflecting). Kenney timely appealed. Which was later affirmed by ORDER, dated Nov. 1, 2001, by Hon. McClure, Jr. (SEE Doc. 55)(reflecting).

## A CRITICAL CHANGE IN CIRCUMSTANCES
Due to the nearness of Court deadlines. (SEE

## A CRITICAL CHANGE IN CIRCUMSTANCES cont'd

Mag. Blewitt's ORDERS, dated Oct 4, 2001, at Dkt. Nos. 53, 54)(reflecting ALL discovery shall be complete by Jan. 15, 2002, [and] ALL case dispositive motions shall be filed by Feb. 15, 2002.). Completely "overwhelmed" by the nearness of the above Court deadlines, where Kenney has absolutely no inkling of how to file discovery, let alone what case dispositive motions are, compounded by defendants' infliction of an "atypical significant hardship" upon him. Where defendants are unlawfully keeping Kenney in an isolation cell for the past (29) twenty-nine months. That on Nov. 29, 2001, Kenney was discovered hanging from a vent by torn pieces of linen wrapped so tightly around his neck. That it took a small group of Correctional Officers with a cutting device, to cut Kenney down. (See Attachment-One)(revealing how Kenney had to be hospitalized, and placed on "suicide watch"). Earlier on the same day of 11/29/01 Kenney some how managed to obtain a small sharpened screw, and begun slicing both his forearms and upper right side of his chest. (See Attachment-Two)(revealing Kenney had inflicted several wounds upon himself.) As a result of these "critical" change in circumstances Kenney on Dec. 7, 2001, had filed, yet another motion for "reconsideration" for appointment of counsel, along with a supporting declaration and medical documents.

On Dec. 29, 2001, in further support, Kenney

3

## CONCLUDING A CRITICAL CHANGE IN CIRCUMSTANCES

had also a filed "Supplementation Motion" for appointment of counsel relying on "Newly Discovered Evid," *i.e.*, the Nov. 29, 2001, Inmate Injury Assessment Follow up [Sheets].

Oddly, by an ORDER, dated Jan. 4, 2002, Mag. Blewitt in spite of these recent occurrences, "gelidly" denied Kenney appointment of counsel. (See Dkt. Nos. 69 and 74)(reflecting denial of counsel). Even though, Mag. Blewitt claimed Kenney had an arguably merit[orious] case. Peculiarly, Blewitt still denied appointing counsel for Kenney. (Jan. 4, 2002, Order)(reflecting). In this same Order, Mag. Blewitt, "denied appointing counsel without prejudice for Kenney to refile should circumstances in the case change."

On Jan. 9, 2002, Kenney timely filed a ("NOA") Notice Of Appeal to the District Court pursuant to the provisions of Title 28 USCA 636(c)(4). Kenney hereby files the instant brief in support of the "NOA", pursuant to M.D. Pa. Local Rules LR's 72.2., and 7.5.

## OBJECTIONS TO MAGISTRATE ORDER

In light of the "critical change in circumstances," as described above and earlier in this brief. For Mag. Blewitt to ignore such changes, and still deny Kenney appointed counsel is an "ABUSE OF DISCRETION." See *Parham v. Johnson*, 126 F.3d 454, 458 (3rd Cir. 1997). As already conceded by this Court and Mag. Blewitt that Kenney's case "is arguably meritorious in fact and law." See Order, dated Nov. 1, 2001, at p. 3;

4

OBJECTIONS TO MAGISTRATE ORDER Cont'd

See also Mag. Blewitt's Jan. 4, 2002, ORDER, at p.1. "The court must determine whether [Mag. Blewitt's] decision to deny [Kenney's] motion for appointment of counsel was an abuse of discretion." _Tabron v. Grace_, 6 F.3d 147, 158 (3rd Cir. 1993), citing _Parham_, _supra_, 126 F.3d at 458.

ARGUMENT

PLAINTIFF'S MOTION FOR COUNSEL SHOULD BE GRANTED IN AN ARGUABLY MERITORIOUS CASE

It is well-settled by "both" Mag. Blewitt and the undersigned Judge Hon. McClure, Jr. that Kenney's civil case is of arguable merit. _Tabron_. Id. at 155. Kenney need not delve into the merits, as it is already settled. As a result, Kenney turns to the remaining discovery issues. _First_, Kenney is in an ISOLATION-CELL. Therefore, this places him at a "substantial disadvantage." _Secondly_, the rubrics of complex discovery rules to Kenney is equivalent to that of Chinese-Arithmetic. Meaning it is impossible for Kenney to begin, let alone complete discovery by Jan. 15, 2002. See _Rayes v. Johnson_, 969 F.2d 700, 704 (8th Cir. 1992) (noting the difficulties prisoner plaintiffs with meritorious cases may have with discovery); _Parham_, 126 F.3d at 460; _Tabron_, Id. at 158.

Case dispositive motions are all to be filed by Feb. 15, 2002. "What are dispositive motions?"

5

## ARGUMENT Cont'd

When Kenney moved recently for appointment of counsel on Dec. 7, and Dec. 29 of 2001, he presented an "entirely a new argument." By featuring a "critical change in circumstances," where Kenney had attempted suicide. Both Mag. Blewitt, and the defendants "gelidly" ignore this "critical change." Instead, defendants attempted to manipulate the Court in their (Opp. Br., dated Dec. 21, 2001) (claiming Kenney is rearguing previous arguments. Defs' Br., p. 3.). And Mag. Blewitt failed to mention the "critical change" altogether in his Jan. 4, 2002, ORDER. To force Kenney to proceed in this case on his own, after all said and done, would undoubtedly undermine the "interest of justice exception." At this juncture the appointment of counsel will serve everyone involved on this case. Thus, the "ends of justice" will best be served by appointing counsel.

## CONCLUSION

For the reasons stated above, plaintiff request this Honorable Court to grant his motion for the appointment of counsel.

Date: Jan. 13, 2002

Respectfully submitted,

Kenney #05238-041

John Charles Kenney, pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,           | Case No. 1:CV-00-2143
            Plaintiff,         | Hon. Judge McClure, Jr.,
                               |      (Presiding)
    v.                         |
JAKE MENDEZ, Warden, et al.,   |(Magistrate Blewitt)
            Defendants.        |

CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, plaintiff, acting pro se hereby certify that on Sunday, January 13, 2002, I forwarded a true carbon-copy of an "Appeal Supporting Brief," six-pages, along with two (2) supporting Attachments. Pursuant to M.D. Pa. Local Rules LR's 72.2, and 7.5. By placing said contents in a post paid first class, pre-addressed envelope and it to the Defendants' Representative below:

The Honorable Terz
U.S. Attorney's Office
Federal Building, Ste. 316
240 West Third Street
Williamsport PA 17701-6465


Kenney # 05238-041
_____
John Charles Kenney, pro se
Register No. 05238-041

# ATTACHMENT
# ONE

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

INMATE INJURY ASSESSMENT AND FOLLOW-UP

*(Medical)*

*FOIA-Retrieved J.C.K.*

| 1. Institution | 2. Name of Injured | 3. Register Number |
|---|---|---|
| USP ALWD | KENNEY, JOHN | 05238-041 |

| 4. Injured's Duty Assignment | 5. Housing Assignment | 6. Date and Time of Injury |
|---|---|---|
| SHU | SHU - AD 118 | 11-29-01 ~2150 |

| 7. Where Did Injury Happen *(Be specific as to location)* | Work Related? ☐ Yes ☒ No | 8. Date and Time Reported for Treatment |
|---|---|---|
| SHU - 118 | | IMMEDIATELY |

**9. Subjective:** *(Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)*

"I TRIED TO HANG MYSELF"

0X3 — NAD — VARIABLE AFFECT     X _____
                                Signature of Patient

**10. Objective:** *(Observations or Findings from Examination)*     X-Rays Taken ____  Not Indicated ☒     X-Ray Results

MINOR SELF-INFLICTED
SUPERFICIAL ABRASIONS ON (L) UPPER CHEST + BOTH FOREARMS — PR = 96  BP = 125/86  RR = 20 —
TRACHEA MIDLINE, CAROTIDS +/= , (+) GOOD PHONATION

**11. Assessment:** *(Analysis of Facts Based on Subjective and Objective Data)*

SUICIDE ATTEMPT / GESTURE

**12. Plan:** *(Diagnostic Procedures with Results, Treatment and Recommended Follow-up)*

TO HSU ——→ SUICIDE WATCH —
PSYCHOLOGY NOTIFIED

**13. This Injury Required:**

☐ a. No Medical Attention
☐ b. Minor First Aid
☒ c. Hospitalization
☒ d. Other *(explain)* SUICIDE WATCH
☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☐ g. Civilian Referred to Community Physician

Signature of Physician or Physician Assistant
*PA*

Raven Chavuguni, M.D.

Original – Medical File     *PAC*
Canary – Safety
Pink – Work Supervisor *(Work related only)*
Goldenrod – Correctional Supervisor

Self-Carboned Form – If ballpoint pen is used, PRESS HARD

*"Attachment One"*

USP LVN

Printed on Required Paper

BP-362(60)
FEBRUARY 1986

# ATTACHMENT TWO

"Attachment - Two"

FOIA-Retrieved J.C.K.

**U.S. DEPARTMENT OF ~~~~**
~~Federal Bureau of Prisons~~

**INMATE INJURY ~~ASSESSMENT~~ AND FOLLO** (Medical)

| | | |
|---|---|---|
| **1. Institution** ALP | **2. Name of Injured** Kenney John | **3. Register Number** 05238-041 |
| **4. Injured's Duty Assignment** unassigned | **5. Housing Assignment** SHU | **6. Date and Time of Injury** 11-29-01  1230 |
| **7. Where Did Injury Happen** (Be specific as to location) AD 118 | **Work Related?** ☐ Yes  ☑ No | **8. Date and Time Reported for Treatment** 11-29-01  1345 |

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

"I'm stressg"

Signature of Patient [signature]

**10. Objective:** (Observations or Findings from Examination)

Arms: ① vertical cuts up arms

Ⓝ bleeding ② dried blood, very superficial, distal pulses intact

Chest: ① cuts ② side of chest, superficial, Ⓝ bleeding

X-Rays Taken _____    Not Indicated  X

X-Ray Results

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)

S/P cuts

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)

① clean c̄ soap + water

② Antibiotic ointment - use daily

③ will ✓ last tetanus shot - 1993

**13. This Injury Required:**

☐ a. No Medical Attention
☑ b. Minor First Aid
☐ c. Hospitalization
☐ d. Other (explain)

_____

☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☐ g. Civilian Referred to Community Physician

Signature of Physician or Physician Assistant [signature: M. Otero PA]

*Left margin:* John Charles Kenney # 05238-041

*Right side diagram labels:* cuts, cuts, cuts

Original - Medical File    Self Carboned Form -