MCC:JJT:mel:2001V00126

FILED
WILLIAMSPORT, PA

JAN 3 1 2002

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
        Plaintiff

        v.                           Civil No.  1:CV-00-2143
                                (McClure, J.)
JAKE MENDEZ;                       (Blewitt, M.J.)
JESUS "JESSE" GONZALEZ;
JAMES "JIMMY" SCARBOROUGH; and
KELLY M. KEISER,
        Defendants

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
APPEAL OF THE MAGISTRATE JUDGE'S JANUARY 4, 2002 ORDER**

**I. Procedural History**

This is a <u>Bivens</u> action brought by federal prisoner John Charles Kenney on December 12, 2000, against four employees of the Federal Bureau of Prisons.  On April 30, 2001, Kenney filed a motion for appointment of counsel alleging a "unique set of circumstances" the Court should consider.  (Doc. 25.)  In particular, Kenney argued that his motion should be granted because his "physical injuries" established the present action to be "nonfrivolous" and because his access to the courts was being hampered by his placement in the Special Housing Unit.  The motion was denied by the Magistrate Judge on May 1, 2001, because the action had recently been stayed pending the outcome of

criminal proceedings against Kenney. On May 21, 2001, Judge Rambo affirmed the Magistrate Judge's Order on appeal.

On September 24, 2001, after the stay in this case had been lifted, Kenney "renewed" his prior motion for appointment of counsel (doc. 45) and supplemented it on October 2, 2001 (doc. 52). Kenney provided the following reasons for needing appointed counsel: he was pending sentencing in the criminal case; he was on psychotropic medication which he claimed produces a "soporific affect" upon him; and that, because there were "thousands of documents" from his criminal case which he claims are relevant to this civil action, this case was beyond his "pro se ability and/or capacity to pursue. . . ." (Doc. 52, p. 2.) The renewed motion was denied by the Magistrate Judge on October 4, 2001 and affirmed by this Court, on appeal, on November 1, 2001.

On December 7, 2001, Kenney filed a "Pro se Emergency Motion for the Appointment of Counsel on Reconsideration" which the Magistrate Judge construed as a motion for appointment of counsel.[1] A declaration in support of the motion was filed on December 18, 2001, and a "motion supplementation" was filed January 2, 2002.

On January 4, 2002, Kenney's third attempt at court-appointed counsel was denied. On January 11, 2002, Kenney filed

---

[1] Defendants construed the filing as a motion for reconsideration of the District Court's November 1, 2001, Order, and filed an opposing brief on December 21, 2001.

2

an appeal of the non-dispositive order pursuant to M.D. Pa. Local Rule 72.2. This brief is submitted in opposition thereto.

## II. Question Presented

Should the Magistrate Judge's Order be affirmed as appointment of counsel is not warranted in this case?

Suggested answer in the affirmative.

## III. Argument

Kenney is appealing the Magistrate Judge's order which denied the request for counsel he made pursuant to 28 U.S.C. § 1915. In reviewing Kenney's objections, the Court must determine whether the Magistrate Judge's Order was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

Section 1915(e)(1) provides that, for persons who have been granted leave to proceed in forma pauperis, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although § 1915(e)(1) gives district courts broad discretion to request an attorney to represent an indigent civil litigant, there is no statutory right to appointed counsel.

In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Third Circuit set forth the following factors the Court should consider when deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1): (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case taking into

consideration his education, literacy, experience and the restraints placed on the plaintiff by incarceration; (3) the complexity of the legal issue; (4) the degree to which factual investigation is required as well as the plaintiff's ability to pursue such investigation; (5) the degree to which the case turns on credibility determinations or expert testimony; and (6) whether an indigent plaintiff could retain counsel on his or her own behalf. Tabron, 6 F.3d at 155-156.

In his third attempt at obtaining counsel, Kenney cited a "desperate need" for an attorney because undersigned counsel had been granted leave of court to depose him. Kenney claimed he had "twice" been "violently beaten" by prison officials and, therefore, "he does not trust Defendants." (Doc. 69, p. 2.) He also claims to be "suspicious" of defendants and "genuinely [felt] that he [would], indeed, have a 'panic attack' in the event shall [sic] Defendants attempt to interrogate him." (Id. at 4.) Kenney's deposition was subsequently taken on December 21, 2001, without incident.

Magistrate Judge Blewitt, in consideration of the Tabron factors, concluded that:

> Plaintiff can, given the leeway afforded to pro se litigants, adequately present his case and follow the applicable Rules. The instant matter is not complex. Plaintiff has competently handled the litigation to date, and his filings have been well-reasoned, comprehensible, and in compliance with this Court's Orders and the Local Rules. They have been clear and concise and indicate that Plaintiff is capable of

4

> effectively communicating his thoughts to the court.
> The Court is satisfied with the Plaintiff's ability, at
> this juncture in the proceedings, to pursue this
> litigation.

(Doc. 76, p. 2.)

It is also important to note that Kenney is not illiterate and that he has been involved in prior *pro se* litigation in both the district court and the Third Circuit Court of Appeals. In <u>Kenney v. Fanello</u>, No. 1:CV-99-1306 (M.D. Pa., 1999)(Rambo, J.), he sought an order requiring the Bureau of Prisons to provide him treatment by a licensed psychiatrist and placement on permanent single cell status. Although unsuccessful, the case is presently on appeal before the Third Circuit. In fact, Kenney prepared his own principle appeal brief and reply brief without the assistance of counsel.

Kenney appears to have the ability to understand English. He also appears to have access to legal books given the various pleadings he has filed in this case, which are often replete with case citations. As previously determined by this Court, the issue raised in this case "is not complicated. It simply involves a determination of exactly what happened on the given occasion at the United States Penitentiary at Allenwood on September 29, 1999." (Doc. 62, p. 4.)

With the taking of his deposition completed, Kenney in his appeal now claims to be "overwhelmed" by the "nearness" of the Court-imposed deadlines for discovery and filing of dispositive

5

motions. (Doc. 78, p. 3.) However, the discovery deadline has already passed and Kenney has neither sought discovery from defendants nor has he requested an extension of time from the Court to do so. The dispositive motion to be filed by defendants (most likely a motion for judgment on the pleadings), will raise such defenses as failure to exhaust, respondeat superior, and failure to state a claim. These arguments are not complex and, with Kenney's extensive prior litigation experience, do not warrant the appointment of counsel.

Kenney also criticizes Magistrate Judge Blewitt for not considering his failed attempt at suicide on November 29, 2001, as a "critical change of circumstances" warranting counsel. However, this "critical change" does not appear to have had any effect on his ability to litigate this case thus far, as evidenced from the seven filings he has made since that date.

In sum, Kenney has failed to convince the Court that the Magistrate Judge's decision to deny him counsel was erroneous. Therefore, his appeal should be denied.

## IV. <u>Conclusion</u>

For the reasons stated above, the Magistrate Judge's Order of January 4, 2002, should be affirmed.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*Joseph J. Terz*

JOSEPH J. TERZ
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17703

Date: January 31, 2002

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CHARLES KENNEY,<br>    Plaintiff<br><br>    v.<br><br>JAKE MENDEZ;<br>JESUS "JESSE" GONZALEZ;<br>JAMES "JIMMY" SCARBOROUGH; and<br>KELLY M. KEISER,<br>    Defendants | Civil No. 1:CV-00-2143<br>(McClure, J.)<br>(Blewitt, M.J.) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 31 day of January 2002, she served a copy of the attached

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE'S JANUARY 4, 2002 ORDER

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

ADDRESSEE:

John Charles Kenney
Reg. No. 05238-041
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

_____
MICHELE E. LINCALIS
Paralegal Specialist