IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,   : Civil No. 1:CV-00-2143
    Plaintiff,   : Hon. Judge McClure, Jr.,
                   : (Presiding)
v.                 :
                :
JAKE MENDEZ, Warden, et al.,   : (Magistrate Blewitt)
    Defendants.   :

FILED WILLIAMSPORT, PA FEB 6 2002 MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION OPPOSING DEFENDANTS FROM RELIEF OF THE APRIL 13, 2001 COURT ORDER AT PARA NO. 3

PLAINTIFF is John Charles Kenney, whom is a federal prisoner, acting in a _pro se_ capacity in the above captioned civil action. Kenney hereby files the instant "Supporting [Pro se] Brief," where he remonstrantly objects, and opposes to Defendants from seeking relief of this Honorable Court's prior Order, dated April 13, 2001, at para no. 3. Recently, Jan. 28, 2002, defendants by and through their undersigned representative had filed a motion, supporting brief, and exhibits moving to vacate no. 3 of the April 13, 2001, Order. As a result, Kenney files the instant brief in opposition.

### INTRODUCTION OF PRO SE LITIGATION

While Kenney was an inmate at USP Allenwood. That on Wednesday, September 29, 1999, a triad of defendants had "violently" beat Kenney with a large sharp metal object. The resulting injuries

Page-Two

## INTRODUCTION OF PRO SE LITIGATION Cont'd

caused to Kenney inflicted by the defendants were "substantial." Defendants had drew blood from his head and facial areas by using the metal object. Quite obviously, Kenney suffers "severe" emotional problems deriving from this vicious attack upon him by the defendants. As a result of the above, Kenney on December 12, 2000, had instituted a Civil Rights suit under U.S. Codes 28 U.S.C. 1331, and 42 U.S.C. 1983, known as a <u>Bivens</u>. Kenney is suing "each" of the defendants in their individual and official capacities for violating his civil rights afforded him under the U.S. Constitution's <u>Eighth Amendment Clause</u> of "cruel and unusual punishment." Kenney seeks a modest (8) eight # million dollars for the total amount of injuries defendants inflicted upon him.

## PROCEDURAL HISTORY

Although, Kenney was victimized by defendants on September 29, 1999. Peculiarly, on Nov. 10, 1999, Kenney was criminally indicted on three counts for assault; resisting; and possessing a disposable razor-blade. The indictment arose from Sept. 29, 1999, the "same" alleged incident in which Kenney files this cause of action. Because, Kenney's criminal [trial] proceedings began, during the same time the instant civil case was commencing. That defendants successfully sought a stay in the civil-proceedings

## PROCEDURAL HISTORY Cont'd

on April 13, 2001, see April 13, 2001, Order, at para no. 1. However, defendants were "unsuccessful" in their attempt to have Kenney removed from this jurisdiction.[1/] Paragraph 3 of the April 13, 2001, Order states that, "[P]laintiff shall not be removed from this jurisdiction until the captioned action is terminated." (Rambo, J.).

On June 4, 2001, in USA v. John C. Kenney, No. 4:99-CR-280, a jury found Kenney guilty of contraband of possessing the disposable razor blade, not guilty of resisting, and not guilty only by reason of insanity of assault. Conclusion of Kenney's criminal case ended on November 20, 2001, when he was sentenced on count 3 of the indictment. However, on November 30, 2001, Kenney through his Defense Counsel, Mr. Jeffrey C. Dohrmann timely filed a ("NOA") notice of appeal, appealing the Nov. 20, 2001, sentence. Appeal procedures are currently underway, where Kenney is working "closely" with his counsel in preparing a successful appeal. (See Attachment-One)(revealing "new" appellate number from the Honorable Third Circuit U.S. Court of Appeals.).

Kenney also has "separate" civil litigation currently pending disposition in the Honorable U.S. Court of Appeals for the Third Circuit. (See Attachment-Two).

---

[1/] Prior to the April 13, 2001, Order. Defendants had unsuccessfully attempted to "sneak" Kenney from the jurisdiction, while he was undergoing a psych-examination

## STATEMENT OF THE CASE

Internally, Kenney had received an incident report concocted by Kenney's (former) Unit Manager, Mr. Jesus "Jesse" Gonzalez, a named defendant in this case. The incident report concocted by Gonzalez derived from the allegations of September 29, 1999, where Gonzalez had claimed Kenney "attempted" to assault him. On December 7, 1999, a Discipline Hearing convened in Kenney's absence. The ("DHO") discipline hearing officer "obviously" found Kenney guilty of the alleged "attempted" assault of Gonzalez. As a result the ("DHO") had imposed, inter alia, multiple sanctions upon Kenney for the alleged infraction described above. One of the sanctions imposed upon Kenney was a disciplinary-transfer, which is the focal point, as to why defendants filed their subsequent motion on January 28, 2002. And why Kenney files this supporting brief in opposition. Although, Kenney successfully completed his disciplinary segregation time (2) two-years ago on February 27, 2000. For "obvious reasons," Kenney cannot be transferred, as he must remain in this jurisdiction, due to the pendancy of the instant civil case, another civil appeal awaiting disposition, and preparation of Kenney's criminal appeal currently underway. The reasons for placing Kenney him in segregation had "ceased to exist" over two years ago, and a transfer is no longer warranted. Warden-Mendez, a named defendant "refuses" to release Kenney from out of isolation-segregation. As a result, Kenney filed an Injunction, dated 10/21/01.

<u>Page - Five</u>

## QUESTIONS PRESENTED BY PLAINTIFF

I. Should defendants have a "second" attempt at having Kenney removed from the jurisdiction, when he has already defeated them at a previous attempt?

II. Should Kenney be removed from the jurisdiction, when he has three "ACTIVE" cases within the proximity of the Courts?

III. Should Kenney be forced to fight his three active cases from across the country?

IV. Conveniently, Kenney is within the Courts' reach. Should Kenney be removed from this reach?

V. Should Kenney be removed from the jurisdiction at post summary judgment phases?

VI. Pursuant to 28 USC 3901(b) of the <u>Civil R. Proc.</u> Kenney intends to demand a jury trial in the instant case. Should Kenney be transferred, then brought back for his civil trial?

VII. Kenney was denied counsel on January 31, 2002. Where Kenney was awaiting this disposition before, he attempted to file for discovery. Kenney is now moving for discovery. Should Kenney be forced to file discovery from across the country?

Suggested answers in the affirmative.

## ARGUMENT

Previously, on March 5, 2001, defendants had discreetly filed a stay in the instant case, while Kenney was undergoing a psychological examination at Springfield, Missouri. Defendants intentionally done this knowing Kenney was unable to respond, as he was temporarily out of state. (Kenney was confined to a "lock-down" SHU-cell at Springfield, and not permitted legal materials. In other words, defendants attempted to "sneak" Kenney from the jurisdiction by their sought of a stay. Unbeknownst to defendants, that on March 12, 2001, Kenney had returned back to USP Allenwood - in time to "alert" the Court by filing a response on March 26, 2001, where Kenney had defeated defendants. (See April 13, 2001, Order, at para no. 3)(reflecting). Note: defendants had not anticipated Kenney's sudden return from Springfield, Mo.). For the "same" reasons previously described herein, that Hon. Judge Rambo Ordered that, "plaintiff shall not be removed from this jurisdiction until the captioned action is terminated." Kenney's contentions here, as before are well girdled in this response, coupled with supporting exhibits. Therefore, it would be absurd for Kenney to be removed from the jurisdiction at this particular juncture in the (middle) of the proceedings, for which it would be prejudicial to Kenney if removed. Based upon these facts, Kenney respectfully request that he "remain" within this jurisdiction, and defendants denied vacation of the April 13, 2001, Order, at para no. 3.

Page-Seven

## CONCLUSION

Because, this case, and Kenney's other two cases are not terminated, yet. Wherefore, Kenney request that, he remain within this jurisdiction, along with all three of his "active" cases from this jurisdiction.

Respectfully submitted,

Kenney #05238-041

---

Mr. John Charles Kenney, pro se
Register No. 05238-041
Allenwood USP
P.O. Box 3000
White Deer PA 17887-3000

Dated: February 4, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYVANIA

JOHN CHARLES KENNEY,
    Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
    Defendants.

Civil No. 1:CV-00-2143
Hon. Judge McClure, Jr.,
(Presiding)
(Magistrate Blewitt)

## CERTIFICATE OF SERVICE BY AN INCARCERATED LITIGANT

I, John Charles Kenney, plaintiff, acting pro se hereby certify that on Monday, February 4, 2002, I forwarded a true carbon-copy of a (7) seven-page "Supporting Brief," along with (2) two supporting [Exhibit] attachments. All in opposition of defendants January 28, 2002 Motion, where they seek relief from the April 13, 2001, Order. I placed said contents in a post paid first class, envelope, pre-addressed and mailed it to defendants' representative below:

    The Honorable Terz
    U.S. Attorney's Office
    Federal Building, Ste. 316
    240 West Third Street
    Williamsport PA 17701-6465

                              Kenney # 05238-041
                              _____
                              John Charles Kenney, pro se

# ATTACHMENT ONE

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 01-4318

USA

vs.

Kenney

John C. Kenney

Appellant

(Middle District of Pennsylvania Criminal No. 99-cr-00280)

S E R V I C E   L I S T

Jeffrey C. Dohrmann, Esq.
Rieders, Travis, Mussina, Humphrey & Harris
161 West Third Street
P.O. Box 215
Williamsport, PA   17703         570-323-8711

Frederick E. Martin, Esq.
Office of United States Attorney
240 West Third Street
Suite 316
Williamsport, PA   17701         570-326-1935

"Attachment-One"

# ATTACHMENT ONE

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

<u>No. 01-4318</u>

USA

vs.

Kenney

John C. Kenney

Appellant

(Middle District of Pennsylvania Criminal No. 99-cr-00280)

S E R V I C E   L I S T

Jeffrey C. Dohrmann, Esq.
Rieders, Travis, Mussina, Humphrey & Harris
161 West Third Street
P.O. Box 215
Williamsport, PA  17703         570-323-8711

Frederick E. Martin, Esq.
Office of United States Attorney
240 West Third Street
Suite 316
Williamsport, PA  17701         570-326-1935

*"Attachment-One"*

# ATTACHMENT ONE

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

<u>No. 01-4318</u>

USA

vs.

Kenney

John  C. Kenney

Appellant

(Middle District of Pennsylvania Criminal No. 99-cr-00280)

**S E R V I C E    L I S T**

Jeffrey C. Dohrmann, Esq.
Rieders, Travis, Mussina, Humphrey & Harris
161 West Third Street
P.O. Box 215
Williamsport, PA  17703              570-323-8711

Frederick E. Martin, Esq.
Office of United States Attorney
240 West Third Street
Suite 316
Williamsport, PA  17701              570-326-1935

*"Attachment-One"*

# ATTACHMENT TWO

*"Attachment-Two"*

OFFICE OF THE CLERK - LEGAL DIVISION
**UNITED STATES COURT OF APPEALS**
21400 U.S. COURTHOUSE
601 MARKET ST.
PHILADELPHIA, PA 19106-1790

**MARCIA M. WALDRON**
CLERK

August 30, 2001

TELEPHONE
(215) 597-2378

Mr. John Charles Kenney, #05238-041
Allenwood USP
P.O. Box 3000
White Deer, PA 17887-3000

        Re:    Kenney v. Fanello
              C.A. No. 00-3118
              (M.D. Pa. Civ. No. 99-cv-01306)

Dear Mr. Kenney:

    This will acknowledge receipt on August 20, 2001 of an original and three copies of your Motion for Reconsideration of the May 16, 2001 Order denying request for the Appointment of Counsel. We note you state that you have served the appropriate opposing counsel with a copy of this document.

    We note that your appeal has been fully briefed. Your motion for reconsideration will be submitted to the same panel of this Court that will consider the merits of the appeal. If the Court determines that appointment of counsel is appropriate, counsel will be appointed and additional briefing will be requested. All parties will be sent a copy of any Order(s) issued in this matter.

                              Very truly yours,

                              Rene Calloway
                              Rene' Calloway
                              Staff Attorney

RC/as

cc:    Dulce Donovan, Esq.
        Office of United States Attorney
        Federal Building, Suite 220
        228 Walnut Street
        P.O. Box 11754
        Harrisburg, PA 17108

*"Attachment-Two"*

# ATTACHMENT TWO

*"Attachment-Two"*

OFFICE OF THE CLERK - LEGAL DIVISION
**UNITED STATES COURT OF APPEALS**
21400 U.S. COURTHOUSE
601 MARKET ST.
PHILADELPHIA, PA 19106-1790

**MARCIA M. WALDRON**
CLERK

August 30, 2001

TELEPHONE
(215) 597-2378

Mr. John Charles Kenney, #05238-041
Allenwood USP
P.O. Box 3000
White Deer, PA 17887-3000

Re: Kenney v. Fanello
C.A. No. 00-3118
(M.D. Pa. Civ. No. 99-cv-01306)

Dear Mr. Kenney:

This will acknowledge receipt on August 20, 2001 of an original and three copies of your Motion for Reconsideration of the May 16, 2001 Order denying request for the Appointment of Counsel. We note you state that you have served the appropriate opposing counsel with a copy of this document.

We note that your appeal has been fully briefed. Your motion for reconsideration will be submitted to the same panel of this Court that will consider the merits of the appeal. If the Court determines that appointment of counsel is appropriate, counsel will be appointed and additional briefing will be requested. All parties will be sent a copy of any Order(s) issued in this matter.

Very truly yours,

Rene Calloway

Rene' Calloway
Staff Attorney

RC/as

cc: Dulce Donovan, Esq.
  Office of United States Attorney
  Federal Building, Suite 220
  228 Walnut Street
  P.O. Box 11754
  Harrisburg, PA  17108

*"Attachment-Two"*

# ATTACHMENT TWO

*"Attachment-Two"*

OFFICE OF THE CLERK - LEGAL DIVISION
**UNITED STATES COURT OF APPEALS**
21400 U.S. COURTHOUSE
601 MARKET ST.
PHILADELPHIA, PA 19106-1790

**MARCIA M. WALDRON**
CLERK

August 30, 2001

TELEPHONE
(215) 597-2378

Mr. John Charles Kenney, #05238-041
Allenwood USP
P.O. Box 3000
White Deer, PA 17887-3000

Re: Kenney v. Fanello
C.A. No. 00-3118
(M.D. Pa. Civ. No. 99-cv-01306)

Dear Mr. Kenney:

This will acknowledge receipt on August 20, 2001 of an original and three copies of your Motion for Reconsideration of the May 16, 2001 Order denying request for the Appointment of Counsel. We note you state that you have served the appropriate opposing counsel with a copy of this document.

We note that your appeal has been fully briefed. Your motion for reconsideration will be submitted to the same panel of this Court that will consider the merits of the appeal. If the Court determines that appointment of counsel is appropriate, counsel will be appointed and additional briefing will be requested. All parties will be sent a copy of any Order(s) issued in this matter.

Very truly yours,

Rene Calloway

Rene' Calloway
Staff Attorney

RC/as

cc: Dulce Donovan, Esq.
Office of United States Attorney
Federal Building, Suite 220
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108

*"Attachment-Two"*