IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,  |  Civil No. 1:CV-00-2143
    Plaintiff,  |  Hon. Judge McClure
v.  |  (Presiding)
JAKE MENDEZ, Warden, et al.,  |  (Magistrate Blewitt)
    Defendants.  |

FILED WILLIAMSPORT FEB 19 2002
PER _____ DEPUTY CLERK

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR AN EXTENSION OF TIME/20 DAYS

PLAINTIFF - John Charles Kenney, acting pro se in the above captioned case on Tuesday, February 12, 2002 had filed a Motion, seeking a 20-day extension in order to respond to case management schedules of January 15, 2002 (discovery), and February 15, 2002 (dispositive-motions). Unfortunately, Kenney is and has been segregatively-confined to a "SHU"[1] cell, since Wednesday, September 29, 1999. For the reasons below, Kenney requires a 20-day extension, and files the instant brief in support, pursuant to M.D. Pa. Local Rule 7.5.

### INTRODUCTION

Kenney is a Pro Se litigant incarcerated at Allenwood USP ("USP Allenwood"), whom is wholly indigent. He had initially filed his suit on Dec. 12, 00.

---

[1] Special Housing Unit, or the term "SHU" is segregative type housing equivalent to that of isolation-segregation. Inmate(s) are confined to such cells nearly 24-hours a day, 7-days a week.

## PLAINTIFF'S NECESSITY OF 20-DAY EXTENSION

The reasons why Kenney requires a 20-day extension are: <u>First</u>, Kenney is "forced" to proceed in a <u>pro se</u> capacity. (See Reaffirmance Order, dated January 31, 2002, at p. 2)(Order reflects Kenney being denied appointment of counsel); <u>Secondly</u>, Kenney is confined to an ISOLATION-CELL, where he is forced to manually conduct research, and write his own motions, and briefs "by hand"; <u>Thirdly</u>, Kenney is wholly indigent, where he cannot always afford postage in order to mail his motions, and briefs to the Court, and to the defendants. Often times this alone results in substantial delays; And lastly, Kenney is substantially restricted from regular use of a law library. (See <u>Tellier v. Fields</u>, 230 F.3d 502, 506 (2nd Cir. 2000) (describing, <u>inter alia</u>, less access to the [SHU] law library.); see also, <u>Salahuddin v. Coughlin</u>, 781 F.2d 24, 25 n. 2 (2nd Cir. 1986)(Confinement in an SHU is considerably more restrictive than general confinement.) Based upon these time consuming disadvantages contained herein. That, Kenney's asserted reasons for a 20-day extension are reasonable in light of his plight, and his obvious predicament, which here is perspicuous.

WHEREFORE, based upon the above facts that the Court shall consider granting plaintiff a 20-day extension.

Respectfully submitted,

Dated: 2/14/02

Kenney #05232-041

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
    Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
    Defendants.

Case No. 1:CV-00-2143
Hon. Judge McClure, Jr.,
(Presiding)
(Magistrate Blewitt)

## DECLARATION OF JOHN CHARLES KENNEY SUPPORTING HIS MOTION FOR AN EXTENSION OF TIME

I, John Charles Kenney, hereby make the following declaration:

1. I am an incarcerated indigent civil litigant, whom is forced to proceed Pro Se. That, I am confined to an ISOLATION-SHU-CELL, where I have absolutely no access to an electronic typewriter, nor my own access to a photocopying machine. As a result of this, I am forced to manually handwrite my own motions and briefs with a 4-inch flimsy ink-pen. Often times these ink-pens do not work, and that I am only allowed to purchase one a week, if I have funds.

2. I am also forced to manually conduct my own legal research, at the convenience of Allenwood prison officials. There is one law-library for approximately 170 SHU inmates. That the law books are outdated, and "entire" sections are missing from these books.

3. I must also rely on Allenwood prison officials to photocopy my motions, briefs, and documents at their convenience, not mine. This is time consuming.

Page 2 of 2
Feb. 14, 2002

4. Due to my penury, I cannot always financially afford U.S. postal stamps in order to mail my motions, and briefs to the Courts, and the Defendants. That Allenwood prison officials <u>do not</u> provide postage for its incarcerated inmates. Indigent inmates receive (5) five-stamps a month. If my lovedones are unable to forward me funds. I am unable to purchase U.S. postal stamps. As a result, I have to wait, until my lovedones are financially able to afford to forward me such funds. Meanwhile, while my motions, and briefs may be completed. I am unable to mail them, until I receive such funds.

5. Oftentimes, I experience "great" difficulty in obtaining legal-size 9½ x 12½ envelopes, writing-paper, and carbon-copy paper. Until, I receive such materials, I am unable to file such motions, and briefs, let alone attempt to mail them, absent proper size legal envelopes.

6. Due to these impediments, deriving from my predicament of being "trapped" in an ISOLATION-CELL. That these things are, indeed, time consuming, thus beyond my control. That an extension of 20-days, or more is warranted.

I declare under penalty of perjury in accordance with the provisions of 28 USC 1746 that the above is accurate to the best of my knowledge and belief.

Kenney #05238-041

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,  : Civil No. 1:CV-00-2143
          Plaintiff,  : Hon. Judge McClure, Jr.,
     v.               : (Presiding)
JAKE MENDEZ, Warden, et al., : (Magistrate Blewitt)
          Defendants. :
                      : Extension Of Time
                      : Supporting Brief

### CERTIFICATE OF SERVICE / PRO SE

AND NOW comes John Charles Kenney, plaintiff certifies that a true carbon-copy of the foregoing "Supporting Brief," along with a (2) two-page "Declaration" in support has been served upon Defendants' Representative below, by first-class mail, postage pre-paid.

The Honorable Terz
U.S. Attorney's Office
Federal Building, Suite 316
240 West Third Street
Williamsport PA 17701-6465

Upon Thursday, February 14, 2002, evening.

Kenney #05238-041

John Charles Kenney, pro se
Register No. 05238-041