IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
    Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
    Defendants.

Case No. 1:CV-00-2143

Hon. Judge McClure, Jr.,
(Presiding)

(Magistrate Blewitt)

FILED
WILLIAMSPORT, PA
MAR 5 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR DEMANDING A CIVIL JURY TRIAL PURSUANT TO THE PROVISION OF 28 USC 3901(b)**

Plaintiff- John Charles Kenney, acting *pro se* in the above captioned civil action on Wednesday, February 20, 2002, had filed a *pro se* motion. Kenney in his 2/20/02 motion had moved by demanding civil jury trial to be conducted in the instant cause of action. Thereby, invoking Federal Rules of Civil Procedure RULE 28 USC 3901(b). As a result, Kenney files the instant brief in support of that motion.

The instant brief is in full compliance with that of M.D. Pa. Local Rule 7.5.

I. **INTRODUCTION AND PROCEDURAL HISTORY**

Kenney is an incarcerated litigant, whom is a federal prisoner at USP Allenwood. Unfortunately, Kenney was "violently" beaten by a triad of defendants on September 29, 1999. Because, of the injuries caused to Kenney inflicted by the defendants. That, he had instituted a Bivens on December 12, 2000.

Peculiarly, Kenney on November 10, 1999, was criminally indicted, count 1 attempted assault upon his (former) Unit Manager; count 2 resisting a correctional officer; count 3 possession of a disposable razor. All arising from September 29, 1999. The "same" incidents in which Kenney files this <u>Bivens</u>. On May 22, 2001, Kenney attended his criminal trial for eight-days. On June 4, 2001, a twelve-member federal jury had found Kenney, not guilty only by reason of insanity on count-one, not guilty of count-two, but guilty of count-three. On November 20, 2001, Kenney was sentenced on count-three. (Kenney admitted to possessing the disposable razor, he has a history of cutting himself, due to a mental disease and/or defect, which he suffers from.).

Because, Kenney has three-"active"- cases, that on April 13, 2001, Honorable Judge Rambo, Ordered that, "plaintiff shall not be removed from this jurisdiction until the captioned action is terminated." (Order of April 13, 2001, at para 3). Note: all three of Kenney's active cases are within "this" jurisdiction.

## II. STATEMENT OF THE CASE

Internally, Kenney received an incident report on September 29, 1999, concocted by Kenney's then aggressor, Mr. Jesus "Jesse" Gonzalez (Gonzalez was Kenney's former Unit Manager). Naturally, Gonzalez is one of the triad of defendants named in this case.

2

On December 7, 1999, Kenney had waived attendance of the Disciplinary Hearing. Disciplinary Hearing was held in Kenney's absence. Quite obviously, the Disciplinary Hearing Officer, a/k/a, (the "DHO") had found Kenney guilty of Attempted Assault w/Serious Injury (of Gonzalez). The DHO had imposed a "plethora" of sanctions upon Kenney, inter alia, a disciplinary transfer.[1] On February 27, 2000, Kenney successfully completed his disciplinary segregation time. Reasons unknown to Kenney, that defendants continue to keep him in isolation-segregation, and "gelidly" deny his requests of releasing him to general-population. Oddly, Kenney has been kept involuntarily in isolation-segregation, since September 29, 1999, which is an awful (30) thirty, plus months.

During the internal investigative process involving the incident-report written on Kenney, concocted by Gonzalez. That various staff-members (prison-employees) compiled memorandums of their account arising from the allegations of what took place on September 29, 1999. Approximately, fourteen-memos were compiled regarding the allegations of Sept. 29, 1999. "All" of the memos are inconsistent with Kenney's version of what took place on Sept. 29, 1999.

---

[1] In light of the April 13, 2001, Order forbids Kenney from being removed from the jurisdiction.

3

## III. JURISDICTION

A U.S. District Court pursuant to Fed. R. Civil P. has authority to adjudicate a motion demand for a [civil] jury trial filed by, "any party." See 28 USC Section 3901(b). As a result, Kenney hereby urges this Honorable Court to invoke its jurisdiction in order to adjudicate his claims presented herein.

## IV. STANDARD OF REVIEW

In considering an incarcerated prisoner plaintiff's attendance for a civil jury trial. Relevant caselaw has provided a tripartite of factors:

(1) Whether the prisoner's presence will substantially further the resolution of the case, and whether alternative ways of proceeding, such as trial on depositions, offer an acceptable alternative.

(2) The expense and potential security risk entailed in transporting and holding the prisoner in custody for the duration of the trial.

(3) The likelihood that a stay pending the prisoner's release will prejudice his opportunity to present his claim, or the defendant's right to a speedy resolution of the claim.

Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107, 113 (4th Cir. 1988); Hawks v. Timms, 35 F.Supp.2d 464, 466)(Md. 1999); see also Latiolais v. Whitley, 93 F.3d 205, 208 (5th Cir. 1996)(mentioning same factors). In Muhammad following the above factors, the Court

4

further went on to say that, "[b]ecause meaningful review of such decisions requires an adequate record of the decisional process, the district court should record the basis for its decision, including the factors it considered." Id. 849 F.2d at 113; Hawks, 35 F.Supp.2d at 466 (emphasis added).

## V. DISCUSSION

Although a prisoner has no constitutional right to be present, or to testify, at his own civil trial, the district court may not summarily exclude a prisoner-plaintiff from the trial of his civil rights suit. See Latiolais, supra, 93 F.3d at 208 (citations omitted).

It is well established, however, that "There is a constitutional right to a fair trial in a civil case." See Latiolais, Id. 93 F.3d at 207; see also Bailey v. Sys. Innovation, Inc., 852 F.2d 93, 98 (3rd Cir. 1988)(holding that "fairness in a jury trial, whether criminal or civil in nature, is a vital constitutional right").

Because, there exist skepticism on behalf of the defendants, as to how Kenney had received physical injuries upon his noddle and facial areas. That, "fundamental fairness requires that [Kenney] have the opportunity to present [his] case so that the trier of fact can make a meaningful search for the truth." Latiolais, Id. at 207 (brackets and emphasis added). Due to the existing skepticism on behalf of the defendants regarding how Kenney sustained physical injuries on September 29, 1999, compared to his version in the complaint. That, Kenney ought to be afforded to attend a jury trial in his case in order for a jury to clarify the conflict by determination.

5

## VI. PLAINTIFF'S SATISFACTION OF THE FACTORS

Below, Kenney satisfies the standard of factors set out in _Muhammad_ and _Hawks_:

_First_, Kenney's presence would significantly aid in the resolution of his case, because his case chiefly lies on judging his "CREDIBILITY" versus prison-officials, i.e., the triad of defendants.3/ See _Latiolais, supra,_ 93 F.3d at 209 (holding entire case depended on assessing the credibility of the prisoners and their witnesses versus the credibility of prison officials.). "If [Kenney] 'appears' only through affidavit or deposition, he will be put at a significant disadvantage.'" (quoting Hawks. Id. at 467.

_Secondly_, Kenney is already conveniently within this Court's locale. Therefore, it would be "INEXPENSIVE" to transport him locally to and from Court for his trial. See _Hawks._ Id at 467-68 (where court inquired of the U.S. Marshal of bringing Hawks from Lewisburg, PA, to Greenbelt, Maryland. Marshals advised the Court that the 135 mile trip would not be EXCESSIVE). Kenney recently had attended nine outings during the course of his criminal case to this Court, which obviates any security concerns. See _Hawks,_ 35 F. Supp. 2d at 468 (there is no expectation that Hawks would comport himself any differently from any other prisoner).

_Thirdly_, given that Kenney has completed 10 years of a 31 year sentence, absent parole eligibility, any stay of his case pending release would obviously be unreasonable. See _Muhammad._ Id. at 110 (concluding that an open-ended delay created by the district court so prejudices Muhammad's ability to prosecute his claim.); _Hawks,_ Id. at 468.

_3/ Prison Officials are not credible. See Brumfield v. Sanders,_ 232 F.3d 376, 381-382 (3rd Cir. 2000) (Allenwood prison officials made "false" statements during an investigatio

6

Although, the tripartite of factors are to be only minimally considered by the Court. "Overwhelmingly," all three-factors weigh heavily in Kenney's favor, due to his satiation of them. Here, Kenney has tipped the scales in his favor. And that his request for a jury trial should be granted in light of <u>Muhammad</u>, <u>Hawks</u>, and <u>Latiolais</u>. Thus, due to the conflicting versions regarding what took place on September 29, 1999, as to how Kenney actually received physical injuries. Because, Kenney's complaint, and deposition of December 21, 2001, "substantially" differs from that of the defendants' version. (See Attachments One, Two, and Three). Primarily, this case hinges on credibility. Therefore, a jury should be allowed to make such a determination. As a result, Kenney request a jury trial upon his claims, at the expense of the United States, as in <u>Hawks</u>. Id. 35 F.Supp.2d at 468 (Request for jury trial granted in Hawks).

## VII. <u>CONCLUSION</u>

Wherefore, plaintiff respectfully request this Honorable Court to grant him a trial by jury.

Respectfully submitted,

Dated: Feb. 27, 2002        Kenney #05238-041

John Charles Kenney, plaintiff
Register No. 05238-041
Allenwood USP
P.O. Box 3000
White Deer PA 17887-3000

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,  Case No. 1:CV-00-2143
    Plaintiff,  (Hon. Judge McClure, Jr.,)

v.

JAKE MENDEZ, Warden, et al.,  (Magistrate Blewitt)
    Defendants.

Brief In Support Of Motion
For Demanding A Jury Trial

## CERTIFICATE OF SERVICE / PRO SE

AND NOW comes John Charles Kenney, Plaintiff, Pro Se, certifies that a true copy of the foregoing "Brief In Support Of Motion For Demanding A Jury Trial," along with three-supporting-attachments has been served upon defendants' representative below on this (this) Thursday, February 288, 2002, by first-class mail, postage pre-paid.

Addressee:

The Honorable Terz
U.S. Attorney's Office
Federal Building, Ste. 316
240 West Third Street
Williamsport PA 17701-6465

Kenny #05238-041
_____
John Charles Kenney, pro se