IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CHARLES KENNEY, <br> Plaintiff, <br> v. <br> JAKE MENDEZ, Warden, et al., <br> Defendants. | Case No. 1:CV-00-2143 <br> Hon. Judge McClure, Jr., <br> (Presiding) <br> (Magistrate Blewitt) <br> FILED SCRANTON <br> MAR 2 5 2002 <br> PER ____ DEPUTY CLERK |

## PRO SE / PLAINTIFF'S BRIEF SUPPORTING HIS MOTION OPPOSING DEFENDANTS OF JUDGMENT ON THE PLEADINGS

John Charles Kenney, plaintiff is a federal prisoner at U.S. Penitentiary Allenwood ("Allenwood USP"). Unfortunately, Kenney was "violently" beaten by prison officials of Allenwood. After fully exhausting his administrative remedies, where he was internally denied all relief. That externally, Kenney instituted a <u>Bivens</u> suit against four of the officials on December 12, 2000, suing Jake Mendez, Warden; Jesus "Jesse" Gonzalez, former Unit Manager; Kelly Keiser, Case Manager; and James "Jimmy" Scarborough, former Correctional Officer. (Collectively "the four defendants"). Kenney is suing each defendant in either of their individual or official capacities, or both- for the physical and emotional injuries they caused him, he is seeking monetary compensation for such. February 15, 2002, defend-

ants filed a motion for judgment on the pleadings. On March 4, 2002, defendants filed a brief in support of their February 15, 2002. Alternatively, Kenney hereby files the instant brief in opposition in support of his opposition-motion of March 11, 2002.

### A. DEFENDANTS CHARGES IN PLAINTIFF'S COMPLAINT

Kenney charges defendants for viciously attacking him and brutally beating him repeatedly about his head and facial areas with large sharp metal keys, where he sustained "numerous" physical injuries on September 29, 1999, at USP-Allenwood (Unit Team III Office area. (See Kenney's Complaint at p. 2, dated Nov. 28, 2000); see also Defs' Opp. Br., at p. 2 (reflecting). Former Unit Mgr., Mr. Gonzalez beat Kenney repeatedly with his keys, while Kenney was held immobilized by C/O Scarborough, whom had knowingly, intentionally, and intelligently assisted Gonzalez by pinning Kenney's limbs. Because, Mr. Gonzalez had used keys to inflict the physical injuries upon Kenney that, that constitutes aggravated assault."

FBI's uniform crime report defines use of a weapon during an assault is aggravated. See Zachery v. Tippy, 202 F.3d 1039, 1043 n. 4 (8th Cir.)

## Defendants' Charges In Plaintiff's Complaint Cont'd

Kenney also charges his (former) Case Manager, Ms. Keiser, whom failed to protect him, as she stood merely as a spectator during this event of Sept. 29, 1999. Keiser only a few feet away "clearly" observed Scarborough and Gonzalez participating in this assault on Kenney, but she did nothing to protect him. (See Kenney's complaint, p. 2, at para 3, dated Nov. 28, 2000); see also Defs' Opp. Br., p. 2, dated March 4, 2002. Mr. Mendez, Warden of Allenwood USP is named as a defendant, because he is "wholly" responsible for his subordinates' actions, as he is the Chief Executive Officer. Meaning Mr. Mendez is solely liable for Gonzalez, Scarborough, and Keiser.

A group of medical personnel from the prison's hospital had to administer first-aid on Kenney in order to cease the bleeding from the "NUMEROUS" abrasions [2] defendants had inflicted upon him. (See Injury Exhibit to Compl.) As relief, Kenney seeks a modest $4 million in monetary damages for the physical injuries that defendants inflicted, and $4 million for the emotional injuries, he suffers. (See Compl., at p. 3).

---

[2] The injuries Kenney sustained withstand an Eighth Amendment claim. Brooks v. Kyler, 204 F.3d 102, 109 (3rd Cir. 2000)(Becker, C.J.).

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

"Before filing a federal lawsuit concerning an excessive force claim, a plaintiff-inmate must exhaust his administrative remedies, even if the ultimate relief sought is not available through the administrative process." Booth v. Churner, 206 F.3d 289, 300 (3rd Cir. 2000), affirmed at 149 L.Ed.2d 958, 966 (2001).

Because, Kenney is a federal-inmate, he must exhaust a "four-step" administrative-remedy grievance procedure internally before traveling into a federal court. This multi-tiered system is set forth below:

1) 542.13(a) Informal Resolution; (BP-8);

2) 542.14(a) Initial Filing; (BP-9);

3) 542.15(a) Appeals; and, (BP-10),

4) 542.18 Response Time. (BP-11).

28 CFR, Chapter V, Sections 542.13, 14, 15, and 18. (2000 Ed.).

Pursuant to the amended 1996 version of 42 U.S.C.A. 1997e(a), 7(a) Civil Rights of Institutionalized Persons Act (hereinafter "the Act"). Mandates completion of each step, "before" bringing suit into federal court.

## C. DID PLAINTIFF-KENNEY EXHAUST HIS ADMINISTAATIVE REMEDIES "BEFORE" FILING HIS LAWSUIT?

Before, Kenney jumped into his 1983 <u>Bivens'</u> sedan and traveled into federal court, he had made four-consecutive internal stops within the BOP. His:

<u>First Stop</u>, was when he filed and completed an <u>Informal Resolution Form</u> on Sept. 25, 2000. He was denied-relief on Oct. 6, 2000. (See Attachment One);

<u>Second Stop</u>, on Oct. 10, 2000, he filed a <u>BP-9</u>. On Oct. 18, 2000, he was again denied relief. (See Attachment-One);

<u>Third Stop</u>, on Oct. 24, 2000, he filed an appeal pursuant to a <u>BP-10</u>. To the NE Region. Oct. 25, 2000, he was denied-relief. (See Attachment-One);

<u>Fourth Stop</u>, on Nov. 6, 2000, he filed for "finality" pursuant to a <u>BP-11</u>. To the Central BOPs' Washington Office. On Nov. 13, 2000, he was lastly denied-relief. (See Attachment-One)(reflecting); see also Defs' Exhibit/Attachment-One.

Because, Kenney has taken this "laborious" task of internal exhaustion. He satisfied the exhaustion-requirement pursuant to "the Act."

5

## D. PLAINTIFF-KENNEY HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES "BEFORE" FILING HIS SUIT IN FEDERAL COURT

Defendants attempt to argue that Kenney failed to exhaust his administrative remedies. Defs.' Br., at p. 3 and 4. For two-reasons below that defendants' argument fails. See reasons below:

<u>One</u>. After, Kenney completed all four-steps of his internal grievance procedures. That on Nov. 14, 2000, he received a finality response;

<u>Two</u>. Fourteen-days "AFTER" Kenney received his finality response. That on Nov. 28, 2000, he completed his <u>Bivens'</u> complaint. (See Compl., at p. 3)(reflecting the 11-28-00 date). That on December 12, 2000, the Chief Deputy Clerk of this Court docketed this cause of action. (See Docket Entry)(reflecting). Kenney traveled 28-days in his <u>Bivens'</u> sedan "BEFORE," he had reached federal court.

Based upon the above "forecloses" defendants' attempted failure to exhaust argument. Meaning that the instant cause of action is ripe for adjudication. And, therefore, Kenney's excessive-force claims "must" go forward based upon the "substantial" merits of this action. Note: defendants' reliance on <u>Porter v. Nussle</u> (2002), <u>Booth v. Churner</u>, <u>supra</u>, and <u>Ahmed v. Sromovski</u>, 103 F.Supp.2d 838. Are inapposite to this case.

## QUESTIONS PRESENTED

Should defendants be entitled to judgment: (1) eventhough Kenney exhausted his administrative remedies pursuant to "the Act's" requirement; and (2) Should the Chief Executive Officer be relieved from liability, eventhough, he is "directly" responsible for his subordinates' actions?

E.  ARGUMENT

In a "bad faith" effort, defendants had attempted to manipulate the Court with a tripartite of inapposite cases, Porter v. Nussle, supra, Booth v. Churner, supra, and Ahmed v. Sromovski, supra,. (See Defs.' Br., at 4). Oddly, these tripartite of cases defendants rely upon deal with prisoner-plaintiffs, whom failed to exhaust their prescribed administrative remedies, "BEFORE" filing suit.

Because, Kenney filed [his] this lawsuit (twenty-eight-days "AFTER," he exhausted his administrative remedies, as previously demonstrated herein. That the tripartite of cases defendants rely upon above are "wholly" inapposite to the case at bar, thereby, foreclosing their claim. As a result, Kenney as a matter of law is entitled to judgment in his favor regarding exhaustion.

Note: In addition, although, not required that Kenney also filed two Administrative Tort Claims regarding the undisputed claims in his complaint. (See Attachment-Two hereto).

7

## F. WARDEN-MENDEZ IS NOT ENTITLED TO A DEFENSE OF QUALIFIED IMMUNITY

Defendants on September 7, 2001, per Order of the Court were ordered to file a responsive pleading to Kenney's December 12, 2000 complaint. On Sept. 7, 2001 defendants filed answers. On page-three under their <u>Third Defense</u> they claim, or assert that they are entitled to qualified-immunity.

Defendants in their March 4, 2002 brief now move under the "guise of Respondeat Superior regarding Mr. Mendez, Warden, whom is named as one of the four-defendants in this action. Now defendants assert that Warden-Mendez is not liable under the doctrine of respondeat superior. Based upon the foregoing reasons provided below, that Mr. Mendez is not entitled to a defense of qualified immunity, therefore, he is unshielded.

## G. ANALYTICAL FRAMEWORK QUALIFIED IMMUNITY

"[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability' for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Showers v. Spangler</u>, 182 F.3d 165, 171 (3rd Cir. 1999)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982))(emphasis added).

8

In addition, "qualified immunity does not act as a shield for individuals who 'knowing violate the law.'" <u>Tellier v. Fields</u>, 230 F.3d 502, 515 (2nd Cir. 2000)(quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)(emphasis added). Furthermore, "the defendants bear the burden of showing that the challenged act was objectively reasonable in light of the law existing at that time." <u>Fields</u>, 230 F.3d at 515 (citing Harlow, 457 U.S. at 815.

### <u>THIRD CIRCUIT'S TWO PART TEST</u>

This Court teaches Kenney in <u>Showers</u>. That in order for him to defeat defendant[s] Mendez in a defense of qualified immunity it requires a two-part test:

<u>First</u>, the court must ask whether the conduct alleged by the plaintiff violated a clearly established principle of constitutional or statutory law. Id. at 171; <u>Secondly</u>, the court ask whether the unlawfulness of the action would have been apparent to an objective reasonable official. Id. at 171.

<u>Showers v. Spangler</u>, <u>supra</u>, 182 F.3d at 171.

1. Demonstrating that Kenney had a clearly established constitutional right during the time he alleges defendants "violently" beat him on September 29, 1999.

9

## CLARIFYING THE ESTABLISHED CONSTITUTIONAL RIGHT

"Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987). "After conviction, the Eighth Amendment serves as the primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified." Brooks v. Kyler, supra, 204 F.3d at 106 (Becker, C.J.) (citation omitted). According to pre-existing precedent from this court in, Wiers v. Barnes, 925 F.Supp. 1079, 1087 (D.Del. 1996)(stating that the law in the area of excessive force, namely objective reasonableness, is clearly established in the Third Circuit), citing Tofano v. Reidel, 61 F.Supp.2d 289, 299 (D.N.J. 1999). Therefore, during Sept. 29, 1999 when the event in question allegedly occurred the Constitutional right to be free from "excessive unjustified force" was clearly established for Kenney. See Tellier, supra, 230 F.3d at 515, citing Anderson v. Creighton, 483 U.S. 635, 640 (1987). Having satisfied the first-step, Kenney moves to the remaining step-two.

2. Were Defendants' Actions Objectively Reasonable. Drawing blood from Kenney's noddle and facial areas with LARGE SHARP METAL KEYS, where Kenney had to receive medical attention by the prison's hospital personnel. (See Injury Sheet) (attached to Kenney's 12-12-00 Compl.)(reflecting),

10

## OBJECTIVE OF REASONABLENESS Cont'd

In "stressing" the objective of reasonableness. That no reasonable official in Mr. Mendez's position as chief executive officer could have reasonably believed at the time of this alleged incident that "repeatedly" beating blood out of Kenney's noddle was an lawful act. This lawless act was, indeed, objectively unreasonable. Citing cases, see <u>Tellier</u>. Id. at 518 (denying warden and his codefendants qualified immunity for unlawfully confining inmate in SHU for 514-days); <u>Showers</u>. Id. at 174 (denying qualified immunity for Wildlife Conservation Officer conducting illegal searches); <u>Kurilla v. Callahan</u>, 68 F.Supp.2d 556, 568 (M.D.Pa. 1999)(finding school teacher liable under <u>Section</u> 1983 for use of excessive force upon students)(Vanaski, C.J.). In light of the underlying facts of this particular case that Warden-Mendez is not entitled to a qualified immunity defense, as he is liable. In fact, neither of the four-defendants in this case are in a position to assert a qualified immunity defense, as they are "ALL" liable. Thus, defendants' recent claim of respondeat superior must be waived for its manipulativeness in an attempt to relieve Warden-Mendez of his liability.

Therefore, judgment in favor of defendant Mendez would be "wholly" inappropriate at this time.

## PRO SE LIBERAL PLEADING IN EFFECT

Plaintiff, John Charles Kenney is acting *pro se* in this civil case, and has "carefully" prepared the instant brief herein to the best of his ability. As a result, he wishes for this Honorable Court to afford him liberal construction under the familiar teachings of *Haines v. Kerner*, 404 U.S. 519 (1972).

## CONCLUSION

For the above stated reasons, defendants' motion for partial judgment on the pleadings should be denied. That the issues defendants attempt to raise are "wholly" frivolous," thus in bad faith. As a result, plaintiff should be granted partial judgment in his favor.

Respectfully submitted,
John Charles Kenney

John Charles Kenney, plaintiff, *pro se*
Register No. 05238-041
Allenwood USP
P.O. Box 3000
White Deer PA 17887-3000

Dated: March 21, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CHARLES KENNEY, <br> Plaintiff, <br> v. <br> JAKE MENDEZ, Warden, et al., <br> Defendants. | Case No. 1:CV-00-2143 <br> Hon. Judge McClure, Jr., <br> (Presiding) <br> (Magistrate Blewitt) <br><br> Plaintiff's Opp. Brief <br> On Judgment of Pleadings |

## CERTIFICATE OF SERVICE

AND NOW comes John Charles Kenney, Plaintiff, certifies that a true carbon-copy of the foregoing Opposition Brief, along with supporting attachments has been served upon defendants' representative below on this Thursday, March 21, 2002, by first-class mail, postage pre-paid.

> The Honorable Terz
> U.S. Attorney's Office
> Federal Building, Ste. 316
> U.S. District Courthouse
> 240 West Third Street
> Williamsport, PA 17701-6465

*John Charles Kenney*
#05238-041
─────────────
John Charles Kenney