UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CHARLES KENNEY, | CIVIL ACTION NO. 1:CV-00-2143 |
| Plaintiff, | (Judge Rambo) |
| v. | (Magistrate Judge Blewitt) |
| JAKE MENDEZ, Warden, et al., | |
| Defendants | |

### REPORT AND RECOMMENDATION

Plaintiff, an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania, filed this *Bivens* action pursuant to 28 U.S.C. § 1331 on December 12, 2000. (Doc. 1). Therein, he alleges that he was assaulted by USP Allenwood staff members on September 29, 1999. Presently ripe for disposition is a motion for judgment on the pleadings which was filed on behalf of all Defendants. **(Doc. 91)**. Also ripe is a motion filed by the Plaintiff for a preliminary injunction. **(Doc. 59)**.

**I. Standard for Motion for Judgment on the Pleadings.**

Defendants move for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). This rule states as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....

As there are clearly matters submitted outside the pleadings by both parties which will be considered by the court, the motion will be considered as a motion for summary judgment.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), aff'd mem. 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id.* The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, quoting *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), cert. denied, 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) cert. denied, 429 U.S. 1038 (1977).

## II. Discussion.

The Defendants argue that they are entitled to an entry of judgment because the Plaintiff failed to exhaust his administrative remedies.

> "Before filing a federal lawsuit...a plaintiff-inmate must exhaust his administrative remedies, even if the ultimate relief sought is not available through the administrative remedy procedures. See Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000). Section 1997e(a) 'specifically mandates' that inmate-plaintiffs exhaust their available administrative remedies. Nyhuis [v. Reno 204 F.3d 65] at 73 (internal quotations omitted) [(3d Cir. 2000)]. Therefore, 'it is beyond the power of this court...to excuse compliance with the exhaustion requirement. Id. Accordingly, the Third Circuit has articulated '[o]ur bright line rule is that inmate-plaintiffs must exhaust all available administrative remedies.' Nyhuis, 204 F.3d at 75."

Ahmed v. Sromovski, 103 F. Supp.2d 838 842-843 (E.D.Pa. 2000).

The Defendants rely on the Bureau of Prisons Administrative Remedy Procedure in support of the argument that the Plaintiff has failed to exhaust his administrative remedies. "The Bureau of Prisons has established an Administrative Remedy Procedure through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter. This procedure applies to all inmates confined in Bureau of Prisons institutions...." 28 C.F.R. § 542.10. Inmates are to informally present their complaints to the staff and the staff is to attempt to resolve the matter. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate is then to execute the appropriate form to bring the matter to the attention of the warden. 28 C.F.R. § 542.14(b). The warden is then to respond to the inmate's complaint within fifteen (15) days. Id. at § 542.14. If an inmate is dissatisfied with the warden's response, he may then appeal to the Regional Director. Id. at § 542.15. If the response

3

of the Regional Director is not satisfactory, the inmate may then appeal to the Central Office of the Federal Bureau of Prisons, which office is the final administrative appeal in the Bureau of Prisons. *Id.*

The incident of which the Plaintiff complains occurred on September 25, 1999. (Doc. 1). The Plaintiff did not file an administrative remedy request until October 13, 2000. (Doc. 97, Declaration of Albert-Blosser, Paralegal Specialist at the United States Department of Justice, Federal Bureau of Prisons (BOP), Federal Correctional Complex, Allenwood, Pennsylvania, ¶ 8). At this time, the request was rejected as untimely as an inmate has twenty (20) days from the date of the complained of event to file an administrative remedy request. (Doc. 105, unnumbered p. 12). While the Plaintiff submits proof that he has, in fact, proceeded through each of the required administrative steps, he does not dispute that he failed to commence the process until over a year after the incident. Nor does he dispute that consideration of his requests was rejected at every level because they were untimely. (Doc. 105). The Plaintiff is therefore barred from proceeding in federal court as he has failed to exhaust his administrative remedies.

Based on the foregoing, it is respectfully recommended that the Defendants' motion be granted (**Doc. 91**) and that judgment be entered in favor of the Defendants and against the Plaintiff. It is further recommended that the motion for preliminary injunction (**Doc. 59**) be denied as moot.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: June 17, 2002

4

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CHARLES KENNEY, | : | CIVIL NO. **1:CV-00-2143** |
| Plaintiff | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| JAKE MENDEZ, Warden, et al., | : | |
| Defendants | : | |

FILED
SCRANTON
JUN 17 2002
PER _____
DEPUTY CLERK

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 17, 2002.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: June / 7, 2002

2