IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
    Plaintiff,

v.

JAKE MENDEZ, Warden, et al.,
    Defendants.

Case No. 1:CV-00-2143
Hon. Judge McClure, Jr.
    (Presiding)
(Magistrate Blewitt)

PRO SE PLAINTIFF'S OBJECTIONABLE RESPONSE PURSUANT TO TITLE 28 USC 636(b)(1)(B)

John Charles Kenney, plaintiff is a federal prisoner. While, he was confined at U.S. Penitentiary Allenwood ("Allenwood USP") on September 29, 1999. That defendants had "miscreantly" acted when all four-defendants chosen to "violently" beat Kenney about his noddle and facial areas with LARGE sharp metal keys. The resulting injuries were "numerous," where a small team of medics had to administer first aid on Kenney in order to cease the bleeding. (See Injury Exhibit-Attached to Kenney's complaint)(Doc. 1, exh. A)(reflecting). The injuries inflicted upon Kenney by the defendants sustain an <u>Eighth Amendment</u> claim.[1] Thus, these facts are "undisputed." Ultimately, Kenney had sought monetary compensation for the physical and emotional injuries that defendants inflicted upon him.

---

[1] The indisputable injuries inflicted upon Kenney sustain an <u>Eighth Amendment</u> claim. Cf. <u>Brooks v. Kyler</u>, 204 F.3d 102, at 109 (3rd Cir. 2000)(Becker, C. Justice).

## THE ULTIMATE RELIEF KENNEY SOUGHT WAS NOT AVAILABLE THROUGH THE ADMINISTRATIVE REMEDY PROCEDURES

Even if the ultimate relief sought is not available through the [prisons] administrative remedy procedures. A plaintiff-prisoner must [still] exhaust his administrative remedies "BEFORE" filing a federal lawsuit. See Booth v. Churner, 206 F.3d 289, 300 (3rd Cir. 2000). Although, futile Kenney still conducted this "laborious" task of exhaustion in order to satisfy the Amended Section of "the Act," pursuant to (PLRA) of Civil Rights of Institutionalized Persons Act, 7(a), 42 U.S.C.A. 1997e(a). Internally, Kenney was "emphatically" denied the monetary relief, he sought on "all" levels intraprison[2]. For the Court's consideration and defendants that, Kenney on "two" separate occasions have submitted completed exhaustion-packets during the course of this litigation. Once on September 24, 2001, and again on March 21, 2002. (See Docket-Entries)(reflecting submission of exhaustion-packets). Fourteen-days "AFTER" Kenney had received a finality response from the BOP. That on November 28, 2000, Kenney had instituted a Bivens suit. (See Compl., at p. 3)(reflecting). This cause of action was docketed by the Chief Deputy Clerk of this Court on December 12, 2000. (See Doc. 1). Meaning 28-days "AFTER" exhaustion this suit was filed.

---

[2]/

Note: It should be noted that Kenney had also filed two Administrative Tort Claims. (See Doc. 105).

2

## INTRODUCTION

This is an "objectionable response" pursuant to Title 28 USC 636(b)(1)(B). On June 20, 2002, Kenney had received a ("R-R") Report and Recommendation, dated June 17, 2002 from Magistrate T.M. Blewitt. In a premature attempt to quash this litigation that defendants had moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (See Doc 91). The defendants took this strategy over Kenney once they had realized he was having difficulty with discovery, that he was in isolation-segregation (having difficulty obtaining scribe materials, pens, writing-paper, envelopes, postage, copies, etc. And, especially when Kenney was denied appointment of counsel on Oct. 4, 2001, and again on Nov. 1, 2001, and finally on Jan. 31, 2002. Now the Court joins defendants on their motion in a summary judgment phase pursuant to Rule 56, ruling against Kenney. ("R-R"), at p. 1-4, dated 6/17/02. The Court grants defendants' judgment on the pleadings motion. (Doc. 91). Defendants and Magistrate Blewitt claim that, Kenney is "barred from proceeding in federal court as he has failed to exhaust his administrative remedies." ("R-R"), at p. 4. Kenney has carefully analyzed the ("R-R") and has discovered that Judge Blewitt has based his proposed findings upon an "erroneous" argument that defendants "mendaciously" formulated in their brief in support of their motion for judgment on the pleadings (Doc. 91), at p. 2, 3, and 4, dated March 4, 2002. Because, Kenney has discovered that the "entire" ("R-R") is incorrect that, he hereby files these timely objections to the ("R-R").

2

## PLAINTIFF'S SHORT AND CONCISE STATEMENT OF MATERIAL FACTS

1) Defendants on March 4, 2002, filed a Supporting Br. in support of a motion for judgment on the pleadings, dated Feb. 15, 2002, along with an exhibit in support. (Doc. 91). Defendants cited three cases contending that Kenney's suit shall be dismissed, because, he "untimely" filed exhaustion. Defs. Br., at p. 3-4 (Doc. 91);

2) On March 11, 2002, Kenney timely filed an opposition motion followed by a well written thorough twelve-page supporting brief, dated March 21, 2002, along with a "complete" exhaustion-packet submitted as an exhibit, supporting his brief and opposition motion;

3) On June 20, 2002, Kenney received an ("R & R") Report and Recommendation from Mag. Judge Blewitt, dated June 17, 2002. Hon. Judge Blewitt pursuant to Fed. R. Civ. P. Rule 56 granted defendants' judgment on the pleadings motion (Doc. 91) for the reasons discussed above, at para #1, *supra*;

4) In the following, Kenney articulates why, he is entitled to judgment in his favor. And why Judge Blewitt based his proposed findings upon erroneousness;

5) On "two" separate occasions, Kenney had submitted complete exhaustion-packets to the Court. (See Docket-Entries)(reflecting). Kenney satisfied exhaustion

### TIMELINESS OF GRIEVANCE APPEALS IS OF NO IMPORTANCE

6) Because, Kenney "had" exhausted his administrative remedies "BEFORE," he filed his <u>Bivens</u> in federal court. That, he had satisfied "the Act" pursuant to 7(a), 42 U.S.C.A. 1997E(a), as amended. See <u>Miller v. Tanner</u>, 196 F.3d 1190, 1194 (11th Cir. 1999) (finding timing of grievance appeal on institution level is of no importance). According to <u>Miller</u>, <u>supra</u>, 196 F.3d at 1194. That, defendants' timeliness argument is "unavailing." Therefore, Judge Blewitt was in "error" for finding in favor of defendants regarding an untimely grievance appeal. (See "R-R," at p. 4); see also (Doc. 105);

### DISMISSAL IS FORBIDDEN REVERSAL IS REQUIRED

7) Lastly, according to recent precedent from this Court in <u>Ray v. Kertes</u>, 285 F.3d 287, 297-98 (3rd Cir. 2002). Honorable Justice <u>SLOVITER</u> held that, "In addition to holding that failure to exhaust ... we find that the District Court erred in dismissing the complaint...." Id., at 295. Additionally, Kenney is not required to "demonstrate compliance with the exhaustion requirement." <u>Ray</u>, 285 F.3d at 297.

### CONCLUSION

Based upon the seven-enumerated material factors herein, coupled with two authorities in support compels the conclusion that summary judgment in favor of the defendants was "inappropriate." That, as a matter of law Kenney is entitled to reversal in his favor.

Respectfully submitted,

Dated: 6/25/02

Kenney #05238-041

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,
    Plaintiff,

V.

JAKE MENDEZ, Warden, et al.,
    Defendants.

Case No. 1:CV-00-2143
Hon. Judge McClure, Jr.,
(Presiding)
(Magistrate T.M. Blewitt)

Pro se Plaintiff's Objectionable Response Pursuant To Title 28 USC 636(b)(1)(B)

### CERTIFICATE OF SERVICE

AND NOW comes John Charles Kenney, Pro se Plaintiff, certifies that a true carbon-copy of the foregoing "Objectionable Response Pursuant To Title 28 USC 636(b)(1)(B)" has been served upon defendants' representative below on this Tuesday, June 25, 2002, by first class mail, postage pre-paid.

    The Honorable Terz
    U.S. Attorney's Office
    Federal Building, Ste. 316
    U.S. District Courthouse
    240 West Third Street
    Williamsport PA 17701-6465

                      John Charles Kenney
                      #05238-041
                      John Charles Kenney