August 15, 2002

Dear, Ms. M.E. D'Andrea:        ("The Chief Deputy Clerk")

RE: John Charles Kenney v. Jake Mendez, Warden, et. al.
In re: Plaintiff's Submission Of Documents & Inquiry

Please let me briefly introduce myself my name is John C. Kenney, Register No. 05238-041. I am solely acting pro se in the instant civil action, at No. **1:CV-00-2143**. Initially, this case had been assigned to Honorable Judge T.M. Blewitt (Scranton, Pa.), excluding my consent. However, on June 17, 2002, Hon. Blewitt had issued a Report and Recommendation ("R & R"). Which I had received on 7/20/02. Hon. Blewitt granted summary judgment in favor of the defendants over my well written objections. (I filed written objections on 7/25/02, followed by a supplemental brief on 7/26/02). Defendants replied to my objections on July 3, 2002. Then on July 9, 2002, I responded. **(See Enclosure Pro Se Response)(reflecting)**. The Inquiry Is: Is that, I am proceeding pro se. Meaning no one is providing me with procedural guidance. Therefore, I have no inkling of what to do from this point on. On 7/9/2002, I had responded to defendants' Reply, thus I also moved for "Reconsideration." But the Magistrate Court has not, yet responded to me. As a result, I do not know what to do next. So, I hereby submit you (the Court) this copy of my 7/9/02 "Reply Resonse" & "Reconsideration." I also ask this Honorable Court how shall I proceed from this point? Questions: "Do I wait on a response from the Magistrate?" "Or, do I continue filing?" I ask these question, because I do not know how to procced from this point. Also I wish to file an Amended Complaint in order to cure some discrepancies in pleading. Plaintiff ask such questions in order to proceed on in this meritorious case.

Respectfully submitted and requested,

*/s/ Kenney*

cc: jck

JOHN CHARLES KENNEY/ACTING PRO SE
Register No. 05238-041
USP-Pollock
P.O. Box 2099
Pollock, LA 71467-2099

Dated: 8/15/02

FILED
WILLIAMSPORT, PA
AUG 19 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CHARLES KENNEY,<br>　　　Plaintiff, | : Civil Action No. 1:CV-00-2143<br>: Honorable Judge McClure, Jr.<br>: 　　　(Presiding) |
| v. | : |
| JAKE MENDEZ;<br>JESUS "JESSE" GONZALES;<br>JAMES "JIMMY" SCARBOROUGH; and<br>KELLY M. KEISER,<br>　　　Defendants. | :<br>: (Magistrate Judge T.M. Blewitt) |

RECEIVED
FILED
WILLIAMSPORT, PA
AUG 19 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## PRO SE PLAINTIFF'S REPLY RESPONSE TO DEFENDANTS' OPPOSITION OF HIS OBJECTIONABLE RESPONSE PURSUANT TO 28 U.S.C. 636(b)(1)(B)

PLAINTIFF-John Charles Kenney, acting pro se in the above captioned civil action hereby "timely" files the instant "REPLY" to defendants' opposition of his Objectionable Response to the Magistrate's Report and Recommendation ("R & R"), dated June 17, 2002. Kenney had "timely" filed objections to the ("R & R") on June 25, 2002, followed by supporting supplemental authorities on June 26, 2002. Today, July 8, 2002, Kenney had received an opposition from the defendants, opposing his objections to the ("R & R"). As a result, Kenney hereby affirmatively responds to defendants' opposition, dated July 3, 2002. Kenney also moves for "RECONSIDERATION."

### FACTUAL BACKGROUND GOVERNING THIS RESPONSE

That on June 20, 2002, Kenney had received a Report and Recommendation ("R & R"), dated June 17, 2002 from Hon. Magistrate Judge Blewitt. Unfortunately, for Kenney Judge Blewitt had entered judgment in favor of defendants regarding exhaustion requirement pursuant to Prison Litigation Reform Act (PLRA) (hereinafter "the

Act"), §7(a), 42 U.S.C.A. § 1997e(a), as amended. Of course, Kenney "timely" filed written-objections pursuant to 28 U.S.C. 636(b)(1)-(B) on June 25, 2002. Then, on June 26, 2002, Kenney had submitted supplemental authorities (copies of two cases), "fully" supporting his Objectionable Response of 6/25/02.

### RECONSIDERATION/REPLY

In this "reconsideration" spirit, Kenney essentially relies upon facts incorporated by reference in the record, relevant supervening (Third Circuit Court precedent), and authorities, all from this Honorable Court. The forecasted facts reveal that defendants decry that Kenney's administrative grievance appeals were "untimely" (intraprison levels), before he filed his law-suit. (See Defs.' Br.) (Doc. 91, at p. 3-4); see also ("R & R," at p. 4, dated 6/17/02). However, Hon. Judge Blewitt does not dispute that Kenney has, indeed, proceeded through each of the required administrative steps, as required. (See "R & R," p. 4). For the reasons below, Kenney has discovered that he is entitled to judgment in his favor, and that the Magistrate has made a "clear error," thus contrary to law.

First, Kenney does not even have to demonstrate that he has exhausted his administrative remedies. Ray v. Kertes, 285 F.3d 287, 297-98 (3rd Cir. 2002). That is the defendants' burden; Secondly, relevant caselaw from this court dictates that the evidence relied upon by the defendants regarding grievance appeal rejections is "insufficient evidence." Santiago v. Fields, 170 F.Supp.2d 453, 458 (D.Del. 2001); and Pearson v. Vaughn, 102 F.Supp.2d 282, 288 n. 13 (E.D.Pa. 2001)(holding "no time limit exist when a response to a

grievance will be in the form of a grievance rejection."); see also Thomas v. Zinkel, 155 F.3d 408, 413 (E.D.Pa. 2001)(finding that "plaintiff has substantially complied with the administrative remedy scheme [he] appealed the denials of the grievance at the second and third staged of the administrative scheme. Prison Defendants do not dispute that PLaintiff properly exhausted his administrative remedies for the claim in this grievance . . ."). Oddly, defendants rely on Ahmed v. Sromovski, 103 F.Supp.2d 838, 843 (E.D.Pa. 200). Ahmed specifically dealt with an inmate-plaintiff, whom filed his suit in federal court, "before" completing exhaustion of his administrative remedies. Id. at 844. Accordingly, Ahmed is "WHOLLY" inapposite to the case at bar, because Kenney had "fully" exhausted his administrative remedies 28-days BEFORE he filed his federal law-suit. (See Kenney's written objections to the Magistrate's Report)(Kenney's written objections at p. 2, dated 6/25/02 reflect the 28-days before he filed his suit). Therefore, defendants cannot rely on Ahmed, as it is wholly inapposite. Therefore, the Magistrate committed "clear error" for relying on defendants "erroneous" exhaustion argument. As a result, Kenney respectfully moves for "reconsideration."

## THE PRO SE REPLY

Defendants in their Opposing Brief again rely on Ahmed. (See Defs! Opposition at p. 2, dtated July 3, 2002). Because, Ahmed is wholly inapposite to this litigation. That, Kenney turns directly on point which governs the present rejection-of-inmate-prison-grievance appeals. For this proposition Kenney chiefly relies upon Santiago v. Fields, supra. Santiago's "grievance was rejected as untimely and [Santiago] has not appealed the rejection." Santiago. Id. at 457.

The <u>Santiago</u> Court found that:

> "In the case at bar, plaintiff pursued his administrative remedies by filing a grievance form. Although plaintiff allegedly failed to appeal the rejection of his grievance form, the court finds that defendants have presented insufficient evidence to suggest that plaintiff was adequately notified of the rejection and his obligation to appeal it so as to preserve his right to sue. Thus, the court determines that plaintiff has exhausted his administrative remedied."

<u>Santiago v. Fields</u>, <u>supra</u>, 170 F.Supp.2d at 458 (emphasis added).

Kenney also relies upon <u>Pearson</u>, which adopted the reasoning of <u>Miller v. Tanner</u>, 196 F.3d 1190, 1194 (11th Cir. 1999). <u>Miller</u> also was rejected appeals of his grievances. Yet, the Honorable Eleventh Circuit expressly resolved this issue by concluding that <u>Miller</u> had "substantially complied with the grievance procedure." <u>Miller. Id. at 1194.</u> Note: (Miller was one of the supplemental cases he had submitted in support of his Objectionable Response.). Kenney had also filed this suit within the "two-year" time period under Pennsylvania law. (See <u>Chatterjee v. Dist. Of Philadelphia</u>, 170 F.Supp.2d 509, 520 (E.D.Pa. 2001)(claimants in Pennsylvania has two-years to file a federal lawsuit, or Tort for personal injury.). Certainly, Kenney is well within the parameters of the two-year time limitations period. Kenney filed his suit on December 12, 2000. The incident occurred on September 29, 1999. Based upon <u>Ray</u>, <u>Santiago</u>, <u>Person</u>, and <u>Miller</u>, <u>supra</u>., mandates reversal in Kenney's favor, thus the Magistrate has committed "clear error." That this error needs to be corrected. Kenney moves for that correction, which happens to be in his favor.

## CONCLUSION

For all the reasons stated herein, this Honorable Court should

reverse its June 17, 2002 Report & Recommendation in Kenney's favor, because of "clear error."

Respectfully submitted,

*[signature]*

John Charles Kenney, pro se
Register No. 05238-041
USP-Pollock
P.O. Box 2099
Pollock LA 71467-2099

Date: July 9, 2002

5

In light of the substantial merit this case possesses. That, Kenney again request the Court to appoint him counsel as in <u>Santiago v. Fields</u>, 170 F.Supp.2d 453, 460 (D.Del. 2001)(concluding "plaintiff's motion for representation by counsel . . . is granted. The court will direct the Clerk of Court to refer representation of plaintiff to a member of the Federal Civil Panel."). Kenney requires representation to assist him with trial preparation and discovery.

Respectfully submitted,

*/s/ Kenney*

Dated: 7/9/02

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JOHN CHARLES KENNEY,            :   Civil Action No. 1:CV-00-2143
        Plaintiff,              :   Honorable Judge McClure, Jr.
                                :        (Presiding)
v.                              :
                                :
JAKE MENDEZ;                    :   (Magistrate Judge T.M. Blwitt)
JESUS "JESSE" GONZALES;         :
JAMES "JIMMY" SCARBOROUGH; and  :
KELLEY M. KEISER,               :   "Pro Se Plaintiff's Reply
        Defendants.             :    Response To Defendants'
                                :    Opposition Of His Objectionable
                                :    Response Pursuant To 28 U.S.C.
                                :        636(b)(1)(B)."
                                :

## CERTIFICATE OF SERVICE

AND NOW comes John Charles Kenney, pro se plaintiff, certifies that a true copy of the foregoing "Pro Se Plaintiff's Reply Response To Defendants' Opposition Of His Objectionable Response Pursuant To 28 U.S.C. 636(b)(1)(B)" has been served upon the defendants' representative below on this beautiful southern Tuesday morning July 9, 2002, by first class, postage pre-paid.

           c/o The Honorable Terz
               U.S. Attorney's Office
               Federal Building, Ste. 316
               U.S. District Courthouse
               240 West Third Street
               Williamsport PA 17701-6465

                                    _____
                                    John Charles Kenney, pro se
                                    Register No. 05238-041