IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY, :
: 
      Plaintiff, :
: No. 1:CV-00-2143
v. : (Judge Jones)
:
JAKE MENDEZ, Warden, et al., :
:
      Defendants :

ORDER

September 5, 2002

**BACKGROUND**:

    On December 12, 2000, Plaintiff John Charles Kenney, an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania, filed a *Bivens* action pursuant to 28 U.S.C. §1331. Plaintiff alleges that he was assaulted by USP staff members on September 29, 1999.

    On October 25, 2001, Plaintiff filed a motion for a preliminary injunction, and on February 15, 2002, Defendants filed a motion for judgment on the pleadings. On June 17, 2002, United States Magistrate Judge Thomas M. Blewitt submitted a report and recommendation, converting Defendants' motion for judgment on the pleadings into a motion for summary judgment.

    Magistrate Judge Blewitt recommends that we grant Defendants' motion for summary judgment. According to the Magistrate Judge, because Plaintiff failed to exhaust his available administrative remedies, he may not proceed with his action in federal court. More specifically, although Plaintiff

proceeded through required administrative steps, his failure to file his administrative remedy request within the statutorily prescribed period bars Plaintiff from proceeding with his claim.

Plaintiff raises several objections to the report and recommendation. First, Plaintiff emphasizes that it is not his burden to demonstrate that he has exhausted his administrative remedies in order to proceed with his claim in federal court. Second, Plaintiff argues that his claim against Defendants is for personal injury, and that therefore the relevant statute of limitations period to be applied is that of two years.

For the reasons outlined below, we will overrule Plaintiff's objections, adopt the report and recommendation, and grant Defendants' motion for summary judgment.

**DISCUSSION:**

### I.   REPORT AND RECOMMENDATION

A district court is required to review de novo those portions of a magistrate judge's report to which objections are made. See Carpet Group Int'l. v. Oriental Rug Importers Assoc., Inc., 227 F.3d 62, 71 no. 6 (3d Cir. 2000); 28 U.S.C.§636(b)(1). When no objections are made, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised

by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

## II. FACTUAL AND PROCEDURAL HISTORY

On December 12, 2000, Plaintiff initiated this *Bivens* action for injuries allegedly inflicted upon him by staff members of USP Allenwood on September 29, 1999. In his Complaint, Plaintiff requests a total of $8 million in compensatory damages for his physical and emotional injuries.

On October 25, 2001, Plaintiff filed a motion for a preliminary injunction seeking a transfer from a segregated prison unit to the general prison population. On February 15, 2002, Defendants filed a motion for judgment on the pleadings.

According to the requirements of Fed.R.Civ.P.12(c),[1] Magistrate Judge Blewitt, in his Report and Recommendation[2], considered Defendants' motion as a motion for summary judgment.

The Magistrate Judge concludes that summary judgment should be granted in favor of Defendants. First, he notes that

---

[1] The rule states that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56..." In this case, the parties have referred to matters outside of the pleadings.

[2] Magistrate Judge Blewitt's Report and Recommendation was issued on June 17, 2002.

-3-

Plaintiff-inmates must exhaust their administrative remedies prior to commencing a lawsuit in federal court. Second, the Magistrate Judge finds that Plaintiff neglected to file an administrative remedy request within the statutorily prescribed period.[3] Next, Magistrate Judge Blewitt notes that Plaintiff does not dispute that his first administrative remedy request was filed more than a year after the alleged attack, or that his administrative remedy requests were consistently rejected as untimely. Magistrate Judge Blewitt then concludes that because Plaintiff failed to exhaust his administrative remedies, he may not proceed in federal court. Finally, the Magistrate Judge recommends that we grant Defendants' motion and enter judgment in favor of the Defendants, and that we deny Plaintiff's motion for a preliminary injunction as moot.

### III.  ANALYSIS

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of

---

[3] 28 C.F.R. §542.14(a) mandates that an inmate file a request for an administrative remedy within 20 days of the event complained of.

showing "there is no genuine issue for trial." Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

Rule 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986).

It is important to note that "the non-moving party cannot

rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted). However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "As to materiality, the substantive law will identify which facts are material." Id. at 248. Furthermore, a dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), directs that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."

Magistrate Judge Blewitt describes the relevant Bureau of Prisons Administrative Remedy Procedure in his Report and Recommendation at page 3. Of particular importance in the case at bar is a provision requiring that prisoners submit an administrative remedy request within twenty (20) days of the event which is the basis for the request. 28 C.F.R. §542.14(a).

Both Plaintiff and Defendants agree that the alleged attack upon Plaintiff took place on September 25, 1999 (Doc. 1). Plaintiff's administrative remedy request was filed on October 13, 2000. (Doc. 97), more than a year after the alleged attack, well outside the twenty (20) day requirement. Because Plaintiff did not comply with the Bureau of Prisons Administrative Remedy Procedure his administrative remedy request was correctly rejected as untimely. We therefore agree with Magistrate Judge Blewitt that Plaintiff's failure to timely exercise his administrative remedies is tantamount to a failure to exhaust those administrative remedies prior to commencing this suit in federal court. We therefore find that summary judgment in favor of Defendants was properly granted by the Magistrate Judge.

Plaintiff's objections to the report and recommendation are bereft of any persuasive arguments or case law excusing his failure to exhaust his administrative remedies. In essence, Plaintiff argues that the statute of limitations on a personal

injury claim rather than the Bureau of Prisons submission deadlines should be controlling. Plaintiff's assertion on this point is flatly incorrect. This is a *Bivens* action and as stated by Magistrate Judge Blewitt, Plaintiff must exhaust his administrative remedies "even if the ultimate relief sought is not available through the administrative remedy procedure." Report at 3. Accordingly, Plaintiff's suggestion that the statute of limitations on a personal injury claim controls ignores his failure to come even close to meeting the threshold administrative time deadlines in this case.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The report and recommendation of the Magistrate Judge (Rec. Doc. No. 117) is adopted in its entirety as the holding of the court.

2. Defendants' motion for summary judgement is granted.

3. Plaintiff's motion for a preliminary injunction is denied as moot.

4. Plaintiff's objections are overruled.

5. The clerk is directed to close the case file.

John E. Jones III
United States District Judge