CPS-243                                    UNREPORTED-NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 02-3686
_____

JOHN CHARLES KENNEY,

Appellant

v.

JAKE MENDEZ, Warden; JESUS "JESSE" GONZALEZ;
JAMES "JIMMY" SCARBOROUGH; KELLY M. KEISER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-02143)
District Judge: Honorable John E. Jones, III.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 19, 2003

Before: NYGAARD, FUENTES AND GREENBERG, CIRCUIT JUDGES

(Filed : July 16, 2003)

_____

OPINION
_____

PER CURIAM

Appellant, John Charles Kenney, appeals from the District Court's order granting

summary judgment in favor of the defendants in this civil rights action.  Upon consideration of the record on appeal, we conclude that the District Court properly granted summary judgment.  Therefore, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Kenney filed a <u>Bivens</u>[1] action pursuant to 28 U.S.C. § 1331 against four USP Allenwood staff members: Jake Mendez, Warden; Jesse Gonzalez, former Unit Manager; Kelly Keiser, Case Manager; and James Scarborough, former Correctional Officer.  Kenney dated the complaint November 28, 2000.  Within the complaint, Kenney alleged that, on September 29, 1999, defendant Gonzalez attacked appellant without provocation; defendant Scarborough assisted defendant Gonzalez; and defendant Keiser failed to protect appellant as the attack went on.  Kenny does not assert any specific allegations actions by defendant Mendez.  He seeks compensatory and punitive damages totaling 8 million dollars.

Defendants responded to Kenney's complaint with a motion for summary judgment, asserting that Kenny had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), and that defendant Mendez is not personally liable in a <u>Bivens</u> action under the doctrine of respondeat superior.  After receiving Kenney's response, as well as the defendants' reply, the Magistrate Judge recommended that summary judgment be granted for the defendants based on Kenney's failure to exhaust administrative remedies.  Over Kenney's objections, the District Court adopted the Report

---

[1] <u>Biven v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

and Recommendation (R&R) and granted summary judgment to the defendants. Kenney appeals that decision. We review de novo the District Court's grant of summary judgment. Bradley v. United States, 299 F.3d 197, 200 (3d Cir. 2002).

Section 1997e(a) of the Prison Litigation Reform Act of 1996 ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). To satisfy this requirement, a prisoner must exhaust all available administrative remedies prior to filing suit. Ahmed v. Dragovich, 297 F.3d 201, 209 n.9 (3d Cir. 2002). Appellant's complaint fits squarely within the dictates of § 1997e(a).

Kenney does not challenge the application of the exhaustion requirement to his complaint. Kenney does dispute the appellees' assertion, and the District Court's conclusion, that he failed to follow the proper procedures in exhausting his claim, because he states that he submitted forms to each required grievance level prior to initiating suit. However, he concedes that he did not do so until a year after the incident, even though the time period set forth in the administrative remedy procedure for filing a request is twenty days. In his "Grievance Packet," Kenney wrote at the second level of administrative

appeals that he "was never informed" of the time limitations for proper appeals. Unfortunately, the twenty-nine (29) other administrative appeals Kenney has filed since 1995 evidence that Kenney was familiar with this process by the year 2000. This is not a case where the affirmative actions of the prison precluded Kenney from filing a timely grievance, rendering the procedure unavailable. Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002); see also Pozo v. McCaughtry, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Accordingly, the District Court correctly concluded that Kenney's submitting untimely responses at each level of review prior to filing a federal claim does not constitute exhaustion.

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Kenney's motion for appointment of counsel is denied. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).